# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

Plaintiff,

vs. Case No. 15-mj-175-FHM

Harold R Stanley,

Defendant.

## ORDER SETTING CONDITIONS OF RELEASE

**IT IS ORDERED** that Defendant's release is subject to the following conditions:

(1) Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) Defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) Defendant shall appear at all proceedings as required and shall surrender as directed for service of any sentence imposed. Defendant shall next appear at (if blank, you will be notified):

Place:
On: at
Before:

(4) The Defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

## RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

**IT IS FURTHER ORDERED** that the Defendant be released provided that:

(X) (4) Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X) (5) Defendant executes a Unsecured bond binding Defendant to pay the United States the sum of n/a ($-0-; PR Bond) in the event of a failure to appear as required, or to surrender as directed for service of any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure Defendant's appearance and the safety of other persons in the community, it is **FURTHER ORDERED** that Defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
Name:
Address:
,
Phone:

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: ______________________
Custodian or Proxy

(X) (7) **DEFENDANT WILL:**

(X) (a) report as directed by the U.S. Probation Office.

( ) (b) abide by the following travel restrictions: Travel is restricted to the Northern District of Oklahoma unless permission to travel outside that district is granted in advance from the U.S. Probation Office.
( ) to include:

( ) (c) allow the U.S. Probation Officer to visit the home, place of work, or any place deemed necessary to ensure the conditions of release are not violated.

( ) (d) successfully participate in a program of testing and treatment (to include inpatient if necessary) for drug and alcohol abuse, as directed by the U.S. Probation Office. If a positive urinalysis occurs while on pretrial release, Defendant shall immediately surrender his/her driver's license to the U.S. Probation Office and Defendant shall not drive until reinstatement is ordered by a judicial officer.

( ) (e) no alcohol use.

( ) (f) not use or unlawfully possess a narcotic drug and other controlled substances unless prescribed by a medical practitioner.

( ) (g) at the discretion of the U.S. Probation Office, successfully participate in a program of medical and/or mental health treatment (to include inpatient if necessary).

(X) (h) surrender any passport within (3) three working days and obtain no new passport.

( ) (i) not possess a firearm, destructive device, or other dangerous weapon.

( ) (j) successfully participate in the Home Confinement Program to include electronic monitoring. The entire cost of the program will be paid by the Defendant/U.S. Probation Office. Defendant may be removed from electronic monitoring, and be required to successfully participate in an inpatient substance abuse treatment program, at the discretion of the U.S. Probation Office. Upon completion, Defendant will be placed back on the Home Confinement Program.

( ) (k) avoid contact with the following named persons:
______________________

( ) (l) maintain or actively seek employment.

( ) (m) advise any possible third parties who may be at risk because of your past criminal conviction(s) and/or the charged offense.

( ) (n) abide by the current conditions of supervision.

( ) (o) execute a bond or an agreement to forfeit, upon failing to appear as required, the following sum of money or designated property:

______________________________________

( ) (p) **FINANCIAL CONDITIONS:**

( ) (1) disclose any and all financial information and business records, to include execution of a Release of Financial Information form, as requested by the U.S. Probation Officer.

( ) (2) not work directly or indirectly in any business, profession, or self-employment engaged in the offer, sale, purchase, trade, brokering, solicitation, or similar transaction of any real property, security or negotiable instrument, or the acquisition of any loan or appropriation or liquidation of any asset for another person or business.

( ) (3) Not engage in telemarketing activities, to include any telephone sales or a solicitation-related business, campaign, venture, or transaction.

( ) (4) not make application for any loan or enter into any new credit arrangement, without first consulting the U.S. Probation Office.

( ) (5) not transfer, sell, give away, or otherwise convey any asset, without first consulting the U.S. Probation Office.

( ) (6) not engage in any form of employment which would allow access to financial information, to include the following: personal identifiers, credit accounts, bank accounts of any individual, business, or other entity.

( ) (q) **SPECIAL SEX OFFENDER CONDITIONS:**

( ) (1) register as a sex offender in accordance with state law in the county of residence and provide verification to the U.S. Probation Office.

( ) (2) participate in sex offender and/or mental health treatment as directed by the U.S. Probation Office, including submission to risk assessment and psychological testing. Assessment and treatment are to be conducted by a therapist approved in advance by the U.S. Probation Office.

( ) (3) have no contact with children under the age of eighteen (18) without prior written permission of the U.S. Probation Office. Any unauthorized contact will be reported to the U.S. Probation office immediately.

( ) (4) not engage in any occupation, business, or profession where you have access to children under the age of eighteen (18), unless written approval is received in advance by the U.S. Probation Office.

( ) (5) not loiter within one-hundred (100) feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of eighteen (18).

( ) (6) not possess sexually stimulating or sexually oriented material as deemed inappropriate by the U.S. Probation Office, or patronize any place where such material and entertainment is available.

( ) (7) not enter the premises or loiter near where the victim resides, is employed, or frequents, except under circumstances approved in advance by the U.S. Probation Office.

( ) (8) not subscribe to or use any Internet services. Any existing Internet services shall be terminated immediately and documentation provided within two weeks. Phone bills and service agreements shall be provided upon request of the U.S. Probation Office.

( ) (r) **SPECIAL COMPUTER RESTRICTION AND MONITORING CONDITIONS:**

( ) (1) The defendant shall disclose all e-mail accounts, Internet connections and Internet connection devices, including screen names and passwords, to the U.S. Probation Officer. The defendant shall immediately advise the U.S. Probation Officer of any changes in his or her e-mail accounts connections, devises, or password.

( ) (2) If instructed by the U.S. Probation Officer, the defendant shall refrain from using e-mail, an internet connection, or an Internet connection device. The U.S. Probation

Officer shall have authority to monitor all computer activity, to include all e-mail or Internet connections, to include but not limited to installation of remote computer monitoring software. Unless waived by the U.S. Probation Officer, the cost of the remote computer monitoring software shall be paid by the defendant.

( ) (3) The defendant shall not access any on-line service using an alias, or access any on-line service using the Internet account, name, or designation of another person or entity. The defendant will report immediately to the U.S. Probation Officer access to any Internet site containing prohibited material.

( ) (4) The defendant is prohibited from altering or using any form of encryption, cryptography, stenography, compression, password-protected files or other methods that limit access to, or change the appearance of data and/or images.

( ) (5) The defendant is prohibited from altering or destroying records of computer use, including the use of computer software or functions designed to alter, clean or "wipe" computer media, block computer monitoring software, or restore a computer to a previous state.

( ) (6) If instructed, the defendant shall provide all personal and business telephone phone records and all credit card statements to the U.S. Probation Officer.

( ) (s) You are prohibited from engaging, directly or indirectly, in any form of gambling or game of chance. You shall not loiter about or enter any dwelling or enterprise whose principal business purpose is gambling or the offering of games of chance. You shall, at the discretion of the U.S. Probation Officer, successfully participate in a program of mental health treatment, to include but not limited to a program for the treatment of gambling addiction.

( ) (t) **OTHER:**

## ADVISE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for Defendant's arrest, a revocation of release, an order of detention as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment or a fine. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. § 1503 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to intimidate or attempt to intimidate a witness, juror or officer of the court. 18 U.S.C. § 1510 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to obstruct a criminal investigation. 18 U.S.C. §1512 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to tamper with a witness, victim or informant. 18 U.S.C. § 1513 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to retaliate against a witness, victim or informant, or threaten or attempt to do so. It is a criminal offense under 18 U.S.C. § 3146, if after having been released, Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If Defendant is released in connection with a charge of, or while awaiting sentencing, surrender for the service of a sentence, or appeal or *certiorari* after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, Defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, Defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, Defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, Defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Harold R Stanley
Tulsa, OK

## DIRECTIONS TO UNITED STATES MARSHAL

(X) Defendant is **ORDERED** released after processing.

( ) The United States Marshal is **ORDERED** to keep Defendant in custody until notified by the clerk or a judicial officer that Defendant has posted bond and/or complied with all other conditions for release. Defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: September 15, 2015

Frank H. McCarthy
United States Magistrate Judge