IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v. Case No. 15-00271-01-CR-W-HFS

HAROLD R. STANLEY

AUSA: Paul S. Becker
Defense Atty.: Ronna Holloman-Hughes, FPD
Patrick J. O'Connor potential CJA counsel

| | | | |
|---|---|---|---|
| JUDGE: | **Sarah W. Hays**<br>U. S. Magistrate Judge | DATE/TIME: | **10/13/2015**<br>11:25am-11:50am |
| DEPUTY CLERK | Traci Chorny | TAPE/REPORTER | FTR/tc |
| INTERPRETER | | PRETRIAL/PROB: | Nick P. Zych |

# Clerk's Minutes

## STATUS CONFERENCE

All parties appear in person and ready to proceed. The Court first recited the background of the case: Defendant first appeared in the Northern District of Oklahoma and sought court appointed counsel. Accordingly, this Court appointed the Federal Public Defender as counsel for Mr. Stanley. However, after reviewing Mr. Stanley's income information, the Court concluded that Mr. Stanley did not qualify for representation by the Federal Public Defender's Office. The Court encouraged Mr. Stanley to retain counsel. However, in the event Mr. Stanley was not able to retain counsel, the Court had indicated it would appoint a member of the Court's CJA panel, Mr. P.J. O'Connor, to represent the defendant with the requirement that defendant make some payment into the CJA fund based upon his ability to pay.

With that background reviewed, Defendant was asked how he intended to proceed. Mr. Stanley advised that he wanted to represent himself. Further inquiry was made as to defendant's familiarity with the various rules and procedure he would be expected to comply with if he were to represent himself. Defendant also advised it would be difficult for a non-lawyer to effectively represent himself and was encouraged to proceed with counsel. Defendant was offered a recess so he could confer with Ms. Holloman-Hughes, counsel originally appointed, or Mr. O'Connor, whom the Court planned to appoint if Mr. Stanley requested to continue with court appointed counsel. Defendant declined an opportunity to confer further with either counsel and reaffirmed his intent to represent himself. The Court found defendant had knowingly waived his right to counsel and excused both Ms. Holloman-Hughes and Mr. O'Connor.

The Court and the parties then discussed the necessity of a continuance if Mr. Stanley wanted the Court to consider his three pending motions as the government's response were not due until October 26, 2015, the first day of the October trial docket on which the case was set. The

government also outlined the types and volume of discovery available for review. Mr. Stanley asked that the case be continued from the October trial setting to January 4, 2016. Defendant given until November 4, 2015 to file any additional pretrial motions, and the government given 14 days thereafter to respond.