**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS CHARGES AND EXCLUDE EVIDENCE EXCEEDING PERIODS OF LIMITATIONS**

The United States of America files this response in opposition to the defendant's Motion to Dismiss the Charges and Exclude Evidence Exceeding Periods of Limitations. (Doc. 13.) The defendant claims that the Indictment exceeds the period of limitations and "precludes prosecution for some alleged offenses prior to August 25, 2012 and for any alleged offense prior to August 25, 2009." It is the Government's position that this motion should be denied because the defendant's last action in evading his tax obligations occurred within the six-year period of limitations.

## I. PROCEDURAL SUMMARY AND INDICTMENT

On August 25, 2015, the Grand Jury returned a two-count Indictment charging defendant Harold R. Stanley with one count of tax evasion, in violation of 26 U.S.C. § 7201, and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). The two counts of the Indictment provide, in pertinent part, that:

**COUNT ONE**

From on or about 2005, up to and including October 29, 2012, in the Western District of Missouri and elsewhere, Harold R. Stanley, a resident of Peculiar, Missouri, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2005 through 2009 by:

a. submitting fake money orders for payment to the Internal Revenue Service;

b. returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value"; and

c. filling out payment vouchers with his name in all capital letters but not submitting payment.

**COUNT TWO**

Beginning on or about 2005 and continuing thereafter up to and including 2013, in the Western District of Missouri and elsewhere, Harold R. Stanley did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by:

a. submitting fake money orders for payment to the Internal Revenue Service;

b. returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value";

c. filling out payment vouchers with his name in all capital letters but not submitting payment; and

d. submitting a false criminal referral to the Internal Revenue Service - Criminal Investigation Division in Fresno, California.

On September 15, 2015, defendant Stanley was arrested and made his first appearance in the United States District Court for the Northern District of Oklahoma. The defendant was released on a personal recognizance bond.

On September 22, 2015, the defendant was arraigned on the Indictment in the Western District of Missouri. On October 9, 2015, the defendant filed three *pro se* motions to dismiss the Indictment. On October 13, 2015, a hearing was held before the magistrate judge and the defendant stated he would represent himself in this matter. Thereafter, upon a motion by the defendant, the trial of this case was continued until January 4, 2016.

## II. THE DEFENDANT'S ACTS OF EVASION AND IMPEDING THE INTERNAL REVENUE SERVICE OCCURED WITHIN THE SIX-YEAR PERIOD OF LIMITATIONS

The statute of limitations for Sections 7201and 7212(a) charges is six years. 26 U.S.C. §§ 6531(2) and (6). The general rule is that the limitations period begins to run from the latter of the due date of the tax return, or the last affirmative act constituting an attempt to evade or impede. *See United States v. Perry*, 714 F.3d 570, 573 (8th Cir. 2013); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997); and *United States v. Ayers*, 673 F.2d 728, 729-30 (4th Cir. 1982). In *Perry,* the Court set forth this summary of the statute of limitations issue in tax cases:

> Tax evasion is defined in § 7201 as willfully attempting "in any manner to evade or defeat any tax imposed by this title or the payment thereof." The elements of this felony offense "are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351, 85 S. Ct. 1004, 13 L.Ed.2d 882 (1965) (citations omitted). "[A]ny conduct, the likely effect of which would be to mislead or to conceal for tax evasion purposes, can constitute an affirmative act of evasion." *United States v. Schoppert*, 362 F.3d 451, 460 (8th Cir.) (quotations omitted), *cert. denied*, 543 U.S. 911, 125 S. Ct. 234, 160 L.Ed.2d 191 (2004); *see United States v. Silkman*, 156 F.3d 833, 835 (8th Cir.1998). Prosecution of this offense is subject to the six-year statute of limitations in 26 U.S.C. § 6531(2).

*Perry*, 714 F.3d at 573.

In this case, the charge in Count One of the Indictment alleges conduct by defendant Stanley from 2005 up to and including October 29, 2012. The charge in Count Two alleges

conduct that occurred from 2005 up to and including 2013. With respect to the 2005, 2007, 2008, and 2009 tax years, the last affirmative act took place on October 29, 2012, when Stanley mailed a packet of payment vouchers with "Accepted for Value" scrawled on them, and mock money orders. Thus, the six-year statute of limitations for these years expires on October 29, 2018. With respect to the 2006 tax year, the last affirmative act took place on November 23, 2009, when Stanley submitted fake money orders and payment vouchers with "Accepted for Value" scrawled on them. Thus, the earliest such limitations expires on November 23, 2015.

In general, a criminal statute of limitations begins to run "when each element of that offense has occurred." *United States v. Bennett*, 765 F.3d 887, 893 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1463, 191 L. Ed. 2d 410 (2015). In this case, the last acts of evasion and impeding the administration of the internal revenue laws occurred within six years of the Indictment. Therefore, the defendant's Motion to Dismiss the Charges and Exclude Evidence Exceeding Periods of Limitations should be denied.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By */s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 19, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney