**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS FOR ERROR IN THE GRAND JURY PROCEEDING UNDER FED. R. CRIM. P. RULE 12(b)(3)(A)(v)**

The United States of America files this response in opposition to the defendant's Motion to Dismiss for Error in the Grand Jury Proceeding. (Doc. 14.) The defendant claims that the "United States erred by suggesting a fine of $250,000 for Count 1 under 26 U.S.C. § 7201" and "by inciting a grand jury indictment count for an offense that was clearly beyond the statute limitations."[1] It is the Government's position that this motion should be denied because the maximum possible fine for a felony offense is set forth in 18 U.S.C. § 3571(b)(3), that is $250,000. Further, the defendant's last action in evading his tax obligations occurred within the six-year period of limitations.

## I. PROCEDURAL SUMMARY AND INDICTMENT

On August 25, 2015, the Grand Jury returned a two-count Indictment charging defendant Harold R. Stanley with one count of tax evasion, in violation of 26 U.S.C. § 7201, and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). On the face of the Indictment, it states that the

[1] The statute of limitations claim was also made in defendant's Motion to Dismiss. (Doc. 13.)

maximum penalty for a violation of 26 U.S.C. § 7201, tax evasion, is not more than five years imprisonment, a fine of $250,000 and three years supervised release. The Indictment also informs the defendant that the maximum penalty for a violation of 26 U.S.C. § 7212(a), corruptly impeding the enforcement of the internal revenue laws, is not more than three years imprisonment, a fine of $5,000 and one year of supervised release. The Indictment also informs the defendant that there is a $100 mandatory Special Assessment on each count and, because it is a tax prosecution, the costs of prosecution may be ordered.

## II. 18 U.S.C. § 3571 PROVIDES A FINE OF NOT MORE THAN $250,000 FOR A FELONY OFFENSE

The defendant alleges the Government erred in stating the maximum possible fine for Count One of the Indictment is $250,000. The defendant correctly notes that 26 U.S.C. § 7201 provides that a person convicted of tax evasion shall be fined not more than $100,000. However, 18 U.S.C. § 3571(b) provides that:

> **(b) Fines for individuals.** - Except as provided in subsection (e) of this section, an individual who has been found guilty of an offense may be fined not more than the greatest of –
>
> **(1)** the amount specified in the law setting forth the offense;
>
> **(2)** the applicable amount under subsection (d) of this section;
>
> **(3)** for a felony, not more than $250,000;

Therefore, because the crimes alleged in the Indictment are felony offenses, the maximum possible fine for each count is $250,000.[2]

[2] The Indictment states the maximum possible fine for Count Two is $5,000, tracking the language in 26 U.S.C. § 7212(a). However, since the maximum possible imprisonment for conviction is not more than three years, the fine should be not more than $250,000.

## III. THE DEFENDANT'S ACTS OF EVASION AND IMPEDING THE INTERNAL REVENUE SERVICE OCCURED WITHIN THE SIX-YEAR PERIOD OF LIMITATIONS

The statute of limitations for Sections 7201 and 7212(a) charges is six years. 26 U.S.C. §§ 6531(2) and (6). The general rule is that the limitations period begins to run from the latter of the due date of the tax return, or the last affirmative act constituting an attempt to evade or impede. *See United States v. Perry*, 714 F.3d 570, 573 (8th Cir. 2013); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997); and *United States v. Ayers*, 673 F.2d 728, 729-30 (4th Cir. 1982). In *Perry*, the Court set forth this summary of the statute of limitations issue in tax cases:

> Tax evasion is defined in § 7201 as willfully attempting "in any manner to evade or defeat any tax imposed by this title or the payment thereof." The elements of this felony offense "are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351, 85 S. Ct. 1004, 13 L.Ed.2d 882 (1965) (citations omitted). "[A]ny conduct, the likely effect of which would be to mislead or to conceal for tax evasion purposes, can constitute an affirmative act of evasion." *United States v. Schoppert*, 362 F.3d 451, 460 (8th Cir.) (quotations omitted), *cert. denied*, 543 U.S. 911, 125 S. Ct. 234, 160 L.Ed.2d 191 (2004); *see United States v. Silkman*, 156 F.3d 833, 835 (8th Cir.1998). Prosecution of this offense is subject to the six-year statute of limitations in 26 U.S.C. § 6531(2).

*Perry*, 714 F.3d at 573.

In this case, the charge in Count One of the Indictment alleges conduct by defendant Stanley from 2005 up to and including October 29, 2012. The charge in Count Two alleges conduct that occurred from 2005 up to and including 2013. With respect to the 2005, 2007, 2008, and 2009 tax years, the last affirmative act took place on October 29, 2012, when Stanley mailed a packet of payment vouchers with "Accepted for Value" scrawled on them, and mock money orders. Thus, the six-year statute of limitations for these years expires on October 29,

2018. With respect to the 2006 tax year, the last affirmative act took place on November 23, 2009, when Stanley submitted fake money orders and payment vouchers with "Accepted for Value" scrawled on them. Thus, the earliest such limitations expires on November 23, 2015.

In general, a criminal statute of limitations begins to run "when each element of that offense has occurred." *United States v. Bennett*, 765 F.3d 887, 893 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1463, 191 L. Ed. 2d 410 (2015). In this case, the last acts of evasion and impeding the administration of the internal revenue laws occurred within six years of the Indictment. Therefore, the defendant's Motion to Dismiss for Error in the Grand Jury Proceeding should be denied.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By */s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 19, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney