**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS INDICTMENT UNDER FED. R. CRIM. P. 6(b)(2)**

The United States of America files this response in opposition to the defendant's Motion to Dismiss the Indictment Under Fed. R. Crim. P. Rule 6(b)(2)[1]. (Doc. 15.) The defendant claims that the Government improperly denied him his right to testify before the Grand Jury. This claim is without merit as it is long been held that a person under investigation by a Grand

---

[1] Rule 6(b)(2) provides, in pertinent part:

> **(2) Motion to Dismiss an Indictment.** A party may move to dismiss the indictment based on an objection to the grand jury or on an individual juror's lack of legal qualification, unless the court has previously ruled on the same objection under Rule 6(b)(1). The motion to dismiss is governed by 28 U.S.C. § 1867(e).

28 U.S.C. § 1867(e) sets for the procedure for challenging the compliance with the selection procedures for grand or petit juries:

> **(e)** The procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime, the Attorney General of the United States or a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. Nothing in this section shall preclude any person or the United States from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, national origin or economic status in the selection of persons for service on grand or petit juries.

The allegation by defendant Stanley is more properly characterized as a claim that misconduct by the prosecutor has undermined the integrity of the Grand Jury proceedings. *See United States v. Fritz*, 852 F.2d 1175, 1177 (9th Cir. 1988).

Jury has no right to appear before the Grand Jury and has no right to have exculpatory evidence presented. *United States v. Daniels*, 26 F.3d at 711; *United States v. Fritz* 852 F.2d 1175, 1178 (9th Cir. 1988); and *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir. 1976).

## I. SUMMARY OF GRAND JURY PROCEEDINGS

On March 27, 2014, an agent from the Internal Revenue Service-Criminal Investigation, hand-delivered a letter[2] to the defendant from the Government. The letter informed the defendant that he was being investigated by the Internal Revenue Service and the Department of Justice concerning violations of criminal tax statutes.

On September 12, 2014, the defendant sent a letter to the Government stating that if the Government intended to pursue a Grand Jury investigation, he was asserting his "Constitutionally-protected right to present his position to the grand jury, either personally or through counsel." The letter stated that "this right was recently upheld in *Crawford v. Washington*, 124 S.Ct. 1354, 541 U.S. 36, 158 L.Ed. 2d 177 (U.S. 03/08/2004)."

On July 20, 2015, the Government sent the defendant a letter informing him that he was "a target of an investigation being conducted by the grand jury for the Western District Missouri into possible violations of federal law involving tax evasion and corruptly endeavoring to impede the due administration of the internal revenue laws, in violation of 26 U.S.C. §§ 7201 and 7212(a)." The letter noted that the defendant had previously requested to appear before the Grand Jury. The letter stated that "you are hereby invited to appear before the grand jury at 9:00 AM, on August 26, 2015, . . . to testify concerning these matters currently under investigation. An attorney is not allowed to appear before the grand jury on your behalf."

[2] The letter was dated January 27, 2014.

On August 18, 2015, the defendant sent a text message to the IRS agent and informed the agent that he was not available to be in Kansas City on August 26. On August 19, 2015, the defendant had a telephone conversation with the IRS Special Agent concerning the Grand Jury proceeding. Stanley was informed that the Grand Jury was meeting on August 25 and 26, 2015. Stanley informed the agent that he was not available on August 25 or 26 to meet with the Grand Jury. Stanley stated he had plans to be out of Kansas City that have been set since May 2015. Stanley wanted to know if they could meet somewhere else other than Kansas City and he was informed that the Grand Jury was composed of approximately 20 people who meet in Kansas City.

On August 25, 2015, the case was presented to the federal Grand Jury. The Grand Jury was informed that the defendant had requested an opportunity to appear and testify. The Grand Jury was informed that the defendant said he was unavailable during that session of the Grand Jury and was requesting to appear at another time. The Grand Jury was given an opportunity to deliberate and vote on whether they wish to proceed with a consideration of the Indictment or delay until the defendant was available to testify. The Grand Jury voted to proceed with the consideration of the Indictment.

## II. A DEFENDANT DOES NOT HAVE A RIGHT TO APPEAR BEFORE A GRAND JURY

The defendant, citing *Crawford v. Washington*, 541 U.S. 36 (2004)[3], states that he was denied "a reasonable opportunity to address the grand jury that returned the underlying Indictment in the Western District Missouri on August 25." The defendant stated that: he "was unavailable to be in Kansas City on August 25-31, and was told by plaintiff's representative IRS

[3] Crawford held that an out-of-court statement was admitted at the defendant's trial. The Court held that the Sixth Amendment right to confront and cross-examine witnesses at trial barred the use of the statement.

Special Agent Richard Littrell that the grand jury met twice monthly, and defendant's appearance could potentially be rescheduled for September. By proceeding in the absence of the defendant, the defendant was thereby denied the right to counter the UNITED STATES' agents'(sic) testimony against defendant before the grand jury. Such testimony might well have averted great inconvenience and expense for both parties in pursuing the matter before this court."

The prosecutor has no duty to present evidence in his possession to a Grand Jury which tends to negate guilt and the accused has no right to be called as a witness before the Grand Jury that is considering his or her Indictment. *United States v. Leverage Funding Systems, Inc*., 637 F.2d 645, 648 (9th Cir. 1980). *See also Daniels*, 26 F.3d 706, 711 (7th Cir. 1994) ("Even the defendant himself has no right to appear before the grand jury."); *United States v. Fritz*, 852 F.2d 1175, 1178 (9th Cir. 1988) ("a person under investigation by a grand jury has no right to appear before the grand jury. . . . By the same token he has no right to have exculpatory evidence presented."); and *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir. 1976) ("an accused has no right to appear before the grand jury to state her case".)

In this case, the defendant was given ample opportunity to appear before the Grand Jury on the dates of the session of August 25 or August 26, 2015. The defendant chose not to avail himself of the opportunity to appear before the Grand Jury on their scheduled dates.

Further, the Grand Jury was given an opportunity to vote on whether they wished to delay consideration of the Indictment until the defendant could appear to testify at their next scheduled session, October 13, 2015. The Grand Jury voted to move forward with consideration of the Indictment.

Therefore, because the defendant does not have a right to appear before the Grand Jury, there can be no basis for a dismissal of the Indictment. The Government respectfully requests that the defendant's Motion to Dismiss the Indictment be denied.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By * /s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 26, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney