**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

---

# MOTION TO DISMISS FOR FRAUD UPON THE COURT AND UPON THE GRAND JURY

Defendant moves the Court to dismiss this case for fraud perpetrated upon the Court and upon the Grand Jury in the Plaintiff's collection of evidence against the Defendant.

Witness 26, Exhibit 6 purports to be an Affidavit of Truth filed by Defendant into the Cass County Recorder's Office. Defendant first notes that there is no cover letter from the Cass County Recorder's office authenticating the group of 7 documents claimed to be originating from that office.

This Exhibit 6 is facially void on inspection, as the first page lacks the seal of the Recorder's office affixed above the solid line, as found on Exhibits 1, 2, 3, and 4. The first page also lacks the Book and Page number identifier found on Exhibits 1, 2, 3, 4, and 7. The absence of the seal and certification in the

space clearly reserved for such on the first page renders the document facially void; it was not filed into the public record as misrepresented by the Plaintiff.

By way of background for the Court, Defendant took a version of the subject affidavit into the Cass County Recorder's office to be filed into the public record. The Recorder's office refused to record the affidavit, claiming that they could not classify that document under any of their allowed categories for recording.[1] Defendant left the Cass County Recorder's office with this document un-filed into the public record of Cass County Missouri.

The multiple appearances of this Witness 26 Exhibit 6 document in Plaintiff's discovery[2] suggest serious ethical and legal violations by the Cass County Recorder and/or the Plaintiff.

One possibility: the Cass County Recorder made an unauthorized copy of the affidavit, then unlawfully retained this un-recorded document in their files. If this is the case, this retention violates the ethics of the Recorder's office, and may violate Missouri statutes and United States codes regulating the conduct of the office of Recorder. Plaintiff's representation as a Cass County recorded document was negligent as a minimum. Plaintiff

---

[1] Defendant believes that such refusal contradicts the lawful duty of the County Recorder's office, but did not elect to pursue the matter further in Cass County.

[2] Other copies of this document appear in Plaintiff's discovery at un-indexed Pages 4132-4141 and 4356-4365. A similar document by Defendant's wife appears at un-indexed Pages 4366-4375.

represented this document as an official record of the Cass County Recorder, when it clearly is not an official record. If it originated from the Recorder's office as represented by Plaintiff, it is an un-recorded unauthorized bootleg copy of a document that the Defendant removed from the Recorder's office after the Recorder refused to file it into the public record.

The second and more nefarious possibility: Defendant knows of only one other possible source for this notarized but un-recorded version of this affidavit; Defendant's personal records. Defendant's wife's home in Peculiar Missouri was robbed on January 1, 2014. One irreplacable item stolen was a box of Defendant's and wife's personal records for calendar years 2005 through 2009.[3] Copies of the notarized but un-recorded version of this document were likely in this box of personal records.

None of the stolen items were recovered, and to Defendant's knowledge, the parties conducting the theft were never identified.[4] The Plaintiff, the Recorder's office, or other parties unknown to the Defendant could have taken an un-recorded copy of the affidavit from Defendant's stolen personal records. The list of ethical and statutory violations from such an act could

[3] The box was clearly identified in bold 2-inch handwriting as "HRS/ELS Personal 2005-2009".

[4] The Cass County detective investigating the break-in characterized the theft as conducted by professionals. The thieves wore gloves, broke in through a side window shielded from view from the street and by neighbors, left no finger prints, and stole computers and other high value items, as well as the invaluable personal records of Defendant and his wife.

continue for pages, and would begin with due process violations, stealing information from Defendant's personal records without warrant or subpoena. Other information from Defendant's personal records may well appear in the discovery, and may be detected as Defendant reviews Plaintiff's discovery in more detail.

Whichever of the two origins of the documents is correct, Plaintiff has committed fraud upon the Court and upon the Grand Jury in using discovery of poisonous origin. Regardless of the identity of the perpetrator, Plaintiff has proposed evidence without the most rudimentary screening. All documents recorded into the public record of Cass County contain certification clearly absent from Plaintiff's discovery for Witness 26 Exhibit 6 and the duplicates contained later in the un-indexed discovery.

Defendant recorded a version of this affidavit into the public record, but not into Cass County as misrepresented by Plaintiff. Recording was lawfully completed in Bates County, Missouri, where classification did not preclude a document of this type. Agent Littrell showed the alleged Cass County document to Defendant on September 4, 2014. Defendant declined to discuss the document's content as he never presented that document to the Plaintiff

in any tax-related correspondence, and therefore had not recently reviewed the document in preparation for the September 4 meeting.[5]

The Beacon report on Defendant's wife's Peculiar property, included as Witness 26 Exhibit 5, also lacks any seal of the Cass County Recorder's office authenticating the information.

Defendant frankly did not expect to have to validate the authenticity of every document proposed in discovery. In fact, Defendant informally advised Plaintiff during recess on October 13 that Defendant would not insist on in-person certification by each witness. However, this negligence or flagrant misconduct by Plaintiff casts aspersions on the authenticity of Plaintiff's 7,356 pages of discovery.

Defendant therefore moves the Court to:

> Dismiss this case with prejudice for fraud upon the Court and upon the Grand Jury, and further,
>
> Initiate an investigation by lawful independent agencies having jurisdiction into the conduct of the Cass County Recorder's office, into the conduct of the Internal Revenue Service Criminal Investigation Division, and into other involved parties presently unknown to Defendant, and further,

---

[5] The 2005 affidavit uses the term "sovereign" extensively. Some radical groups later used "sovereignty" to justify violence. Defendant does not advocate violence, and did not use the April 2005 affidavit in any correspondence with the IRS.

Such other relief as the Court may deem fit.

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 3, 2015 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com