**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR ERROR IN THE GRAND-JURY PROCEEDING UNDER FED. R. CRIM. P. RULE 12(b)(3)(A)(v)

Defendant files this reply in support of the subject motion (Doc. 14), in response to Plaintiff's suggestions in opposition. (Doc. 21) Plaintiff claims that 18 U.S.C. § 3571 (b)(3) – not cited in the indictment – supersedes the clear language of 26 U.S.C. § 7201 and, in footnote 2 on Page 2, the clear language of 26 U.S.C. § 7212(a). Plaintiff also seeks to undermine the unambiguous language of 26 U.S.C. § 6531 in advancing charges that exceed the period of limitations.

## 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a) Substantively Specify Fines

18 U.S.C. § 3571(b) stands clearly exempt from application in this

situation, "Except as provided in subsection (e) of this section". 18 U.S.C. § 3571(e) reads:

> (e) Special Rule for Lower Fine Specified in Substantive Provision. - If a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, by specific reference, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense.

The provisions of 18 U.S.C. § 3571 could encompass a range of personal injury and violent offenses far more serious than the allegations of tax evasion in the instant indictment. The substantive provisions of 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a) specify lower fines more commensurate with the seriousness of the allegations, and should be sustained.

The indictment does not cite 18 U.S.C. § 3571, only 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a). Plaintiff's attempted addition of 18 U.S.C. § 3571 fines to the indictment, particularly to Count 2 as attempted in footnote 2 on Page 2 of Plaintiff's response, overreaches the indictment impermissibly.

## 26 U.S.C. § 6531 Unambiguously Specifies Periods of Limitation

Even under the interpretations of Bennett[1] cited by the Plaintiff, charges in the indictment overreach the periods of limitation specified by 26 U.S.C. § 6531.

Count 2(d) charges the Information Referral Form 3949A as a "false criminal referral". Even if accurate in the characterization, the form in Count 2(d) was delivered on August 6, 2009 to Fresno, CA 93888. The grand jury indictment on August 25, 2015, was over 6 years after the alleged offense, well beyond the 3-year limit imposed by 26 U.S.C. § 6531 for non-violent acts.

Paragraph 2 of the Indictment reads that Defendant "failed to file any tax returns for 2005 and 2006". The indictment is materially defective in over-reaching the period of limitations for this alleged offense.

Defendant therefore moves to dismiss this case with prejudice for material error in the grand-jury proceeding, and such other relief as the Court may deem fit. In the alternative, Defendant moves to correct the maximum fines to comply with 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a), and to eliminate

[1] *United States v. Bennett*, 765 F.3d 887, 893 (8th Cir. 2014)

allegations that clearly exceed the periods of limitations prescribed by 26 U.S.C. § 6531.

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 5, 2015 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com