**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO MOTION TO <u>DISMISS FOR FRAUD UPON THE COURT AND GRAND JURY</u>**

The United States of America files this response in opposition to the defendant's Motion to Dismiss for Fraud Upon the Court and Upon the Grand Jury. (Doc. 25.) The defendant, without any reference to statutes or case law, requests that the Court dismiss the indictment and "initiate an investigation by lawful independent agencies having jurisdiction into the conduct of the Cass County Recorder's Office, into the conduct of the Internal Revenue Service Criminal Investigation Division, and into other involved parties presently unknown to Defendant." The defendant bases this request upon a lengthy discourse on the origin of his "Affidavit of Truth." Defendant believes that this document was either wrongfully retained by the Cass County Recorder's Office or purloined by government agents in a burglary of his home in Peculiar, Missouri.

The fraud allegation does not state a claim upon which the court could order dismissal of the indictment[1]. It would be, at most, an evidentiary issue on the admissibility of the document.

---

[1] Fraud upon the court is normally raised under Federal Civil Rules of Procedure Rule 60(d)(3) requesting reconsideration for reopening the original judgment denying the § 2255 petition. In *Johnson v. United States*, No. 4:07CV00365 ERW, 2011 WL 940841, at *1-2 (E.D. Mo. Mar. 16, 2011), the court discussed the "fraud upon the court" standard:

Rule 60(d)(3), "fraud on the court," is a "somewhat nebulous concept." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1993). The Rule functions as a saving clause by recognizing a court's pre-existing power to set aside a judgment for fraud on the court without a strict time bar. *Jackson v. Thaler*, 2009 WL 3241499, at *4 (5th Cir. Oct. 9, 2009). However, the concepts of fraud and fraud on the court are distinct under the plain terms of Rule 60. *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.1989); *see also Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir.2005) ("Fraud between the parties and fraud on the court are two distinct bases for post-judgment relief."). "Fraud on the court claims merit separate analysis not only because they are exempt from the one year time-period for filing claims under Rule 60(b)(3), but also because they are much more difficult to prove." *Zurich*, 426 F.3d at 1291 (citing 11 Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 2860, 2870 (2d ed.1995)). Only a small number of those acts that can be considered fraud amount to "fraud upon the court." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085 (Fed.Cir.1993).

The fraud contemplated by Rule 60(d)(3) "is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated with the good order of society." *Bewig v. United States*, 2010 WL 4177452, at *1–2 (E.D.Mo. Oct. 20, 2010) (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944)). This narrow concept embraces "only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Wilson*, 873 F.2d at 872 (quoting *Kerwit Med. Prods., Inc. v. N. & H. Inst., Inc.*, 616 F.2d 833, 837 (5th Cir.1980)); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th Cir.2006). "[O]nly the most egregious misconduct ... will constitute fraud on the court." *Williams v. Dormire*, 2010 WL 3733862, at *2 (E.D.Mo. Sept. 20, 2010) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted)). Schemes egregious enough to rise to fraud on the court generally take the form of bribery of a judge or jury, or the fabrication of evidence by an officer of the court. *Rozier*, 573 F.2d at 1338 (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944), *overturned on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976)). Less severe misconduct falls within the scope of fraud under Rule 60(b)(3). *Wilson*, 873 F.2d at 872; *Rozier*, 573 F .2d at 1339.

The standard for "fraud on the court" is demanding. *Williams*, 2010 WL 3733862 at *2 (E.D.Mo. Sept. 20, 2010); *Jackson v. Thaler*, 2009 WL 3241499, at *4 (5th Cir. Oct. 9, 2009); *see also Best v. United States*, 2011 WL 321153, at *1–2 (N.D.Ind. Jan. 26, 2011) (stating that fraud on the court is a very high bar). An action for fraud on the court should be available only to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). In order to prevail on a motion under Rule 60(d)(3), the burden is on the moving party to establish fraud by clear and convincing evidence. *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir.2002); *England v. Doyle*, 281 F.2d 304, 309–10 (9th Cir.1960); *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir.2002); *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir.1996); *Galatolo v. United States*, 394 Fed. Appx. 670, 672 (11th Cir.2010). This rigorous standard requires proof of "intent to deceive or defraud the court" through a "deliberate scheme." *Garcia v. Berkshire Life Ins. Co. of Am.*, 2008 WL 5104813, at *4 (D.Colo. Dec. 3, 2008) (citing *Buck*, 281 F.3d at 1342). "Intent to defraud is an absolute prerequisite to a finding of fraud on the court." *Weese*, 98 F.3d at 553; *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267

If the Government seeks to introduce this "Affidavit of Truth" at trial, the defendant may either file a motion in limine or object to the admission of the document at trial. Further, the court does not have the authority to order federal or state law enforcement agencies to conduct investigations of possible misconduct.

Therefore, because the defendant does not state any rational or legal basis to dismiss the indictment, the Government respectfully requests that the defendant's Motion to Dismiss for Fraud Upon the Court and Upon the Grand Jury be denied.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By */s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

---

(10th Cir.1995); *Switzer v. Coan*, 261 F.3d 985, 989 (10th Cir.2001). Further, the movant must "show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *England*, 281 F.2d at 309; *Rozier*, 573 F.2d at 1338. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Galatolo*, 394 Fed. Appx. at 672 (quoting *Booker v. Dugger*, 825 F.2d 281, 283–84 (11th Cir.1987)).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 10, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney