**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO MOTION TO SUBPOENA GRAND JUROR QUALIFICATIONS AND GRAND JURY TRANSCRIPT**

The United States of America files this response to the defendant's Motion to Subpoena Grand Juror Qualifications and Grand Jury Transcript under Fed. R. Crim. P. Rule 6(b)(1) and 28 U.S.C. § 1867. (Doc. 26.) The defendant's motion seems to be that he is seeking records relating to the composition of the grand jury. Those records are normally not disclosed except "as may be necessary in the preparation or presentation of a motion under [28 U.S.C. § 1867] (a), (b), or (c)." The defendant has "essentially an *unqualified* right to inspect jury list." *Test v. United States*, 420 U.S. 28, 30, 95 S.Ct. 749 (1975). *See also United States v. Stanko*, 528 F.3d 581, 587 (8th Cir. 2008); and *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985). Therefore, the Government does not oppose the defendant's request to review records relating to grand juror qualifications.

The defendant's request for a transcript of the grand jury proceedings should be denied. The defendant has separately moved to dismiss the indictment based upon error in the grand jury proceeding (Doc. 14), and the Government has filed its suggestions in opposition to that motion. (Doc. 21.) Therefore, any request for a transcript of the grand jury proceeding should be taken up in connection with that motion.

Title 28, U.S.C. § 1867 (a) provides that:

> **(a)** In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Courts have consistently held that a defendant has a right to examine the records used by the clerk in connection with the jury selection process in order to determine whether there are grounds[1] to file a motion to dismiss the indictment. For example, in *United States v. Stanko*, 528 F.3d 581, 586-87 (8th Cir. 2008), the court addressed a similar request by defendant for grand and petit juror information:

> At his arraignment and later before the beginning of the trial, Stanko sought release of grand and petit juror information used in the selection of the juries. Although "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed," an exception exists for parties "to inspect, reproduce and copy such records or papers at all reasonable times during the preparation and pendency" of a motion challenging the jury selection process. 28 U.S.C. § 1867(f). The Supreme Court has explained that under section 1867(f), "a litigant has essentially an *unqualified* right to inspect jury lists." *Test v. United States,* 420 U.S. 28, 30, 95 S.Ct. 749, 42 L.Ed.2d 786 (1975). "To avail himself [or herself] of [the] right of access to otherwise unpublic jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden,* 776 F.2d 771, 773 (8th Cir.1985) (alteration in original) (*quoting United States v. Layton,* 519 F.Supp. 946, 958 (N.D.Cal.1981)). A defendant may not be denied this unqualified right even when he "fails to allege facts which show a 'probability of merit in the proposed jury challenge,' " *id.* at 774 (quoting

---

[1] Defendant may establish *prima facie* case of improper grand jury selection under constitutional standard by establishing absolute exclusion or systematic underrepresentation of a cognizable distinct class. *United States v. Gruberg,* 493 F.Supp. 234 (S.D.N.Y. 1979).

If jury list is not legal cross-section of those in community qualified to be considered for jury duty, list is invalid, and grand jury drawn from such list is invalid. *United States v. Heath,* 103 F.Supp. 1 (D. Haw. 1952).

> *United States v. Beaty,* 465 F.2d 1376, 1380 (9th Cir.1972)), because "[g]rounds for challenges to the jury selection process may only become apparent after an examination of the records." *Id.* at 775. A fair reading of Stanko's motions shows that he was questioning the composition of the grand and petit juries and was seeking information he believed was necessary to challenge the jury selection process.

In this case, defendant Stanley should be given access to the records relating to the empanelment of the grand jury by Judge Fenner on June 24, 2014. The information should relate to the qualifications of the grand jurors, as set forth in 28 U.S.C. § 1865.[2]

---

[2] **(b)** In making such determination the chief judge of the district court, or such other district court judge as the plan may provide, or the clerk if the court's jury selection plan so provides, shall deem any person qualified to serve on grand and petit juries in the district court unless he--

**(1)** is not a citizen of the United States eighteen years old who has resided for a period of one year within the judicial district;

**(2)** is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;

**(3)** is unable to speak the English language;

**(4)** is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or

**(5)** has a charge pending against him for the commission of, or has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and his civil rights have not been restored.

WHEREFORE, based upon the foregoing, the defendant should be allowed to examine the records relating to the qualification of the grand jurors maintained by the clerk of the court. Further, the defendant's request for a transcript of the grand jury proceedings should be denied.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By *\/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 16, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney