**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE**
**TO MOTION TO SUPPRESS EVIDENCE**

The United States of America files this response in opposition to the defendant's Motion to Suppress Evidence for Tax Years Outside the Indictment, To Suppress Irrelevant Evidence, and to Suppress Duplicate Evidence. (Doc. 27.) The defendant, without any reference to statutes or case law, requests that the Court "suppress all evidence that does not pertain to Tax Years 2005 through 2009 as charged in the indictment, and to suppress unnecessarily duplicate evidence." This motion is more properly characterized as a motion in limine to exclude evidence that is not relevant, Fed. R. Evid. 401, or for excluding relevant evidence for confusion or waste of time, Fed. R. Evid. 403.

The government opposes this motion both on procedural and substantive grounds. Among the documents listed in the defendant's motion are records of the defendant's tax returns in the years prior to his pattern of evasion alleged in the indictment. Additionally, other documents listed relate to the defendant's assets and ability to pay taxes when they were due and owing. Finally, not all of the items listed in the defendant's motion will be offered in evidence

in the trial. The defendant can and should file a motion in limine once the Government's exhibit list has been filed in this case.

Evidence is relevant under Rule 401 if it makes "the existence of any fact that is of consequence to the determination of the action" more or less probable. *United States v. Ruiz*, 412 F.3d 871, 881 (8th Cir. 2005). In this case, the defendant is charged in count one of the indictment with tax evasion. Tax evasion is defined in § 7201 as willfully attempting "in any manner to evade or defeat any tax imposed by this title or the payment thereof." The elements of this felony offense "are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) (citations omitted). "[A]ny conduct, the likely effect of which would be to mislead or to conceal for tax evasion purposes, can constitute an affirmative act of evasion." *United States v. Schoppert*, 362 F.3d 451, 460 (8th Cir.) (quotations omitted), *cert. denied,* 543 U.S. 911, 125 S.Ct. 234, 160 L.Ed.2d 191 (2004); *see United States v. Silkman*, 156 F.3d 833, 835 (8th Cir.1998). Prosecution of this offense is subject to the six-year statute of limitations in 26 U.S.C. § 6531(2).

Many of the documents listed in the defendant's motion would be relevant evidence of his conduct to mislead or to conceal for tax evasion purposes. Further, once the government has filed an exhibit list, the defendant will have the opportunity to file a motion in limine to challenge any of the specific documents contained in the list.

Therefore, because the defendant's motion is premature and lacks any statutory basis to suppress the evidence listed in his motion, the Government respectfully requests that the

defendant's Motion to Suppress Evidence for Tax Years Outside the Indictment, To Suppress Irrelevant Evidence, and to Suppress Duplicate Evidence be denied.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By *\/s\/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 19, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney