# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

---

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FRAUD UPON THE COURT AND UPON THE GRAND JURY

1. Defendant files this reply in support of the subject motion (Doc. 25), in response to Plaintiff's suggestions in opposition. (Doc. 31).

2. Plaintiff attempts to diminish the seriousness of his team's misconduct with a lengthy dissertation on Rule 60(d)(3). From Defendant's point of view, that dissertation instead underscores the seriousness of Plaintiff's misconduct. From Plaintiff's Doc. 31 Footnote 1 on Page 2, second paragraph:

> "[O]nly the most egregious misconduct ... will constitute fraud on the court." *Williams v. Dormire*, 2010 WL 3733862, at *2 (E.D.Mo. Sept. 20, 2010) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted)). Schemes egregious enough to rise to fraud on the court generally take the form of bribery of a judge or jury,

> **or the fabrication of evidence** by an officer of the court. *Rozier*, 573 F.2d at 1338 (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944) [Emphasis added]

3. The subject evidence did not come from Defendant's correspondence with the I.R.S., or with any representative of Plaintiff.[1] The subject evidence must have therefore originated from one of the sources suggested in Defendant's motion (Doc. 25)[2], which details clear and convincing evidence for the illegitimate origin for the document.

4. Considering Agent Littrell's interest in discussing the subject evidence[3], and the prominence in Plaintiff's evidence[4], Defendant can reasonably conclude that this fabricated evidence was presented to the Grand Jury. If so, Plaintiff committed fraud upon the Grand Jury in securing the indictment against Defendant.

---

[1] Defendant would have used the document as recorded in Bates County, if he had used the document in any correspondence.

[2] An un-recorded unauthorized copy of the document retained by the Recorder's office, or a copy stolen from Defendant's personal records during a burglary. Not mentioned in Doc. 25, there is a clear paper edge obscuring the portion of Page 1 above the demarcation line for (SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY). The obscured area of the page may contain notations showing the origin of the document as presented.

[3] Agent Littrell showed the alleged Cass County document to Defendant on September 4, 2014. Defendant declined to discuss the document's content as he never presented that document to the Plaintiff in any tax-related correspondence, and therefore had not recently reviewed the document in preparation for the September 4 meeting.

[4] Included in the indexed exhibits at Pages 3521-3530, and at un-indexed Pages 4132-4141 and 4356-4365.

5. Absent a transcript of the proceedings, Defendant can only speculate on how the fabricated evidence might have been used to deceive the Grand Jury. Perhaps the sovereignty language of the Affidavit, misused in more recent years by some radical groups, was used against the Defendant's character to label and discriminate for profit and RICO.

6. Plaintiff has perpetrated ' "a wrong against the institutions set up to protect and safeguard the public, institutions in which **fraud cannot complacently be tolerated with the good order of society**." *Bewig v. United States*, 2010 WL 4177452, at *1–2 (E.D.Mo. Oct. 20, 2010) (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246 (1944))' [5] [Emphasis added]. This wrong casts aspersions on Plaintiff's entire discovery process.

---

[5] As cited by Plaintiff in Doc. 31, Page 2, second paragraph.

***Conclusion***

Defendant moves the Court to dismiss this case with prejudice, to notify the Department of Justice of this white collar fraud crime[6], and such other relief as the Court may deem fit.

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 27, 2015 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

[6] This offense suggests other cases by Plaintiff's prosecution team and local office may also require investigation to determine if there is a pattern of abuse against We the People.