**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SUBPOENA GRAND JUROR QUALIFICATIONS AND GRAND JURY TRANSCRIPT

1. Defendant files this reply in support of the subject motion (Doc. 26), in response to Plaintiff's suggestions in opposition. (Doc. 33).

2. Plaintiff concedes Defendant's rightful access to grand juror qualifications, but continues to oppose Defendant's access to the transcript of the grand jury proceedings. Defendant asks one simple and direct question:

***What Does the Plaintiff Want to Hide from the Defendant?***

3. The late President John F. Kennedy, addressing the nation's newspapers on the topic of national-security-related secrecy, spoke:

**The very word "secrecy" is repugnant in a free and open society**; and we are as a people inherently and historically **opposed to** secret societies, to secret oaths and to **secret proceedings**. We decided long ago that the **dangers of excessive and unwarranted concealment of pertinent facts** far outweighed the dangers which are cited to justify it. Even today, there is little value in opposing the threat of a closed society by imitating its arbitrary restrictions. Even today, there is little value in insuring the survival of our nation **if our traditions do not survive with it**.[1] [Emphasis added]

4. The Plaintiff's grand jury proceedings certainly have no implications for national security. A transcript containing Defendant's personal information protected from the general public under seal of this Court, is certainly no secret to be kept from Defendant. Why, then, does the prosecutor insist on a shroud of secrecy around the grand jury proceedings?

## *Supreme Court Jurisprudence Supports Disclosure to the Defendant*

5. The Supreme Court wrote of four reasons that justify grand jury secrecy in *Pittsburgh Plate Glass*[2]*:*

> (1) To prevent the accused from escaping before he is indicted and arrested or from tampering with the witnesses against him.

[1] John F. Kennedy Speeches, *The President and the Press: Address before the American Newspaper Publishers Association*, April 27, 1961, as downloaded from http://www.jfklibrary.org/Research/Research-Aids/JFK-Speeches/American-Newspaper-Publishers-Association_19610427.aspx

[2] *Pittsburgh Plate Glass Co.* v. United States, 79 S. Ct. 1237, 360 U.S. 395 (U.S. 06/22/1959)

(2) To prevent disclosure of derogatory information presented to the grand jury against an accused who has not been indicted.

(3) To encourage complainants and witnesses to come before the grand jury and speak freely without fear that their testimony will be made public thereby subjecting them to possible discomfort or retaliation.

(4) To encourage the grand jurors to engage in uninhibited investigation and deliberation by barring disclosure of their votes and comments during the proceedings.

6. In *Pittsburgh Plate Glass*, the Supreme Court held that none of those four reasons existed in that case, and permitted disclosure under Fed. R. Crim. P. Rule 6(e). Examining each of these reasons in the instant Defendant's case:

a. (1) Defendant clearly did not escape before indictment. The identity of the witnesses was disclosed in Plaintiff's discovery. Further, the Plaintiff did not cite this as a reason to bar disclosure, and thereby has no bearing on this case.

b. (2) No longer a concern as the indictment is in place.

c. (3) Plaintiff did not cite this as a reason to bar disclosure, and thereby has no bearing on this case.

d. (4) Plaintiff did not cite this as a reason to bar disclosure, and thereby has no bearing on this case.

7. Therefore as in *Pittsburgh Plate Glass,* there is no lawful justification to continue the secrecy maintained to date by the Plaintiff.

8. The Grand Jury proceedings have been both the direct topic and the underlying topic of this and other motions before this Court. In those instances, the transcript could clarify whether Defendant's rights were protected, or if there is further evidence for dismissal of the indictment. As noted above, there is no lawful reason to deny Defendant access to the Grand Jury transcript.

## CONCLUSION

Defendant moves the Court to subpoena Plaintiff for grand juror qualifications, for the transcript of the Grand Jury proceedings underlying the indictment, and such other relief as the Court may deem fit.

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on December 3, 2015 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com