**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

---

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE FOR TAX YEARS OUTSIDE THE INDICTMENT, TO SUPPRESS IRRELEVANT EVIDENCE, AND TO SUPPRESS DUPLICATE EVIDENCE

1. Defendant files this reply in support of the subject motion (Doc. 27), in response to Plaintiff's suggestions in opposition. (Doc. 34). Plaintiff would have this Court maintain the complete 7,356-page discovery pool, replete with multiple duplicates of the same documents, encompassing Defendant's entire 42 years of adult financial – and personal - life, in attacking 5 recent years of alleged tax liability.

2. Defendant's motion speaks to the core purpose of Fed. R. Evid. Rule 102:

> These rules should be construed so as to administer every proceeding fairly, **eliminate unjustifiable expense and delay**, and promote the

> development of evidence law, to the end of ascertaining the truth and securing a just determination. [Emphasis added]

3. Plaintiff unjustifiably increased Defendant's expense to this point in Defendant's initial review of the 7,356 pages of discovery. Plaintiff will further unjustifiably burgeon Defendant's expense in detailed review to prepare to present *in limine* motions for the thousands of pages of cumulative and irrelevant evidence that may or may not be offered at trial.

4. Plaintiff will unjustifiably waste the Court's time, confuse the issues, mislead the jury, and/or cause undue delay[1] if cumulative or irrelevant[2] evidence is offered at trial.

[1] Fed. R. Evid. Rule 403 reads: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Irrelevent evidence offered at trial will have similar effects.

[2] Fed. R. Evid. Rule 402, last ¶: "Irrelevant evidence is not admissible."

## CONCLUSION

Defendant moves the Court to suppress all evidence that does not pertain directly to Defendant's Tax Years 2005 through 2009, to suppress all unnecessarily duplicate copies of evidence, and such other relief as the Court may deem fit.

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on December 7, 2015 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com