IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00271-01-CR-W-HFS |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Harold R. Stanley's pro se[1] Motion to Dismiss Charges and Exclude Evidence Exceeding Period of Limitations (doc #13). For the reasons set forth below, it is recommended that this motion be denied.

I. THE INDICTMENT

On August 25, 2015, the Grand Jury returned a two-count indictment against Harold R. Stanley. The indictment charges:

> **INTRODUCTION**
>
> At all times material to this Indictment:
>
> 1. Harold R. Stanley was a resident of Peculiar, Missouri. Stanley was an independent contractor who was employed by companies as a consultant. The fees paid by the companies to Stanley were reflected on IRS Form 1099.
>
> 2. Harold R. Stanley failed to file any tax returns for 2005 and 2006. For tax years 2007 through 2009, Stanley filed substantially correct returns but left the tax line entry blank and failed to submit any payment. The tax loss for 2005 through 2009 tax years is $264,294.

[1]Defendant Stanley elected to proceed pro se on October 13, 2015.

## COUNT ONE

3. Paragraphs 1 and 2 of this Indictment are re-alleged and incorporated by reference in this count as set out fully herein.

4. From on or about 2005, up to and including October 29, 2012, in the Western District of Missouri and elsewhere, Harold R. Stanley, a resident of Peculiar, Missouri, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2005 through 2009 by:

(a) submitting fake money orders for payment to the Internal Revenue Service;

(b) returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value;" and

(c) filling out payment vouchers with his name in all capital letters but not submitting payment.

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO

5. Paragraphs 1 and 2 of this Indictment are re-alleged and incorporated by reference in this count as set out fully herein.

6. Beginning on or about 2005, and continuing thereafter up to and including 2013, in the Western District of Missouri and elsewhere, Harold R. Stanley did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by:

(a) submitting fake money orders for payment to the Internal Revenue Service;

(b) returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value;"

(c) filling out payment vouchers with his name in all capital letters but not submitting payment; and

(d) submitting a false criminal referral to the Internal Revenue Service – Criminal Investigation Division in Fresno, California.

All in violation of Title 26, United States Code, Section 7212(a).

(Doc #1)

## II. DISCUSSION

Defendant Stanley requests that the Court dismiss all charges and exclude all evidence pre-dating the periods of limitation imposed by 26 U.S.C. § 6531. (Motion to Dismiss Charges and Exclude Evidence Exceeding Period of Limitations (doc #13) at 1) Defendant argues that based on the indictment date of August 25, 2015, the period of limitation precludes prosecution for some alleged offenses prior to August 25, 2012, and for any alleged offense prior to August 25, 2009. (Id.) Specifically, defendant Stanley argues that the following paragraphs of the indictment are defective as follows:

> ¶ 2. Failure to file for 2005 and 2006 should be struck from the indictment, and should not be mentioned at any future time during these proceedings. Return forms for 2007 and 2008 also preceded the statute of limitations, and alleged defects therein should be struck from the indictment, and should not be mentioned at any future time during these proceedings. All documents related thereto should be excluded from Plaintiff's evidence submitted to the Court.
>
> ¶4. All actions prior to August 25, 2009 should be struck from the indictment, should not be mentioned at any future time during these proceedings, and all documents dated prior to August 25, 2009 should be excluded from Plaintiff's evidence submitted to the Court.
>
> ¶6. All actions prior to August 25, 2012 should be struck from the indictment, should not be mentioned at any future time during these proceedings, and all documents dated prior to August 25, 2012 should be excluded from Plaintiff's evidence submitted to the Court.
>
> ¶6(d). The information referral was delivered to Fresno, CA on August 6, 2009. The information referral did not include any intimidation threats of force

> under § 7212(a) as referred to in § 6531(6).[2] The time limit on this alleged offense is therefore also 3 years. This sub-paragraph should be struck from the indictment, should not be mentioned at any future time during these proceedings, and should be excluded from Plaintiff's evidence submitted to the Court.

(Id. at 1-2)

The statute under which defendant Stanley has been charged in Count One provides in part:

> **Attempt to evade or defeat tax**
>
> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, by guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 … or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7201.

The statute under which defendant Stanley has been charged in Count Two provides in part:

> **Attempts to interfere with administration of internal revenue laws**
>
> **(a) Corrupt or forcible interference.** –Whoever corruptly … endeavors to … impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly … obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both ….

26 U.S.C. § 7212(a).

The statute of limitation for both counts of the indictment is six years. See United States v. Perry, 714 F.3d 570, 573 (8th Cir. 2013)("Prosecution of [26 U.S.C. § 7201] is subject to the six-year statute of limitations in 26 U.S.C. § 6531(2)."); United States v. Wilson, 118 F.3d 228,

[2]Section 6531(6) provides: "the period of limitation shall be 6 years—for the offense described in section 7212(a) (relating to intimidation of officers and employees of the United States)." Contrary to defendant's argument, section 6531(6) does not require intimidation to qualify for the six year statute of limitation. The parenthetical used in section 6531(6) has been found to be descriptive rather than limiting. See United States v. Workinger, 90 F.3d 1409, 1413-14 (9th Cir. 1996).

236 (4th Cir. 1997)("The applicable statute of limitations for both counts of the indictment [26 U.S.C. § 7201 and § 7212(a)] is six years. See 26 U.S.C. § 6531(2), (6).") The limitation period for a violation of section 7201 begins to run on the date of the last affirmative act of tax evasion. See Wilson, 118 F.3d at 236. See also Perry, 714 F.3d at 573 (at least one of the alleged acts of evasion must occur within six years of the date of indictment). The limitation period for a violation of section 7212(a) begins to run on the date of the last corrupt act. See Wilson, 118 F.3d at 236.

Based on the indictment date of August 25, 2015, if the last affirmative act of tax evasion is alleged to have occurred on or after August 25, 2009, Count One is sufficient, and if the last corrupt act is alleged to have occurred on or after August 25, 2009, Count Two is sufficient. Count One of the indictment alleges that up to and including October 29, 2012, defendant Stanley willfully attempted to evade and defeat income tax owing by committing certain acts. Count Two alleges that up to and including 2013, defendant Stanley corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by committing certain acts. Given the allegations of the indictment, there does not appear to be a statute of limitation violation. Therefore, defendant's request that the Court dismiss charges must be denied. However, whether the government will present evidence at trial of acts of tax evasion and corrupt acts that occurred on or after August 25, 2009, remains to be seen. Defendant is free to renew his statute of limitation challenge at the close of the government's case in a motion for a judgment of acquittal.

In United States v. Perry, 714 F.3d 570, 573 (8th Cir. 2013), the defendant was charged on March 24, 2011, with four counts of tax evasion for failing to report and then concealing kickbacks received during each of the 2001 through 2004 tax years. Evidence was presented at trial as to the

kickbacks which took place in 2001 through 2004. Id. at 574. Because the defendant lied to an IRS agent during an August 26, 2006 interview in a continuing attempt to evade his income tax liabilities, the defendant committed an act of tax evasion within six years of the indictment, thus defeating any statute of limitation defense. Id. at 574. Perry highlights that a six-year statute of limitation does not require that the tax years which are the subject of the indictment fall within six years of the indictment date or that only evidence falling within six years of the indictment date may be presented at trial. Instead, what is required by the six-year statute of limitation is that at least one of the acts of tax evasion (or one of the acts of corruption) occurred within six years of the indictment date. Defendant's request that the Court exclude evidence pre-dating the periods of limitation imposed by 26 U.S.C. § 6531 must be denied.

## IV. CONCLUSION

For the foregoing reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Stanley's Motion to Dismiss Charges and Exclude Evidence Exceeding Period of Limitations (doc #13).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE