**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

---

# DEFENDANT'S OBJECTION TO COURT'S REPORT AND RECOMMENDATION CONCERNING MOTION TO DISMISS CHARGES AND EXCLUDE EVIDENCE EXCEEDING PERIOD OF LIMITATIONS

1. Defendant respectfully objects to the Court's Report and Recommendation (Doc. 39) concerning his Motion to Dismiss Charges and Exclude Evidence Exceeding Period of Limitations (Doc. 13). Key elements of the Plaintiff's indictment fail the criteria of caselaw presented by the Plaintiff, and fail the criteria of caselaw relied upon by the Court. Most importantly, one key criteria of the caselaw belies the plain language of the Statute.

### *Alleged Failure to File Should be Struck from ¶2*

2. If Defendant was obligated to file returns for 2005 or 2006, the alleged failures to file occurred on April 16, 2006 and 2007, respectively.

3. The alleged failure to file stands separate and distinct from other allegations in the indictment, as ¶3 and ¶5 incorporate the ¶2 allegations into Count 1 and Count 2, respectively. As separate acts – or failures to act - the period of limitations should be considered separately from the other actions of Counts 1 and 2. On this basis, April 16, 2006 and 2007 stand over 8 years prior to August 25, 2015, outside the period of limitations.

### *Defects in 2007 and 2008 Returns Should be Struck from ¶2*

4. The alleged defects in 2007 and 2008 returns also stand as separate acts incorporated into the Counts of the Indictment. These alleged defects occurred on April 15, 2009, over 6 years prior to August 25, 2015, and clearly outside the period of limitation.

### *Paragraph 6(d) Should be Struck in Its Entirety*

5. Paragraph 6(d) stands as a separate act incorporated into Count 2 of the Indictment, and subject to a 3-year period of limitations. Contrary to the *Workinger* reasoning, Defendant maintains that the "intimidation of

officers and employees" stands as a special component of §7212(a). The *Workinger*[1] reasoning on §6531(6) started from a solid foundation:

> In construing a statute, our court's objective "is to ascertain the congressional intent and give effect to the legislative will." *Philbrook v. Glodgett*, 421 U.S. 707, 713, 95 S. Ct. 1893, 1898, 44 L. Ed. 2d 525 (1975). **This court must first determine whether the plain language makes its meaning reasonably clear.** *Negonsott v. Samuels*, 507 U.S. 99, 104-05, 113 S. Ct. 1119, 1122-23, 122 L. Ed. 2d 457 (1993). **<u>If it is clear, that is the end of the inquiry</u>**. See *Sullivan v. Stroop*, 496 U.S. 478, 482, 110 S. Ct. 2499, 2502, 110 L. Ed. 2d 438 (1990). [emphasis added]

6. Defendant believes the *Workinger* jurists should have remained on this solid foundation, ending the inquiry with the plain language of §6531(6). Reviewing the plain language of §6531(6) in referring to §7212(a):

a. Section 7212 heading reads "Attempts to interfere with administration of internal revenue laws" as the general topic. Interference is the general offense addressed in the section.

b. Section 7212(a) heading reads "Corrupt **<u>or</u>** forcible interference", and the statute text begins "Whoever corruptly **<u>or</u>** by force **<u>or</u>** threats of force". [emphasis added] Section 7212(a) therefore addresses three distinct forms of interference:

- Corrupt conduct
- Force to inflict bodily harm – based on the interpretation of threats below

---

[1] *United States v. Workinger*, 90 F.3d 1409 (9th Cir. 07/23/1996), from ¶21 as downloaded from VersusLaw®

- Threats of force to inflict bodily harm – the last sentence of §7212(a) reads 'The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.'

c. Recognizing these distinct forms of interference, the plain language of §6531(6) applies to "force or threats of force" to intimidate officers and employees of the United States. Had Congress intended to include all the actions of §7212(a), §6531(6) could simply have referenced the §7212(a) title "Corrupt or forcible interference", or simply referred to the general topic "interference", or used a nearly-synonymous general descriptor. Instead, Congress applied the 6-year period of limitation only to the more egregious offenses covered by §7212(a): intimidation of officers and employees of the United States. The instant Indictment includes no allegation of force, threat of force, or other form of intimidation by Defendant, and therefore §6531(6) does not apply.[2]

7. Defendant believes the plain language of §6531(6) makes its meaning more than reasonably clear: the 6-year limitation applies only to the more egregious intimidation offenses of §7212(a). However, even applying the *Workinger* 6-year reasoning, the allegation concerning **the August 6, 2009 information referral stands beyond 6 years prior to the August 25, 2015 indictment**.

[2] Plaintiff exerted excessive force against Defendant in the instant case by sending 6 or more SWAT-armed and vested I.R.S. C.I.D. agents, U.S. Marshals, and Rogers County Sheriff officers to arrest a lone 61-year-old man, one of the People with no history of violent conduct.

## CONCLUSION

Defendant respectfully objects to the Court's subject Report and Recommendation. Plaintiff overreached the periods of limitation in at least 3 of the distinct allegations in the Indictment.

Defendant reserves his right to challenge these and other acts and evidence prior to August 25, 2009, or August 25, 2012 where appropriate, at jury trial and on appeal.

Defendant reserves his right to challenge the *Workinger* caselaw on appeal, if maintained by the law practice magistrate of this Court.

'fn3 Rule 103(d) allows us to "tak[e] notice of plain errors affecting substantial rights although they were not brought to the attention of the court." Fed. R. Evid. 103(d).' [3]

---

[3] *United States v. Wilson*, 118 F.3d 228 (4th Cir. 07/02/1997), ¶97 as downloaded from VerusLaw®.

The actions – or inactions - highlighted in this objection stand clearly outside the periods of limitation, and should be struck from the Indictment as requested in Defendant's motion.

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 28, 2016 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com