IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00271-01-CR-W-HFS |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Harold R. Stanley's pro se[1] Motion to Dismiss for Error in the Grand-Jury Proceeding Under Fed.R.Crim.P. Rule 12(b)(3)(A)(v) (doc #14). For the reasons set forth below, it is recommended that this motion be denied.

I. THE INDICTMENT

On August 25, 2015, the Grand Jury returned a two-count indictment against Harold R. Stanley. The indictment charges:

> **INTRODUCTION**
>
> At all times material to this Indictment:
>
> 1. Harold R. Stanley was a resident of Peculiar, Missouri. Stanley was an independent contractor who was employed by companies as a consultant. The fees paid by the companies to Stanley were reflected on IRS Form 1099.
>
> 2. Harold R. Stanley failed to file any tax returns for 2005 and 2006. For tax years 2007 through 2009, Stanley filed substantially correct returns but left the tax line entry blank and failed to submit any payment. The tax loss for 2005 through 2009 tax years is $264,294.

[1]Defendant Stanley elected to proceed pro se on October 13, 2015.

## COUNT ONE

3. Paragraphs 1 and 2 of this Indictment are re-alleged and incorporated by reference in this count as set out fully herein.

4. From on or about 2005, up to and including October 29, 2012, in the Western District of Missouri and elsewhere, Harold R. Stanley, a resident of Peculiar, Missouri, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2005 through 2009 by:

> (a) submitting fake money orders for payment to the Internal Revenue Service;
>
> (b) returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value;" and
>
> (c) filling out payment vouchers with his name in all capital letters but not submitting payment.

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO

5. Paragraphs 1 and 2 of this Indictment are re-alleged and incorporated by reference in this count as set out fully herein.

6. Beginning on or about 2005, and continuing thereafter up to and including 2013, in the Western District of Missouri and elsewhere, Harold R. Stanley did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by:

> (a) submitting fake money orders for payment to the Internal Revenue Service;
>
> (b) returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value;"
>
> (c) filling out payment vouchers with his name in all capital letters but not submitting payment; and

> (d) submitting a false criminal referral to the Internal Revenue Service – Criminal Investigation Division in Fresno, California.
>
> All in violation of Title 26, United States Code, Section 7212(a).

(Doc #1)

## II. DISCUSSION

Defendant Stanley requests that the Court dismiss this case with prejudice for material error in the grand-jury proceedings. (Motion to Dismiss for Error in the Grand-Jury Proceeding Under Fed.R.Crim.P. Rule 12(b)(3)(A)(v) (doc #14) at 2) Defendant argues that the government erred by presenting an offense to the grand jury that was clearly beyond the statute of limitations. (Id. at 1) Defendant further argues that the government erred by suggesting a fine of $250,000 for Count One under 26 U.S.C. § 7201.[2] (Id.`)

The statute under which defendant Stanley has been charged in Count One provides in part:

> **Attempt to evade or defeat tax**
>
> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, by guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 … or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7201.

The statute under which defendant Stanley has been charged in Count Two provides in part:

> **Attempts to interfere with administration of internal revenue laws**
>
> **(a) Corrupt or forcible interference.** –Whoever corruptly … endeavors to … impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly … obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not

[2] The Indictment provides the following with respect to Count One: "NMT: $250,000 Fine."

more than 3 years, or both ….

26 U.S.C. § 7212(a).

Defendant filed a separate Motion to Dismiss Charges and Exclude Evidence Exceeding Period of Limitations (doc #13) and the undersigned has issued a Report and Recommendation (doc #39) with respect to that motion. As set forth in that Report and Recommendation, the statute of limitation for both counts of the indictment is six years. See United States v. Perry, 714 F.3d 570, 573 (8th Cir. 2013)("Prosecution of [26 U.S.C. § 7201] is subject to the six-year statute of limitations in 26 U.S.C. § 6531(2)."); United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 1997)("The applicable statute of limitations for both counts of the indictment [26 U.S.C. § 7201 and § 7212(a)] is six years. See 26 U.S.C. § 6531(2), (6).") The limitation period for a violation of section 7201 begins to run on the date of the last affirmative act of tax evasion. See Wilson, 118 F.3d at 236. See also Perry, 714 F.3d at 573 (at least one of the alleged acts of evasion must occur within six years of the date of indictment). The limitation period for a violation of section 7212(a) begins to run on the date of the last corrupt act. See Wilson, 118 F.3d at 236.

Based on the indictment date of August 25, 2015, if the last affirmative act of tax evasion is alleged to have occurred on or after August 25, 2009, Count One is sufficient, and if the last corrupt act is alleged to have occurred on or after August 25, 2009, Count Two is sufficient. Count One of the indictment alleges that up to and including October 29, 2012, defendant Stanley willfully attempted to evade and defeat income tax owing by committing certain acts. Count Two alleges that up to and including 2013, defendant Stanley corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by committing certain acts. Given the allegations of the indictment, there does not appear to be a statute of limitation violation.

Therefore, defendant's request that the Court dismiss the charges because the government erred by presenting an offense to the grand jury that was clearly beyond the statute of limitations must be denied.

With respect to defendant's argument that the government erred by suggesting a fine of $250,000 for Count One, the government responds that "the maximum possible fine for a felony offense is set forth in 18 U.S.C. § 3571(b)(3), that is $250,000."[3] (Government's Response (doc #21) at 1) Section 3571 provides in part:

> (b) **Fines for individuals.**—Except as provided in subsection (e) of this section, an individual who has been found guilty of an offense may be fined not more than the greatest of—
>
> (1) the amount specified in the law setting forth the offense; [or]
>
> * * *
>
> (3) for a felony, not more than $250,000;
>
> * * *
>
> (e) **Special rule for lower fine specified in substantive provision.**—If a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, by specific reference, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense.

18 U.S.C. § 3571. The court in Burgos v. United States, provided the following guidance with respect to section 3571:

> … all federal offenses are governed by the alternative fine provision in 18 U.S.C. § 3571(b)(3), which permits a maximum fine of $250,000 in this type of case. Because [the statute under which the defendant is charged] does not purport to override the alternative fine provision, the alternative provision provides the relevant maximum fine. 18 U.S. C. § 3571(e) ….

[3]The government adds that the maximum possible fine for Count Two would also be $250,000. (Government's Response (doc #21) at 2 n. 2)

Burgos, 968 F. Supp. 380, 383 (N.D. Ill. 1997).

A grand jury's "function is to assess probable cause to believe that the suspect committed the offense in question." United States v. Civella, 666 F.2d 1122, 1127 (8th Cir. 1981). The grand jury does not decide on the possible punishment, be it the potential fine or the potential length of imprisonment. The possible punishment for criminal law violations is defined by statute. 18 U.S.C. § 3571(b) sets forth the maximum sentence of fine of $250,000 for a felony. While 26 U.S.C. § 7201 and 26 U.S.C. § 7212 each set forth potential fines for violations of those statues, neither section 7201 nor 7212 purports to override the alternative fine provision of section 3571. Therefore, defendant's request that the Court dismiss the charges because the government suggested a fine of $250,000 to the grand jury must be denied.

## IV. CONCLUSION

For the foregoing reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Stanley's Motion to Dismiss for Error in the Grand-Jury Proceeding Under Fed.R.Crim.P. Rule 12(b)(3)(A)(v) (doc #14).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE