**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

---

# DEFENDANT'S OBJECTION TO COURT'S REPORT AND RECOMMENDATION CONCERNING MOTION TO DISMISS FOR ERROR IN THE GRAND JURY PROCEEDING UNDER FED. R. CRIM. P. 12(b)(3)(A)(v)

1. Defendant respectfully objects to the Court's Report and Recommendation (Doc. 41) concerning his Motion to Dismiss for Error in the Grand-Jury Proceeding (Doc. 14).

### ***The Plain Language of 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a) Substantively Specify the Applicable Fines***

2. Title 18 U.S.C. § 3571(b)(3) is described, by this Court's *Burgos*[1] citation, as an "**alternative fine provision**" (Doc. 41, P. 5, citing *Burgos*). In *Burgos*:

> a jury convicted Joseph Burgos ("Burgos") of **distributing nearly two kilograms of cocaine** in violation of 21 U.S.C. § 841(a) (1) (Count 1) and of **using a communication facility to further the distribution** of cocaine in violation of 21 U.S.C. § 843(b) (Count II). Prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851, informing Burgos he faced enhanced statutory penalties because **he had two prior drug convictions**. [emphasis added]

3. *Burgos* thereby provides an excellent example of the "range of personal injury and violent offenses far more serious than the allegations of tax evasion in the instant indictment. The substantive provisions of 26 U.S.C. § 7201 and 26 U.S.C. § 7212(a) specify lower fines more commensurate with the seriousness of the allegations, and should be sustained." (Doc. 29, P. 2)

### ***Paragraph 6(d) Should be Struck in Its Entirety***

4. Paragraph 6(d) alleges an offense distinct in nature and character from the alleged offenses in ¶¶6(a), 6(b), and 6(c). Plaintiff erroneously aggregated

---

[1] *Burgos v. United States*, 968 F. Supp. 380 (N.D. Ill. 1997)

this allegation with the other three allegations in Count 2 in an attempt to overreach the statute of limitations on ¶6(d). Defendant will not restate his *Workinger*[2] analysis regarding periods of limitation (Doc. 40, ¶¶5-7). However even applying the excessive – in Defendant's opinion as supported in Doc. 40 - 6-year period, the ¶6(d) allegation concerning the August 6, 2009 information referral stands beyond 6 years prior to the August 25, 2015 indictment.

## CONCLUSION

Defendant respectfully objects to the Court's subject Report and Recommendation. The underlying Indictment stands materially defective both in suggesting excessive maximum fines, and in overreaching the periods of limitation.

Defendant reserves his right to challenge the Court's recommendations on appeal, if sustained in the Court's final order.

[2] *United States v. Workinger*, 90 F.3d 1409 (9th Cir. 07/23/1996)

‘fn3 Rule 103(d) allows us to "tak[e] notice of plain errors affecting substantial rights although they were not brought to the attention of the court." Fed. R. Evid. 103(d).’ [3]

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on February 18, 2016 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

[3] *United States v. Wilson*, 118 F.3d 228 (4th Cir. 07/02/1997), ¶97 as downloaded from VerusLaw®.