**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION TO DENY THE MOTION TO DISMISS FOR ERROR IN THE GRAND JURY PROCEEDING**

The United States of America files this Response in Opposition to the defendant's Objection to the Report and Recommendation (Doc. 41) to deny his Motion to Dismiss for Error in the Grand Jury Proceeding. (Doc. 14.) In the original motion, the defendant claimed that the fine amount was improperly cited in the Indictment and that the Grand Jury Indictment was for an offense that was clearly beyond the statute of limitations. The Report and Recommendation found that the Indictment alleged actions by the defendant within the six-year period of limitations. The fine amount of $250,000 was authorized under 18 U.S.C. § 3571(b)(3).

In his objection, the defendant attempts to make an argument about an "alternative fine provision". *Citing Bergos v. United States*, 968 Fed (3) 80 (N. D. Ill. 1997). In fact, *Bergos* supports the Government's position and the Report and Recommendation by the magistrate judge:

> Burgos argues that the court imposed a fine in excess of its statutory authority. For the reason explained above, this argument is procedurally barred. *Smullen v. United States*, 94 F.3d at 25–26. Moreover, the claim lacks merit. Even though 21 U.S.C. § 843(c) permits a fine of not more than $60,000 for violating 21 U.S.C. § 843(b), all federal offenses are

> governed by the alternative fine provision in 18 U.S.C. § 3571(b)(3), which permits a maximum fine of $250,000 in this type of case. Because 21 U.S.C. § 843(c) does not purport to override the alternative fine provision, the alternative provision provides the relevant maximum fine. 18 U.S.C. § 3571(e); *see, e.g., United States v. Pyatt*, 725 F. Supp. 885, 887 (E.D.Va.1989). Thus, the court did not err by imposing a $100,000 fine for violating 21 U.S.C. § 843(b).

*Burgos v. United States*, 968 F. Supp. G80, 383 (N.D. Ill. 1997).

The Objection to the Report and Recommendation also requests that Paragraph 6(d) should be struck in its entirety. The rationale behind this request is not entirely clear. It appears to be related to the allegation of a violation of the statute of limitations. However, the defendant fails to recognize that the allegations in the Indictment allege actions by the defendant within the six-year period of limitations for each of the two counts of the Indictment.

Wherefore, the Government requests that the Court adopts the well-reasoned Report and Recommendation and deny the defendant's *pro se* Motion to Dismiss for Error in the Grand Jury Proceeding.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By */s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on February 24, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney