IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00271-01-CR-W-HFS |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Harold R. Stanley's pro se[1] Motion to Dismiss Indictment Under Fed. R. Crim. P. Rule 6(b)(2) (doc #15). For the reasons set forth below, it is recommended that this motion be denied.

Defendant Stanley requests that the Court dismiss this case with prejudice based on the following:

> Defendant met with I.R.S. Special Agent Richard Littrell on September 4, 2014 after learning of the UNITED STATES' investigations. Defendant asserted his right to address grand jury proceedings by letter to Assistant United States Attorney Paul Becker dated September 12, 2014, citing *Crawford v. Washington*,[2] 124 S.Ct. 1354, 541 U.S. 36, 158 L.Ed.2d 177 (U.S. 03/08/2004).
>
> Plaintiff denied Defendant a reasonable opportunity to address the grand jury that returned the underlying indictment in the Western District of Missouri on August 25. Defendant was unavailable to be in Kansas City on August 25-31, and was told by Plaintiff's representative I.R.S. Special Agent Richard Littrell that the grand jury met twice monthly, and Defendant's appearance could potentially be rescheduled for September. By proceeding in the absence of the Defendant, the Defendant was thereby denied the right to counter the UNITED STATES' agents' testimony against Defendant before the grand jury.

[1]Defendant Stanley elected to proceed pro se on October 13, 2015.
[2]The Court notes that Crawford v. Washington deals with a defendant's right to confront and cross-examine witnesses at trial.

(Motion to Dismiss Indictment Under Fed. R. Crim. P. Rule 6(b)(2) (doc #15) at 1-2)

The government provided the Court with the following factual summary of the grand jury proceedings:

> On March 27, 2014, an agent from the Internal Revenue Service-Criminal Investigation, hand-delivered a letter[3] to the defendant from the Government. The letter informed the defendant that he was being investigated by the Internal Revenue Service and the Department of Justice concerning violations of criminal tax statutes.
>
> On September 12, 2014, the defendant sent a letter to the Government stating that if the Government intended to pursue a Grand Jury investigation, he was asserting his "Constitutionally-protected right to present his position to the grand jury, either personally or through counsel." The letter stated that "this right was recently upheld in *Crawford v. Washington*, 124 S.Ct. 1354, 541 U.S. 36, 158 L.Ed. 2d 177 (U.S. 03/08/2004)."
>
> On July 20, 2015, the Government sent the defendant a letter informing him that he was "a target of an investigation being conducted by the grand jury for the Western District Missouri into possible violations of federal law involving tax evasion and corruptly endeavoring to impede the due administration of the internal revenue laws, in violation of 26 U.S.C. §§ 7201 and 7212(a)." The letter noted that the defendant had previously requested to appear before the Grand Jury. The letter stated that "you are hereby invited to appear before the grand jury at 9:00 AM, on August 26, 2015, ... to testify concerning these matters currently under investigation. An attorney is not allowed to appear before the grand jury on your behalf."
>
> On August 18, 2015, the defendant sent a text message to the IRS agent and informed the agent that he was not available to be in Kansas City on August 26. On August 19, 2015, the defendant had a telephone conversation with the IRS Special Agent concerning the Grand Jury proceeding. Stanley was informed that the Grand Jury was meeting on August 25 and 26, 2015. Stanley informed the agent that he was not available on August 25 or 26 to meet with the Grand Jury. Stanley stated he had plans to be out of Kansas City that have been set since May 2015. Stanley wanted to know if they could meet somewhere else other than Kansas City and he was informed that the Grand Jury was composed of approximately 20 people who meet in Kansas City.

[3]The letter was dated January 27, 2014.

> On August 25, 2015, the case was presented to the federal Grand Jury. The Grand Jury was informed that the defendant had requested an opportunity to appear and testify. The Grand Jury was informed that the defendant said he was unavailable during that session of the Grand Jury and was requesting to appear at another time. The Grand Jury was given an opportunity to deliberate and vote on whether they wish to proceed with a consideration of the Indictment or delay until the defendant was available to testify. The Grand Jury voted to proceed with the consideration of the Indictment.

(Government's Response to Motion to Dismiss Indictment Under Fed. R. Crim. P. 6(b)(2) (doc #22) at 2-3)

First, the Court notes that Rule 6(b)(2) of the Federal Rules of Criminal Procedure deals with a motion to dismiss an indictment based on a challenge that the grand jury was not selected in conformity with the provisions of Title 28. Defendant Stanley has not presented such a challenge. Instead, defendant is contending that there was an error in the grand jury proceeding in that he was not allowed to address the grand jury. Such a motion would fall under Rule 12(b)(3)(A)(v). However, the law is clear that "refusal to permit a prospective defendant to present his case to the grand jury … sets forth no ground for dismissal of an indictment." United States v. Goldstein, 342 F. Supp. 661, 669 (E.D. N.Y. 1972). See also Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994)(defendant has no right to appear before grand jury); United States v. Fritz, 852 F.2d 1175, 1178 (9th Cir. 1988)("A person under investigation by a grand jury has no right to appear before the grand jury."); United States v. Smith, 552 F.2d 257, 261 (8th Cir. 1977)("defendant presently has no absolute right to appear before the grand jury that is investigating him"); United States v. Donahey, 529 F.2d 831, 832 (5th Cir. 1976)("an accused has no right to appear before the Grand Jury to state her case"); Hart v. United States, No. 1:10-CV-00043-ERW, 2011 WL 2199948, at *4 (E.D. Mo. June 7, 2011)(it is within discretion of prosecutor not to allow subjects of indictment proceedings to testify before grand jury).

While it appears that the government would have allowed defendant Stanley to address the grand jury had he been available when the grand jury took up his case in August 2015, the government was under no obligation to reschedule the presentation of the case given Stanley's unavailability. As the court found in Hart, a defendant's "opportunity to testify at trial and to tell his own side of the story before the trial jury" counters any prejudice the defendant claims for a failure to testify in front of the grand jury. 2011 WL 2199948, at *4.

For the foregoing reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Stanley's Motion to Dismiss Indictment Under Fed. R. Crim. P. Rule 6(b)(2) (doc #15).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE