**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION TO DENY THE MOTION TO DISMISS AND EXCLUDE EVIDENCE EXCEEDING THE PERIOD OF LIMITATIONS**

The United States of America files this Response in Opposition to the defendant's Objection to the Report and Recommendation (Doc. 39) to deny his Motion to Dismiss for Error in the Grand Jury Proceeding. (Doc. 13.) In the original motion, the defendant moved to dismiss the Indictment because the offenses alleged did not occur within the six-year period of limitations. The Report and Recommendation found that the Indictment alleged actions by the defendant within the six-year period of limitations.

In his objection, the defendant contends that the six-year period of limitations set forth in 26 U.S.C. § 6531(6) should apply "only to the more egregious intimidation offenses of § 7212(a)". (Doc. 40 at 4.) Additionally, the defendant argues that even if the six-year special limitations applies, "the allegation concerning **the August 6, 2009 information referral stands beyond 6 years prior to the August 25, 2015 indictment**." (Emphasis in original).

26 U.S.C. § 6531 states, in pertinent part:

> no person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years -
>
> (6) for offenses described in Section 7212(a) (relating to intimidation of officers and employees of the United States).

Count Two of the Indictment charges a violation of 26 U.S.C. § 7212 (a). The charge in the Indictment alleges that the defendant corruptly impeded or obstructed the due administration of the internal revenue laws. The defendant believes that the six-year period of limitations applies only to the force clause, not the corrupt clause of § 7212.

Recently, in *United States v. Giambalvo*, 810 F.3d 1086, 1092 (8th Cir. 2016), the Court rejected the exact claim in a prosecution under the corrupt clause of § 7212. The Court stated:

> On appeal, Giambalvo argues that the district court erred in denying his motion to dismiss the indictment as time-barred by the statute of limitations set forth in § 6531(6). Applying de novo review, we reject Giambalvo's argument. *See United States v. Boykoff*, 67 Fed. Appx. 15, 22 (2d Cir. 2003) (summary order) ("The application of a statute of limitations is a matter of law that we review *de novo.*" (citation omitted)). "Courts have uniformly held that the parenthetical in Section 6531(6) is explanatory, not limiting, and applies to all conduct under Section 7212(a)." *Id.* (*citing United States v. Kassouf*, 144 F.3d 952, 959 (6th Cir.1998) (finding "relating to" parenthetical in 26 U.S.C. § 6531(6) descriptive)); *United States v. Workinger*, 90 F.3d 1409, 1413–14 (9th Cir. 1996) ("To forestall a defendant's evasion of prosecution by use of the shorter three-year statute, Congress expressly included § 7212(a) offenses within the list of the six-year exceptions. In short, the structure of § 6531 makes it apparent that the parenthetical language in § 6531(6) is descriptive, not limiting. Corruption was within the Section's purview. The result is that the six-year statute of limitations applied to Count 7.");

> *United States v. Kelly*, 147 F.3d 172, 177 (2d Cir. 1998) (rejecting the defendant's argument that the three-year statute of limitations applied to the omnibus clause on plain error review).[1]
>
> We join the courts that have addressed the issue and conclude that the "relating to" parenthetical is not limiting. The six-year statute of limitations thus applies to Count 1, and that charge falls within that limitations period. Therefore, we hold that the district court did not err in denying Giambalvo's motion to dismiss the indictment as time-barred by the statute of limitations.

*United States v. Giambalvo*, 810 F.3d 1086, 1092-93 (8th Cir. 2016).

The defendant further argues that even if the six-year statute of limitations applies, "**the allegation concerning the August 6, 2009 information referral stands beyond 6 years prior to the August 25, 2015 indictment**." "The limitations period for a violation of § 7212 (a) . . . begins to run on the date of the last corrupt act." *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997). In this case, the Indictment alleges the defendant took actions to violate § 7212 from "on or about 2005, and continuing thereafter up to and including 2013." Therefore, the proof at trial will establish that the defendant engaged in conduct in violation of the statute within the six-year period of limitations.

---

[1] *See also United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (noting that the applicable statute of limitations for § 7212 was six years and applying it to omnibus clause violation); *United States v. Swanson*, 112 F.3d 512, at *2 (4th Cir. 1997) (per curiam) (finding parenthetical in § 6531(6) to be merely descriptive of entire § 7212(a) and therefore not limited to intimidation clause of that Section); *United States v. Brennick*, 908 F. Supp. 1004, 1017–18 (D.Mass.1995); *United States v. Sarcia*, No. 97 CR 262, 1997 WL 458426, at *1 (N.D.Ill. Aug. 4, 1997) (adopting *Workinger* and holding that parenthetical language in § 6531(6) is descriptive rather than limiting, and holding that the statute of limitations for § 7212(a) in its entirety is six years).

Wherefore, the Government requests that the Court adopts the well-reasoned Report and Recommendation and deny the defendant's *pro se* Motion to Dismiss Charges and Exclude Evidence Exceeding the Period of Limitations.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By *Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on March 4, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*Paul S. Becker*
Paul S. Becker
Assistant United States Attorney