IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00271-01-CR-W-HFS |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Harold R. Stanley's pro se[1] Motion to Dismiss for Fraud Upon the Court and Upon the Grand Jury (doc #25). For the reasons set forth below, it is recommended that this motion be denied.

Defendant Stanley requests that the Court dismiss this case as well as "[i]nitiate an investigation by lawful independent agencies having jurisdiction into the conduct of the Cass County Recorder's office, into the conduct of the Internal Revenue Service Criminal Investigation Division, and into other involved parties presently unknown to Defendant." (Doc #25 at 5) Defendant bases his request on the following:

> Witness 26, Exhibit 6 purports to be an Affidavit of Truth filed by Defendant into the Cass County Recorder's Office. Defendant first notes that there is no cover letter from the Cass County Recorder's office authenticating the group of 7 documents claimed to be originating from that office.
>
> This Exhibit 6 is facially void on inspection, as the first page lacks the seal of the Recorder's office affixed above the solid line, as found on Exhibits 1, 2, 3, and 4. The first page also lacks the Book and Page number identifier found on Exhibits 1, 2, 3, 4, and 7. The absence of the seal and certification in the space

[1]Defendant Stanley elected to proceed pro se on October 13, 2015.

clearly reserved for such on the first page renders the document facially void; it was not filed into the public record as misrepresented by the Plaintiff.

By way of background for the Court, Defendant took a version of the subject affidavit into the Cass County Recorder's office to be filed into the public record. The Recorder's office refused to record the affidavit, claiming that they could not classify that document under any of their allowed categories for recording. Defendant left the Cass County Recorder's office with this document un-filed into the public record of Cass County Missouri.

The multiple appearances of this Witness 26 Exhibit 6 document in Plaintiff's discovery suggest serious ethical and legal violations by the Cass County Recorder and/or the Plaintiff.

One possibility: the Cass County Recorder made an unauthorized copy of the affidavit, then unlawfully retained this un-recorded document in their files. If this is the case, this retention violates the ethics of the Recorder's office, and may violate Missouri statutes and United States codes regulating the conduct of the office of Recorder. Plaintiff's representation as a Cass County recorded document was negligent as a minimum. Plaintiff represented this document as an official record of the Cass County Recorder, when it clearly is not an official record. If it originated from the Recorder's office as represented by Plaintiff, it is an un-recorded unauthorized bootleg copy of a document that the Defendant removed from the Recorder's office after the Recorder refused to file it into the public record.

The second and more nefarious possibility: Defendant knows of only one other possible source for this notarized but un-recorded version of this affidavit; Defendant's personal records. Defendant's wife's home in Peculiar Missouri was robbed on January 1, 2014. One irreplacable item stolen was a box of Defendant's and wife's personal records for calendar years 2005 through 2009. Copies of the notarized but un-recorded version of this document were likely in this box of personal records.

None of the stolen items were recovered, and to Defendant's knowledge, the parties conducting the theft were never identified. The Plaintiff, the Recorder's office, or other parties unknown to the Defendant could have taken an un-recorded copy of the affidavit from Defendant's stolen personal records. The list of ethical and statutory violations from such an act could continue for pages, and would begin with due process violations, stealing information from Defendant's personal records without warrant or subpoena. …

Whichever of the two origins of the documents is correct, Plaintiff has committed fraud upon the Court and upon the Grand Jury in using discovery of

> poisonous origin. Regardless of the identity of the perpetrator, Plaintiff has proposed evidence without the most rudimentary screening. …
>
> Defendant recorded a version of this affidavit into the public record, but not into Cass County as misrepresented by Plaintiff. Recording was lawfully completed in Bates County, Missouri, where classification did not preclude a document of this type. …
>
> The Beacon report on Defendant's wife's Peculiar property, included as Witness 26 Exhibit 5, also lacks any seal of the Cass County Recorder's office authenticating the information.

(Motion to Dismiss for Fraud Upon the Court and Upon the Grand Jury (doc #25) at 1-5)

The government responds that the fraud allegation does not state a claim upon which the Court could order dismissal of the indictment; at most, there is an evidentiary issue on the admissibility of the document. (Government's Response to Motion to Dismiss for Fraud Upon the Court and Grand Jury (doc #31) at 1) Further, the government states that the Court has no authority to order federal or state law enforcement agencies to conduct investigations of possible misconduct.[2] (Id. at 2)

First, the Court notes that defendant Stanley has failed to provide the Court with a copy of the subject Affidavit of Truth or with any other documentation to support defendant's claim that the government misrepresented the document was a Cass County recorded document. Further, defendant has failed to provide the Court with any authority, either statutory or case law, to support his request for a dismissal of this case.[3] To the extent that defendant is arguing that the case

[2]The Court agrees that it has no authority to initiate an investigation of the Cass County Recorder's Office or the Internal Revenue Service Criminal Investigation Division.

[3]In his reply brief, defendant cites to the case law the government included in its response. This case law deals with "fraud upon the court" with respect to Rule 60(d)(3), relief from a final judgment, order or proceeding, not with a dismissal of an indictment. However, the standard appears quite similar to that of a dismissal for conduct in violation of the Due Process Clause as "only the most egregious misconduct … will constitute fraud on the court." Johnson v. United States, No. 4:07CV00365 ERW, 2011 WL 940841, at *1 (E.D. Mo. Mar. 16, 2011).

should be dismissed for conduct in violation of the Due Process Clause, the courts have found: "[t]he level of outrageousness needed to prove a due process violation is quite high, and the government's conduct must shock the conscience of the court." United States v. Pardue, 983 F.2d 843, 847 (8th Cir.)(per curiam)(citation and internal quotations omitted), cert. denied, 509 U.S. 925 (1993). The defense is reserved for a "narrow band of the most intolerable government conduct." Id. In United States v. Bugh, 701 F.3d 888 (8th Cir. 2012), cert. denied, 133 S.Ct. 2012 (2013), the Eighth Circuit Court of Appeals provided the following explanation:

> Law enforcement agents' conduct is so outrageous that due process principles bar the Government from using the judicial process to obtain a conviction only when agents' conduct violates "that fundamental fairness, shocking the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment." United States v. Russell, 411 U.S. 423, 432 … (1973)(internal quotation marks omitted).

701 F.3d at 894.

The fact that an Affidavit of Truth which defendant Stanley does not appear to argue that he authored, that he attempted to file in Cass County and that he did file in Bates County, somehow appears in the discovery provided to defendant by the government hardly appears to suggest the type of government conduct which would require a dismissal of the indictment. Defendant has not presented any facts to suggest any wrongdoing on the part of the government. Defendant's stated "possibility" that the Cass County Recorder made a copy of a document that was presented for filing, but not filed, would not have been an act by the government in the prosecution of this case, at most the government has provided to defendant discovery that it obtained from the Cass County Recorder. Further, the "possibility" that the Cass County Recorder would have made a copy of the document that was presented, but not filed, cannot be said to be outrageous or to shock the conscience of the Court. Defendant's second stated "possibility" that a government agent

broke into defendant's wife's home and stole the Affidavit of Truth does not appear plausible. Defendant states that the parties conducting the theft were never identified. The Court will not jump to the conclusion that the thief worked for the Cass County Recorder, the Internal Revenue Service or the United States Attorney's Office.

The Court has been presented with no evidence to suggest that the subject Affidavit of Truth was presented to the grand jury or that it will be offered as an exhibit at trial. Should the government include this Affidavit of Truth on its exhibit list for trial, defendant is free to file a motion in limine to argue for its exclusion prior to trial or to object to its admission at trial. The fact that the document was produced in discovery does not warrant a dismissal of the action.

For the foregoing reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Stanley's Motion to Dismiss for Fraud Upon the Court and Upon the Grand Jury (doc #25).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE