**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

---

# DEFENDANT'S SUPPORT OF OBJECTION TO COURT'S REPORT AND RECOMMENDATION CONCERNING MOTION TO DISMISS INDICTMENT UNDER FED. R. CRIM. P. RULE 6(b)(2)

1. Defendant hereby supports the timeliness of his objection (Doc. 46) to the Court's Report and Recommendation (Doc. 44) concerning the Motion to Dismiss Indictment Under Fed. R. Crim. P. Rule 6(b)(2) (Doc. 15).

2. Plaintiff avers in the March 18 opposition (Doc. 48): "The objection to the report and recommendation was filed on March 17, 2016, **three days beyond** the period of time allowed for filing an objection to a report and recommendation." (Doc. 48, P. 1, fn 1) [Emphasis added]

3. Defendant timed the filing of his objection to comply with the 2/29/16 Document 44 docket entry: "REPORT AND RECOMMENDATION as to Harold R Stanley re 15 MOTION to Dismiss Case. **Objections to R&R due by 3/17/2016**. Signed on 2/29/2016 by Magistrate Judge Sarah W. Hays. (Bliss, Sue) (Entered: 02/29/2016)". [Emphasis added]

4. The precise instructions from the Magistrate read: "The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same." (Doc. 44, P. 4, last ¶) The U.S. Attorney's office seemingly avers a simple reading that, for recipients of electronic service, the 14-day period begins on the date of service, which is typically also the date of receipt for electronically filed documents.

5. However, Fed. R. Crim. P. Rule 45(c) reads:

> **(c) Additional Time After Certain Kinds of Service.** Whenever a party must or may act within a specified period after service and service is made in the manner provided under Federal Rule of Civil Procedure **5(b)(2)**(C), (D), **(E)**, or (F), **3 days are added** after the period would otherwise expire under subdivision (a). [Emphasis added]

6. Referring to Fed. R. Civ. P. Rule 5(b)(2)(E):

> (b) SERVICE: HOW MADE.
>
> > (2) *Service in General.* A paper is served under this rule by:

> (E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served

7. Based on Rule 45(c), it appears that the docket entry correctly added 3 days to the 14-day objection period stated in the Magistrate's Report and Recommendation.

## CONCLUSION

Defendant intends to always be respectful of the Court's deadlines for service of documents. Defendant asks that the Court accept his Doc. 46 objection as timely served, complying with the docket entry based on Fed. R. Crim. P. Rule 45(c).

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 22, 2016 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com