**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S MOTION *IN LIMINE***
**TO EXCLUDE CERTAIN EXHIBITS AND LIMIT CERTAIN TESTIMONY**

The United States hereby moves *in limine* to exclude exhibits and testimony regarding matters which are irrelevant to the factual determinations to be made by the jury in the instant case and which will also be substantially more prejudicial than probative. Based on discovery items recently provided by the Defendant to the United States, the government anticipates that the Defendant will try to present legal arguments and evidence that challenge the constitutionality or legal authority of the Sixteenth Amendment, the Internal Revenue Code, and the Treasury regulations. Such exhibits and testimony constitute incorrect statements of the law and invade the province of the Court to instruct the jury on the law. Allowing such arguments and evidence will confuse the jury as to their true role of determining the factual issues before them as opposed to making determinations on the law. The United States respectfully asks the Court, therefore, to limit the jury's exposure to arguments that are not relevant to the factual issues the jury must decide. The United States seeks to prevent the defense from arguing or presenting evidence regarding:

1) incorrect interpretations of the law; or

2) self-serving hearsay.

On October 13, 2015, the defendant filed his exhibit list and witness list. (Doc. 16.) This week, the defendant provided the government copies of the documents that were listed as defense exhibits in this case. The documents listed as potential exhibits were as follows:

- Form 3949A Information Referral delivered August 6, 2009, to IRS CID in Fresno, CA, with USPS Track and Confirm. Exhibit 1.[1]

- Eighth Circuit Court of Appeals Case No. 12-1914, Appellant's Initial Brief, submitted May 29, 2012. Exhibit 2.

- Eighth Circuit Court of Appeals Case No. 12-1914, Appellant's Reply Brief, submitted July 19, 2012. Exhibit 3.

- Letter to Collections Due Process Hearing Officer David C. Melcher dated, November 5, 2012, with USPS Track and Confirm. Exhibit 4.

- Petition for a Writ of Certiorari from the Supreme Court of the United States, dated, March 20, 2013. Exhibit 5.

- United States Tax Court Case No. 7238-13, Petitioner's Reply to Respondent's Answer, dated September 11, 2013. Exhibit 6.

- Letter to Assistant United States Attorney Paul S. Becker, dated September 12, 2014. Exhibit 7.

- Affidavit of Revocation and Rescission filed into United States Tax Court Case No. 7238-13, served September 12, 2014, and received on September 17, 2014. Exhibit 8.

- United States District Court, Northern District of Oklahoma, Complaint filed September 18, 2015. Exhibit 9.

- The Lufkin Case docket sheet, Eastern District of Texas, Division No. 9:14-CV-138.[2] Exhibit 10.

---

[1] In his pleading, the defendant did not number the exhibits. The government is assigning these numbers in order to more easily identify the particular documents. Additionally, copies of these documents are attached to this motion.

[2] *United States v. Trowbridge* which was pending in the Lufkin division of the Eastern District of Texas.

In addition to the documents listed above, the defendant provided reciprocal discovery that also included the following documents:

- Defendant's letter to the IRS in Cincinnati dated, August 2, 2009;
- Defendant's answer to motion for summary judgment, *Stanley v. Commissioner of Internal Revenue*, United States Tax Court, case no. 5096-10L;
- Answer to respondent's motion for sanctions, *Stanley v. Commissioner of Internal Revenue*, United States Tax Court, case no. 5096-10L;
- Affidavit of Truth, *Stanley v. Commissioner of Internal Revenue*, United States Tax Court, case no. 5096-10L;
- Hand written response on letter from Frivolous Return Program, dated August 2, 2009; and
- THE MEMORANDUM, in support of motion to dismiss, *United States v. Cryer*, No. 06-50164-01, WDLA.

## *I. Defendant Should Not Argue Incorrect Interpretation of the Law During Opening Statement and Closing Arguments.*

As a preliminary matter, the courts have made it clear that a defendant should not be allowed to confuse the jury with incorrect interpretations of the law, including the Constitution, the Internal Revenue Code, and Treasury regulations. Defendant Stanley has stated[3] that his opening statement will be approximately one hour long and set forth his arguments that "when the IRS sent bills alleging tax liability, I accepted and return for value based on my understanding of the appropriate commercial processed for dealing with such things." Stanley has argued that his submission of documents annotated "Accepted for Value" and the IRS's failure to object to these documents constitute settlement under the U.C.C. However, courts

[3] The defendant appeared on an internet radio program entitled AIB Radio – Episode 980, dated, February 19, 2016. A partial transcript of the defendant's statements is attached as Exhibit 11.

have consistently held that the IRS is not a corporation but a department or agency of the United States, *United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983). *See also United States v. Johnson*, 610 F.3d 1138, 1140 (9th Cir. 2010) ("[Defendants] were adamant in their desire to represent themselves and assert an absurd legal theory wrapped up in Uniform Commercial Code gibberish. . . . The record clearly shows that the defendants are fools, but that is not the same as being incompetent."); *United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (stating that defendants' "arguments are patently without merit. Perhaps they would even be humorous–were the stakes not so high. To begin with the U.C.C. has no bearing on criminal subject matter jurisdiction.") The government fully expects the defendant to raise these frivolous arguments again before the jury.

"In our judicial system the court instructs the jury on the applicable law, and directs the jury to determine the facts from the evidence and to apply the law as given by the court to those facts. The law is neither introduced as evidence nor presented through witnesses at trial." *United States v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979). Moreover, "it is within the sole province of the court 'to determine the applicable law and to instruct the jury as to that law.'" *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999) (*quoting In re Air Crash Disaster*, 86 F.3d 498, 523 (6th Cir. 1996); *see also United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989) ("It is the district court's peculiar province to instruct the jury on the law . . . ."). "The law is given to the jury by the court and not introduced as evidence . . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be . . . . Juries only decide facts, to which they apply the law given to them by the judge." *United States v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991) (quoting numerous

cases, including *Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974)) (internal citations omitted).

The defendant's arguments must be limited to the facts presented during trial and the instructions given by this Court. The defendant is permitted to argue that he lacked the requisite willfulness to commit the crimes with which he is charged, based upon a good faith misunderstanding of his duty under the law. *See Cheek v. United States*, 498 U.S. 192, 202 (1991) (government required to rebut claim of good faith misunderstanding or ignorance of the law); *United States v. Whiteside*, 810 F.2d 1306, 1311 (5th Cir. 1987) (approving of jury instruction stating that "[t]he defendant's conduct is not willful if he acted through negligence, inadvertence, justifiable excuse, mistake, or due to his good faith misunderstanding of the requirements of the law.") A disagreement with the law, however, is not a defense to the crimes alleged in the indictment since one has to know what the law is in order to disagree with it. The defendant is not permitted to blur the line between factual evidence about his state of mind and the actual law. *See* Fed. R. Evid. 103(c). Moreover, if the Defendant interjects into the proceedings his disagreements with the law, the Supreme Court in *Cheek* indicated that it would be proper for the Court to issue an instruction to disregard them. *Cheek*, 498 U.S. at 206.

A reading of the language of *Cheek* supports the following instruction:

> A person's opinion or belief that the tax laws are invalid or violate his constitutional rights is not a defense to the crime charged in this case. Mere disagreement with the law does not constitute a good faith misunderstanding of the requirements of the law, because it is the duty of all persons to obey the law whether or not they agree with it. Any evidence that you have heard to the contrary in this regard is irrelevant and should be ignored.

*See Cheek*, 498 U.S. 192, 202-206.

If the defendant has legal arguments regarding the interpretation of the Internal Revenue Code, he can present such arguments to the Court in a trial brief or through proposed jury instructions. The Court can then determine the law and present it to the jury after all evidence has been presented.

## ***II. Documents Created by the Defendant are Inadmissible Hearsay.***

The documents listed in the defendant's exhibit list, Nos. 1 – 10, were all created by defendant Stanley[4]. Materials created by the defendant are inadmissible as lacking evidentiary foundation and are self-serving hearsay. *See* Fed. R. Evid. 801(c); *see also United States v. Esparza*, 291 F.3d 1052, 1055 (8th Cir. 2002) (defendant's self-serving statement at the time of arrest was not admissible); and *United States v. Bond*, 87 F.3d 695, 699-700 (5th Cir. 1996) (defendant's self-recorded tape was self-serving hearsay and inadmissable). In the instant case, the proposed exhibits of the defendant contain his unsuccessful arguments presented to the Tax Court and the Eighth Circuit Court of Appeals. As such, these materials are self-serving hearsay and are not reliance materials as they were created in support of defendant's already existing views. They also present an incorrect statement of the law to the jury which invades the province of the Court. Should the defendant testify, the documents remain hearsay and, moreover, are inferior to his own testimony. Regardless of whether the defendant testifies, admission of the documents into evidence would be unduly prejudicial, as they would contain incorrect interpretations of the law. Therefore, the government requests that the court rule that the documents listed in the defendant's exhibit list are not admissible at trial.

[4] Exhibit number 11 is a docket sheet from *United States v. Trowbridge*, a case in the Eastern District of Texas, which was not included in the discovery materials provided by the defendant.

For the aforementioned reasons, the United States respectfully requests that its Motion *in limine* be granted.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By: */s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney
Fraud and Corruption Unit

Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 1, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold Stanley
P.O. Box 1236
Oologah, Oklahoma 74053

*/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney