# CASE NUMBER 12-1914

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

HAROLD RAY STANLEY,

Petitioner-Appellant, *pro se,*

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from the United States Tax Court
Case Number 5096-10L

---

## APPELLANT'S INITIAL BRIEF

---

Harold R. Stanley, Appellant *pro se*
P.O. Box 399
Peculiar, Missouri 64078
Telephone: 816-210-5905
E-mail: hstanley@fairpoint.net

## SUMMARY OF THE CASE

The case summarizes in one question: Did Mr. Stanley lawfully settle assessed tax liabilities for 2006?

Mr. Stanley responded timely to multiple assessments from the I.R.S.. He returned documents to settle liabilities according to his understanding of the Uniform Commercial Code applied to the financial system in effect in the United States since 1933.

The I.R.S. has not returned any document to Mr. Stanley, and did not provide timely or specific notice of dishonor. But the I.R.S. asserted to the Tax Court that the documents were “mock” or “fake” from a “tax protestor”. The Tax Court concurred with the I.R.S.. Further, the Tax Court sua sponte set aside the U.C.C. in their final decision.

Mr. Stanley appeals to review the Tax Court’s set aside of the U.C.C., to review the I.R.S.’ mutual obligation beyond the U.C.C. to correspond timely and with specificity, and to review whether the assessed liabilities stand settled.

Petitioner’s simple case does not demand oral argument to present. If the Court requests oral argument, 15 minutes will be adequate.

# TABLE OF CONTENTS

SUMMARY OF THE CASE .......... i

TABLE OF CONTENTS .......... ii

TABLE OF AUTHORITIES .......... iv

JURISDICITONAL STATEMENT .......... 1

STATEMENT OF THE ISSUES .......... 2

STATEMENT OF THE CASE .......... 3

STATEMENT OF FACTS .......... 4

SUMMARY OF ARGUMENT .......... 6

ARGUMENT .......... 8

I. The Uniform Commercial Code governs commercial transactions with the I.R.S. .......... 9

A. The I.R.S. is a corporation .......... 9

B. I.R.S. Inc. is subject to the requirements of the Uniform Commercial Code .......... 10

C. The Tax Court errantly set aside the U.C.C. .......... 11

II. The I.R.S. has a mutual obligation to provide timely and specific replies to settlement documents .......... 12

III. Stanley's liabilities stand settled .......... 15

CONCLUSION .......... 17

RELIEF SOUGHT .......................................................................... 17

CERTIFICATE OF COMPLIANCE WITH RULE 32 (a) ....................... 19

## TABLE OF AUTHORITIES

### STATUTES AND RULES


28 U.S.C. §1652 .............................................................................. 2, 11

Uniform Commercial Code (U.C.C.) – codified as Delaware Title 6, and Rev. Stat. MO Chapter 400 ..........................................................passim

Fed. R. App. P. 13 ............................................................................... 1


### CASES


*American Milling Co. v. Johnson,* No. 08-3888 (8th Cir. 10/19/2010) ... 15

*Commissioner v. Duberstein*, 363 U.S. 278, 290-91, 80 S. Ct. 1190, 1199, 4 L. Ed. 2d 1218 (1960)............................................................................ 8

*Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585 (8th Cir. 2007) ............................ 9

*Global Petromarine v. G.T. Sales & Manufacturing, Inc.,* 577 F.3d 839 (8th Cir. 08/17/2009)............................................................................ 9

*McAllister v. United States*, 348 U.S. 19, 20 (1954)............................... 15

*Sargent v. Commissioner of Internal Revenue*, 929 F.2d 1252 (8th Cir. 04/02/1991)..................................................................................... 8, 12

*United States v. McConney*, 728 F.2d 1195, 1199-1204 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S. Ct. 101, 83 L. Ed. 2d 46 (1984)............................................................................................ 12


### TAX COURT MEMORANDUM


Williamson v. Commissioner, T.C. Memo 2009-188........................ 11, 12

## JURISDICTIONAL STATEMENT

Mr. Stanley filed in the United States Tax Court to dispute the determinations of a Collections Due Process Hearing, as prescribed by the Internal Revenue Code.

Mr. Stanley filed in this Court of Appeals to dispute the determinations of the Tax Court, under Fed. R. App. P. 13.

The November 21, 2011 order being appealed is a final order from the Tax Court, Addendum Pages 1-7. The last paragraph reads:

> ORDERED and DECIDED that respondent may proceed with the collection action as determined in the Notice of Determination Concerning Collection Action dated January 22, 2010, for the 2006 taxable year.

Mr. Stanley filed his Motion to Revise Decision on December 21, 2011, Addendum Pages 8-13.

The Tax Court denied Mr. Stanley's motion on January 11, 2012, Addendum Page 8.

Mr. Stanley's Notice of Appeal was postmarked April 7, 2012, within 90 days of the Tax Court's denial. Under Fed. R. App. P. 13 (b), the postmark date of April 7 is the correct date of filing, not the April 13

receipt date as docketed by the Tax Court. A copy of USPS Track and Confirm for the Notice of Appeal is attached as Addendum Page 14.

## STATEMENT OF THE ISSUES

Mr. Stanley first contends that the Uniform Commercial Code (U.C.C.) governs commercial transactions with the I.R.S.. The U.C.C. enjoys international recognition, and is codified throughout the united States "To make uniform the law among the various jurisdictions", Delaware Title 6 §1-103 (a)(3) and Rev. Stat. MO §400.1-102. (2)(c).

The statutes of the states apply directly to court decisions per 28 U.S.C. §1652:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

Mr. Stanley contends that, beyond the U.C.C., the I.R.S. shares a mutual obligation to reply timely and with specificity to documents from others. Demands for timely and specific responses to I.R.S. presentments pervade correspondence from the I.R.S. to others. It is

fair and equitable that the I.R.S. be held to the same standards of timely and specific responses to correspondence from others.

In the absence of timely or specific responses from the I.R.S., Mr. Stanley's liabilities stand settled under the principles of the U.C.C. and the mutual obligation of commercial relationships: silence equals acquiescence.

## STATEMENT OF THE CASE

The case summarizes in one question: Did Mr. Stanley lawfully settle the assessed tax liabilities for 2006?

Mr. Stanley tried repeatedly to settle his assessed tax liabilities. Since July 2009, he has asked the I.R.S. Criminal Investigation Division in Fresno, the I.R.S. Automated Collection System in Cincinnati, the I.R.S. Collections Due Process Settlement Officer in Fresno, and finally the U.S. Tax Court to provide statutory disproof of the validity of his settlement documents.

Although I.R.S. agents and counsel tried to defame Mr. Stanley, they have not provided either statutory disproof of the validity, nor statutory

guidance on acceptable means of settling the allegedly unsettled liability.

Absent such statutory disproof or guidance, the Tax Court still ruled against Mr. Stanley.

## STATEMENT OF FACTS

The I.R.S. assessed tax liability to HAROLD STANLEY on August 25, 2008; October 14, 2008; November 24, 2008, and July 6, 2009. See Mr. Stanley's Affidavit of Truth, Addendum Pages 15-17, Affidavit Items 4, 10, 16, and 21.

Mr. Stanley settled each presentment from the I.R.S. in accordance with his understanding of the U.C.C. as applied to the monetary system of the united States. See Mr. Stanley's Affidavit of Truth, Addendum Pages 15-17, Affidavit Items 6, 12, 18, and 23. See also Petitioner's Exhibits attached in the Appendix.

The I.R.S. did not return any settlement documents, and did not provide any specific notice of dishonor. See Mr. Stanley's Affidavit of Truth, Addendum Pages 15-17, Affidavit Items 8, 9, 14, 15, 19, 20, 26, and 27.

At this juncture, one might ask why Mr. Stanley returned multiple assessments for the same tax year. Mr. Stanley assumed that, because of the timing for the first three assessments, the I.R.S. simply had not processed the prior settlement documents before sending the next assessment. Mr. Stanley responded to every assessment attempting to remain in commercial honor.

After returning the July 6, 2009 presentment from the I.R.S., Mr. Stanley became concerned about the multiple assessments, and asked the I.R.S. Criminal Investigation Division (CID) in Fresno, CA. to investigate. See Mr. Stanley's Affidavit of Truth, Addendum Pages 15-17, Affidavit Items 29, 30, 31.

With the I.R.S. CID complaint, Stanley asked I.R.S. CID to investigate a spurious Letter 3175C that could not be correlated to any correspondence date used by Mr. Stanley. See Mr. Stanley's Affidavit of Truth, Addendum Pages 15-17, Affidavit Item 32. Mr. Stanley was corresponding with the I.R.S. on multiple tax years at the time, so it could not be deduced that the letter correlated to Tax Year 2006, as the I.R.S. Settlement Officer later errantly assumed.

Mr. Stanley requested a Form 12153 Collections Due Process Hearing. Prior to the hearing, Mr. Stanley prepared a list of settlement and procedural concerns for discussions. See Respondent's Motion for Summary Judgment, Exhibit J. Mr. Stanley participated in a telephone Collections Due Process Hearing on November 24, 2009.

Mr. Stanley published his observations on November 25, 2009. See Respondent's Motion for Summary Judgment, Exhibit K. The I.R.S. Settlement Officer published her Notice of Determination on January 22, 2010. See Respondent's Motion for Summary Judgment, Exhibit L.

After the Collections Due Process Hearing, the I.R.S. Settlement Officer errantly attributed the spurious Form 3175C letter to Tax Year 2006. See Respondent's Motion for Summary Judgment, Exhibit I.

## SUMMARY OF ARGUMENT

Stanley's primary complaint has remained constant throughout 2-1/2 years of collections hearing and Tax Court litigation.

Mr. Stanley responded to multiple assessments from the I.R.S., returning documents to settle liabilities in accordance with his understanding of the internationally recognized Uniform Commercial

Code as applied to the monetary system in effect in the United States. The I.R.S. did not return any document, and did not provide any identifiable notice of dishonor of any settlement document.

The U.C.C. relies heavily on the principle that "silence equals acquiescence". A party returning documents to settle a liability is in honor, and can consider the liability settled unless the other party returns the documents timely with a notice of dishonor. The widely-known procedures for a "bad check" in the banking system illustrate this principle. This principle is logical and equitable to both parties; the parties have a mutual obligation to respond appropriately with timely returns and notices.

The I.R.S. relies heavily on the principle "silence equals acquiescence". Under I.R.S. procedures, the right to return documents or to otherwise respond to a presentment must be exercised timely and with specificity. Otherwise, the liability stands assessed. The I.R.S. seems to take the position, albeit unstated, that timely response with specificity is only for everyone other than the I.R.S.. This reasoning is flawed. For equity in the commercial relationship, the mutual obligation must be applied equally to both the I.R.S. and others.

Petitioner conspicuously endorsed documents for good faith settlement of the alleged tax liability. Respondent's exhibits in the underlying confirm the I.R.S. received petitioner's documents. The I.R.S. did not return petitioner's documents or otherwise send specific notice of dishonor. Therefore, petitioner's tax liability stands settled.

The I.R.S. poisoned the Tax Court's records with an errant vituperative entry. The entry appears in the I.R.S. Settlement Officer's Activity after the Collections Due Process Hearing. Stanley believes this "poisoning of the well" severely prejudiced the Settlement Officer's determinations and the Tax Court's deliberations.

## ARGUMENT

The standard of review for Tax Court cases generally is cited in *Sargent v. Commissioner of Internal Revenue*, 929 F.2d 1252 (8th Cir. 04/02/1991), "We review decisions of the United States Tax Court on the same basis as decisions in civil bench trials in United States District Courts. *Commissioner v. Duberstein*, 363 U.S. 278, 290-91, 80 S. Ct. 1190, 1199, 4 L. Ed. 2d 1218 (1960)." Standards of review for individual

arguments expressed in cases before the 8th Circuit list with the argument.

***I. The Uniform Commercial Code governs commercial transactions with the I.R.S..***

The standard of review, from *Global Petromarine v. G.T. Sales & Manufacturing, Inc.,* 577 F.3d 839 (8th Cir. 08/17/2009): "We review a district court's choice-of-law determination de novo." *Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585 (8th Cir. 2007)."

The underlying case uses an inapposite decision in the Tax Court to set aside internationally recognized state law codifying the U.C.C. for commercial transactions. The statutes of the states apply directly to court decisions per 28 U.S.C. §1652:

> "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

A. The I.R.S. is a corporation

The Internal Revenue Tax and Audit Service, Inc. is a corporation, organized under the laws of the STATE OF DELAWARE, under File

Number 0325720, incorporated 07/12/1933, according to the State of Delaware – The Official Website of the First State, at https://delecorp.delaware.gov/tin/controller.

B. I.R.S. Inc. is subject to the requirements of the Uniform Commercial Code

The STATE OF DELAWARE imposes the U.C.C. as statute under TITLE 6, Commerce and Trade, SUBTITLE I, Uniform Commercial Code. http://delcode.delaware.gov/title6/c001/index.shtml

The STATE OF MISSOURI imposes the U.C.C. as statute under TITLE XXVI, TRADE AND COMMERCE, Chapter 400, Uniform Commercial Code. http://www.moga.mo.gov/STATUTES/C400.HTM

Citing Delaware Title 6 §1-103 (a):

> The Uniform Commercial Code must be liberally construed and applied to promote its underlying purposes and policies, which are:
> (1) To simplify, clarify, and modernize the law governing commercial transactions;
> (2) To permit the continued expansion of commercial practices through custom, usage, and agreement of the parties; and
> (3) **To make uniform the law among the various jurisdictions.** [emphasis added]

Nearly identical language appears in Rev. Stat. MO §400.1-102. (2):

Underlying purposes and policies of this chapter are
(a) to simplify, clarify and modernize the law governing commercial transactions;
(b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;
(c) to make uniform the law among the various jurisdictions.

The state legislative intent of these statutes is clear: to apply to all commercial transactions in their jurisdictions, and among the various jurisdictions. Neither I.R.S. counsel nor the Tax Court cited a Constitutional provision, treaty, or Act of Congress to supersede the U.C.C.. Such citation is essential to supersede state laws per 28 U.S.C. §1652.

C. The Tax Court errantly set aside the U.C.C.

The Tax Court set aside the U.C.C. sua sponte, citing a Tax Court ruling from an inapposite case.

On Page 4 of the decision, the Court asserts "the Uniform Commercial Code (U.C.C.), [is] an area of law that is irrelevant to this case. See, e.g., Williamson v. Commissioner, T.C. Memo 2009-188." Addendum Page 4.

Docket No. 23893-07L for Williamson v. Commissioner, at [11] states "The issue involved is whether respondent abused his discretion in

denying petitioner a face-to-face hearing." The U.C.C. may not directly regulate CDP hearing procedures; 5 U.S.C. would be more directly applicable. Mr. Stanley's clearly indicates that the instant case primarily concerns the commercial transactions between Mr. Stanley and the I.R.S. Inc. See Mr. Stanley's May 2, 2011 Affidavit of Truth, Addendum Pages 15-17. (Exhibits to the Affidavit included in the Appendix, Pages 1-26)

Williamson v. Commissioner does not apply to Mr. Stanley's commercial transactions with the I.R.S. Inc. The U.C.C. does apply to Mr. Stanley's commercial transactions with the I.R.S. Inc.

## *II. The I.R.S. has a mutual obligation to provide timely and specific replies to settlement documents*

The standard of review from *Sargent v. Commissioner of Internal Revenue*, 929 F.2d 1252 (8th Cir. 04/02/1991):

> Mixed questions of law and fact that require the consideration of legal concepts and involve the exercise of judgment about the values underlying legal principles are reviewable de novo. *United States v. McConney*, 728 F.2d 1195, 1199-1204 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S. Ct. 101, 83 L. Ed. 2d 46 (1984).

Beyond the Uniform Commercial Code, the I.R.S. shares a mutual obligation to reply timely and with specificity to documents from others. The I.R.S. did not notify Mr. Stanley, either timely or with specificity, that it supposedly rejected settlement documents. No settlement documents were ever returned to Mr. Stanley.

The I.R.S. demands an obligation for others to respond timely and with specificity. Demands for timely and specific responses pervade correspondence from the I.R.S.. Excerpts from Letter 1058:

> CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
>
> This is your notice … that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:

I.R.S. deadlines and the principle "silence equals acquiescence" pervade the I.R.S. motion for summary judgment dated December 29, 2010 in the underlying case:

> 5: "Petitioner did not file a petition"
> 11: "he needed to"
> 12: "he would have to"
> 14: "did not submit"
> 21: "he had a prior opportunity"
> 22: "petitioner is precluded"

> 26: "Petitioner did not at any time raise... Therefore, such matters are deemed conceded."

Fairness in business dealings requires similar time constraints for the I.R.S.. The principle "silence equals acquiescence" should apply equally to the I.R.S..

Mr. Stanley invoked such principles in his answer to I.R.S. Letter 1058:

> NOTICE: You have 72 hours from the date of receipt of this tender offer of payment to disagree with appropriate disproof of the validity of this transaction. If you disagree, please provide me with statutory proof that you assert to be pertinent as to why my presentment of the aforesaid tender would be invalid. I respectfully urge your acknowledgement of the tender so presented to settle the 2006 tax year matter.

Mr. Stanley still awaits "appropriate disproof of the validity of this transaction."

A possible incomplete response appeared 18 months later in the I.R.S.' February 17, 2011 Response to Petitioner's Motion for Summary Judgment, Page 3, with reference to "commercially acceptable means as prescribed by Treasury Regulation." This "Treasury Regulation" was

not specified by name or number, therefore Mr. Stanley could not research the regulation to respond.

### *III. Stanley's liabilities stand settled.*

The standard of review, from *American Milling Co. v. Johnson,* No. 08-3888 (8th Cir. 10/19/2010), "We review the factual findings of the district court, sitting without a jury in admiralty, for clear error. *McAllister v. United States*, 348 U.S. 19, 20 (1954)."

The I.R.S. did not return any of Stanley's "fake" or "mock" money orders.

Using an example from common checking accounts: if a person writes a "bad" check, whether on a closed account or with insufficient funds to settle the accounting, the original document is returned stamped with appropriate rejection notices. The bank thereby complies with the banking provisions of the U.C.C. and mutual obligations of banking relationships. If Mr. Stanley's documents were "fake" or "mock" as I.R.S. counsel and the Tax Court allege, the documents should have been returned timely with notice of the dishonor.

The Tax Court set aside the U.C.C. as defense against Plaintiff's argument that filings complied with the U.C.C. in settling the obligations assessed. The fact the Tax Court resorted to this sua sponte argument suggests that Stanley's documents and position comply with the U.C.C.. Otherwise, there was no need to use an inapposite case to set aside the U.C.C..

Neither I.R.S. counsel nor the Tax Court cited a Constitutional provision, treaty, or Act of Congress to supersede the U.C.C. in the instant case.

Beyond the U.C.C., the I.R.S. has a mutual obligation to respond timely and with specificity to correspondence from others. I.R.S. did not respond timely nor with specificity to any correspondence from Mr. Stanley. Absent a timely return of documents or timely notice of dishonor, Stanley's obligations to the I.R.S. stand settled.

## CONCLUSION

The Court should find that the I.R.S. be held to the standards of the U.C.C. in their commercial dealings with others.

The Court should find that the I.R.S. has a mutual obligation to others to respond timely and with specificity to commercial correspondence.

The Court should find that Mr. Stanley has settled liabilities assessed by the I.R.S. against HAROLD STANLEY.

## RELIEF SOUGHT

Mr. Stanley requests the Court direct the I.R.S. to correct its accounting records to show HAROLD STANLEY's 2006 tax liability satisfied. Mr. Stanley requests the Court direct the I.R.S. to reimburse Petitioner for 500-plus man-hours of time spent defending his commercial position against the I.R.S..

Mr. Stanley requests the Court direct the I.R.S. to reimburse Petitioner for mental anguish inflicted by the I.R.S., and such other relief as the Court deems appropriate.

Respectfully submitted,

_HRS________________________________
Harold R. Stanley, Appellant *pro se*
P.O. Box 399
Peculiar, Missouri 64078
Telephone: 816-210-5905
E-mail: hstanley@fairpoint.net
May 29, 2012

## CERTIFICATE OF COMPLIANCE WITH RULE 32 (a)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains less than 3,641 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011 Version 14.2.0 in 14-point Century Schoolbook.

_HRS______________________________

Harold R. Stanley, Appellant *pro se*
P.O. Box 399
Peculiar, Missouri 64078
Telephone: 816-210-5905
E-mail: hstanley@fairpoint.net
May 29, 2012