# CASE NUMBER 12-1914

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

HAROLD RAY STANLEY,

Petitioner-Appellant, *pro se,*

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from the United States Tax Court
Case Number 5096-10L

---

## PETITION FOR REHEARING
## AND REHEARING EN BANC

---

Harold R. Stanley, Appellant *pro se*
P.O. Box 399
Peculiar, Missouri 64078
Telephone: 816-210-5905
E-mail: hstanley@fairpoint.net

## INTRODUCTION AND TIMELINESS

Without written opinion the panel of this court on October 15, 2012 affirmed the U.S. Tax Court's sua sponte argument and resulting judgment against Stanley. This Court's affirmation contradicts a binding decision of the U.S. Supreme Court, excuses extra-statutory action by the I.R.S., sustains U.S. Tax Court misapplication of its own case law, and fails to remedy unlawful I.R.S. levy actions during the pendency of this appeal.

This petition is timely within 45 days of the judgment as required by the clerk's cover letter transmitting the judgment.

## ISSUES

Summary of the issues:

1. The Supreme Court wrote: "when the United States become parties to commercial paper, they incur all the responsibilities of private persons under the same circumstances." *Cooke et. al. v. United States*, 91 U.S. 389 (U.S. 10/01/1875). The I.R.S. asserts that it is an agency of the United States. Should this Court excuse the I.R.S. from the responsibilities of private persons under the same circumstances?

2. The States enacted the Uniform Commercial Code to govern commerce, and State laws operate as rules of decision under 28 U.S.C. §1652 unless superseded by Federal laws. The I.R.S. argues that payments to the I.R.S. must be by "commercially acceptable means as prescribed by Treasury Regulation" (February 17, 2011 Response to Petitioner's Motion for Summary Judgment, Page 3), without citing any specific Treasury Regulation, United States public law, or U.S. Code superseding the U.C.C..[1] Should this Court sustain the judgment against Stanley in the absence of cited federal law?

3. U.S. Tax Court Docket No. 23893-07L for *Williamson v. Commissioner*, at [11] states "The issue involved is whether respondent abused his discretion in denying petitioner a face-to-face hearing." The U.S. Tax Court ruled that Williamson's Uniform Commercial Code defense did not apply to CDP hearings. Should this Court sustain the sua sponte application of the *Williamson* CDP hearing decision as case law in this present case centering on payment means and methods?

4. The I.R.S. levied against Stanley's self-employment receivables and bank accounts during the pendency of this appeal. Although the

---

[1] The I.R.S. cited I.R.C. §§7121 and 7122 for settlements, but §§7121 and 7122 do not address "commercially acceptable means of payment".

levies were later repealed, this reckless action irreparably harmed Stanley's 39-year reputation with his clients, extorted funds from a bank account, and inflicted substantial emotional pain and suffering. Should this Court allow such an assault on Constitutional due process to stand without appropriate remedy to Stanley, and without ordering safeguards for future persons similarly situated?

## ARGUMENT

### *I. Should the I.R.S. be excused from the commercial responsibilities of private persons under the same circumstances?*

"If it [government] comes down from its position of sovereignty, and enters the domain of commerce, it submits itself to the same laws that govern individuals there." *Cooke et. al. v. United States*, 91 U.S. 389 (U.S. 10/01/1875), [78].

The I.R.S. demands others respond timely and with specificity to correspondence from the I.R.S.. Under the principles of *Cooke* and the U.C.C., the I.R.S. had an obligation to respond timely and with specificity to Appellant's correspondence.

As documented in Appellant's un-rebutted affidavit, the I.R.S. did not respond timely or with specificity to any correspondence from the Appellant. Under the U.C.C., which contains response requirements similar to I.R.S. demands, STANLEY's tax bills stand settled.

### *II. Should the I.R.S. be allowed to overturn the U.C.C. absent superseding Federal law?*

No representative of the I.R.S. has addressed the gravamen of Stanley's case against the I.R.S.: what is an acceptable form of payment?

Stanley honestly and repeatedly settled 2006 tax bills with documents he believed to be commercially acceptable and consistent with the U.C.C. and U.S. Public Law. The I.R.S. did not return any signed original document to Stanley, leading Stanley to believe his documents lawfully settled the tax bills. To this day, the I.R.S. has not returned any original document to Stanley. The I.R.S. has yet to cite any provision of the I.R.C., any other U.S. Code, or any U.S. Public Law that specifically contradicts the U.C.C. in effecting settlement of tax bills.

The I.R.S. did not provide any notice of defect that Stanley could identify with any document submitted to the I.R.S.. The I.R.S. simply continued down a course of repeated tax bills, lien notices, and unlawful levies.

Appellant's fundamental legal question - what is an acceptable form of payment? - remains unanswered. Absent superseding Federal law, STANLEY's tax bills stand settled.

### *III. Should the U.S. Tax Court be allowed to apply its own case law from a vastly different case?*

The Tax Court's judgment based on a sua sponte argument extrapolated from a vastly different case.

Williamson v. Commissioner concerned CDP hearing procedures, "whether respondent abused his discretion in denying petitioner a face-to-face hearing." The present case concerns payment procedures. The CDP hearing issue in Williamson was likely beyond the commercial activity procedures covered by the U.C.C.. However, the payment procedures of the present case stand squarely within the commercial activity procedures covered by the U.C.C.

## ***IV. Should the I.R.S. assault on due process be permitted without remedy to Stanley, and without ordering safeguards for future persons similarly situated?***

As stated in Stanley's August 31, 2012 Motion, the I.R.S. unlawfully levied against STANLEY's receivables during the pendency of this appeal. Stanley later learned that the I.R.S. also unlawfully levied against STANLEY's bank accounts.

The Department of Justice in representing the I.R.S. conceded in its September 6, 2012 Response that "the IRS inadvertently failed to place a 'freeze code' on Stanley's account" and "Upon receiving Stanley's motion, we contacted the IRS and have been assured that the requisite freeze code has been placed on the account, and that no further levy actions will take place until this appeal is final."

However, significant and irreparable damage was already done.

Stanley's hometown bank in Peculiar, Missouri received the levy notice but stated they have no record of the release notice, and drafted a check on October 5, 2012 for payment to the I.R.S.. The unlawful levy notice and action irreparably harmed Stanley's reputation in his hometown community. The I.R.S.' failure to ensure receipt of the levy release resulted in financial loss.

The unlawful levy notices to present clients irreparably harmed Stanley's 39-year reputation in the engineering community, where personal integrity is paramount. It is impossible to estimate the negative future impact of this unlawful action on Stanley's ability to secure wage-earning opportunities from present and prospective future clients.

The I.R.S. is granted immense power to collect taxes, and with immense power comes immense responsibility to ensure that an individual's Constitutionally protected due process rights are not violated. This safeguard is the clear intent of 26 U.S.C. § 6330 (e)(1).

Yet in this case Constitutionally protected due process rights were recklessly violated.

Stanley should be compensated by the I.R.S. for this reckless action's impact on his engineering reputation, and his ability to secure future wage-earning opportunities. Stanley should also be compensated for the impact on his community reputation, and for emotional pain and suffering. The damages, minimally sought, total to $40 Million.

Further, the I.R.S. should be ordered to immediately enact procedures to ensure that such a reckless attack does not occur in the

future against any other person pursuing lawful due process remedy through the courts.

## CONCLUSION

The Court should grant an en banc rehearing to find the Tax Court erred in its judgment, and should order the Tax Court to evaluate Stanley's settlement activities based on the Uniform Commercial Code. The Court should order the I.R.S. to compensate Stanley for the unlawful levies, and to enact procedures to safeguard against future attacks on Constitutional due process.

Respectfully submitted,

__HRS____________________________

Harold R. Stanley, Appellant *pro se*
P.O. Box 399
Peculiar, Missouri 64078
Telephone: 816-210-5905
E-mail: hstanley@fairpoint.net
November 26, 2012

## CERTIFICATE OF COMPLIANCE WITH RULE 32 (a)

Certificate of Compliance with Typeface Requirements and Type Style Requirements:

1. This notice complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this notice has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011 Version 14.2.5 in 14-point Century Schoolbook.

_HRS______________________________
Harold R. Stanley, Appellant *pro se*
P.O. Box 399
Peculiar, Missouri 64078
Telephone: 816-210-5905
E-mail: hstanley@fairpoint.net
November 26, 2012

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of November 2012, I electronically filed a PDF version of the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

_HRS___________________________
Harold R. Stanley, Appellant *pro se*
November 26, 2012