No. 13-

# In the Supreme Court of the United States

Harold R. Stanley,
*Petitioner*

v.

Commissioner of Internal Revenue
*Respondent*

On Petition for a Writ of Certiorari
To The United States Court of Appeals
For the Eighth Circuit

## PETITION FOR A WRIT OF CERTIORARI

Harold R. Stanley
P.O. Box 399
Peculiar, Missouri 64078-0399
(816-210-5905)
Petitioner, *pro se*

## QUESTION PRESENTED

Is the Commissioner of Internal Revenue required to comply with the Uniform Commercial Code when processing payment documents from private persons?

## TABLE OF CONTENTS

Page

QUESTION PRESENTED ........................................ ii

TABLE OF CONTENTS........................................... iii

APPENDIX..................................................................v

TABLE OF AUTHORITIES .................................... vii

OPINIONS BELOW ..................................................1

JURISDICTION.........................................................1

STATUTES ...............................................................1

STATEMENT OF THE CASE ..................................1

(i) Proceedings in the Courts below........................1

(ii) Statement of Facts ...........................................2

ARGUMENT ...............................................................3

THIS WRIT SHOULD BE GRANTED TO CORRECT THE RULINGS THAT ARE CONTRARY TO LONG-ESTABLISHED PRECEDENT OF THIS COURT, AND ARE CONTRARY TO FEDERAL STATUTE ...3

(i.) This Court has ruled that government has all the responsibilities of private persons in commercial transactions.........................................3

(ii.) The Uniform Commercial Code stands as a rule of decision in this case per 28 U.S.C. §1652....5

CONCLUSION....................................................7

# APPENDIX

**Underlying Actions**

United States Court of Appeals Eighth Circuit Case No: 12-1914

United States Tax Court Case No: 5096-10

Page

**Appendix A:**

Mandate January 9, 2013
Court of Appeals Eighth Circuit.................................... 1

Rehearing en banc Denied Order December 21, 2012
Court of Appeals Eighth Circuit.................................... 2

United States Tax Court Judgment Affirmed Order October 15, 2012
Court of Appeals Eighth Circuit ................................ 3

Per Curiam Opinion October 15, 2012
Court of Appeals Eighth Circuit ............................ 4-7

**Appendix B:**

Petitioner's Motion to Revise Decision Denied January 11, 2012
U.S. Tax Court ...................................................... 8-11

Order and Decision November 21, 2011
U.S. Tax Court .................................................. 12-21

Petitioner's unrebutted sworn Affidavit of Truth May 2, 2011
Filed in U.S. Tax Court ..................................... 22-26

**<u>Statutes - Appendix C:</u>**

26 U.S.C. § 7121 ....................................................... 27

26 U.S.C. § 7122 .................................................. 28-33

28 U.S.C. § 1652 ....................................................... 34

# TABLE OF AUTHORITIES

## Cases

Cooke et al v. United States, 91 U.S. 389 (1875) ....................3, 4, 5

Hutto v. Davis, 454 U.S. 370 (1982) ....................4

## Statutes

26 U.S.C. § 7121 ....................5

26 U.S.C. § 7122 ....................5

28 U.S.C. § 1254(1). ....................1

28 U.S.C. § 1652 ....................5

Fed. R. App. P. Rule 13 ....................2

Uniform Commercial Code (U.C.C.) ....................5, 6

## OPINIONS BELOW

The court of appeals order and per curiam opinion is printed in the Appendix ("App.") at App-3 to App-5. The order denying the petition for rehearing *en banc* is at App-2. The mandate is at App-1.

## JURISDICTION

On October 15, 2012, the court of appeals rendered judgment affirming the tax court's order and decision in favor of the respondent. Petition for rehearing en banc was denied on December 21, 2012. Petition is filed timely within 90 days of the denial of rehearing. This court has jurisdiction under 28 U.S.C. § 1254(1).

## STATUTES

The text of the following federal statutes appear in Appendix C:

26 U.S.C. § 7121
26 U.S.C. § 7122
28 U.S.C. § 1652

## STATEMENT OF THE CASE

### (i) Proceedings in the Courts below

Petitioner Harold Stanley filed in the United States Tax Court to review conclusions reached by an

I.R.S. Settlement Officer in a Collections Due Process Hearing concerning 2006 income tax. The Tax Court ruled in favor of the IRS.

Petitioner then appealed to the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. Rule 13. The Appeals court upheld the ruling of the Tax Court in favor of the I.R.S..

**(ii) Statement of Facts**

No commercial transaction facts have ever been in dispute. The Petitioner's unrebutted sworn Affidavit of Truth in the Appendix at App-22 to App-26 presents detailed events leading up to the Collections Due Process Hearing. A summary of the events:

> The I.R.S. mailed tax bills to STANLEY dated August 25, 2008; October 14, 2008; November 24, 2008; and July 6, 2009.
>
> Stanley accepted each of the tax bills for value, endorsed each to settle the assessed liability, and returned the documents to I.R.S. offices.
>
> The I.R.S. did not return any acceptance document to Stanley, and did not provide timely specific notice of dishonor for any acceptance.
>
> After receiving the fourth bill seven-plus months after receiving the close-spaced group of three bills, Stanley notified the I.R.S. Criminal Investigation Division (C.I.D.) of the multiple billings. Stanley asked I.R.S. C.I.D. to investigate I.R.S. agents for the fouth billing for the same tax year when Stanley believed the

bill to have been lawfully settled on three previous occasions.

## ARGUMENT

## THIS WRIT SHOULD BE GRANTED TO CORRECT THE RULINGS THAT ARE CONTRARY TO LONG-ESTABLISHED PRECEDENT OF THIS COURT, AND ARE CONTRARY TO FEDERAL STATUTE

### (i.) This Court has ruled that government has all the responsibilities of private persons in commercial transactions.

This Court wrote in Cooke et al v. United States, 91 U.S. 389 (1875) concerning commercial responsibilities of the government:

> It was conceded in the argument that, when the United States become parties to commercial paper, they incur all the responsibilities of private persons under the same circumstances. This is in accordance with the decisions of this court. The Floyd Acceptances, 7 Wall. 557; United States v. Bk. of Metropolis, 15 Pet. 377. As was well said in the last case, 'From the daily and unavoidable use of commercial paper by the United States, they are

> as much interested as the community at large can be in maintaining these principles.'

No decision of this court has overruled Cooke. And "unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." Hutto v. Davis, 454 U.S. 370 at 375 (1982).

The Tax Court ruled that the Uniform Commercial Code does not apply to commercial dealings with the I.R.S. (App-17).[1] This position clearly errs from the precedent established in Cooke. Stanley pointed to this error in the Court of Appeals, but the Court of Appeals upheld the errant position of the Tax Court.[2]

---

[1] The Tax Court cited as caselaw its own ruling in Williamson v. Commissioner, T.C. Memo 2009-188. Petitioner held, in his Motion to Revise Decision, that Williamson is inapposite to the present case: Docket No. 23893-07L, at [11] states "The issue involved is whether respondent abused his discretion in denying petitioner a face-to-face hearing." The U.C.C. may not regulate Collections Due Process hearings, but Stanley's case concerns the commercial transactions between Stanley and the I.R.S..

[2] Petitioner consistently contended, to IRS CID, to the IRS Settlement Officer, to the U.S. Tax Court, and to the Court of Appeals, that his liability for 2006 taxes stands settled under the Uniform Commercial Code. The Commissioner and the courts never contended that Stanley's documents did not meet the requirements of the Uniform Commercial Code. The Commissioner never provided any evidence of timely or specific notice of dishonor of Stanley's documents.

The Tax Court ruling in the present case stands particularly repugnant to Cooke, since a key factor in Cooke was the untimely response of the government to Cooke's good faith redemption of counterfeit notes. This Court wrote in Cooke:

> The party to whom forged obligations are passed must immediately notify the person from whom he received them, and tender the instruments. In this case, no notice was given until three weeks had elapsed, and the notes had been defaced. Thomas v. Todd, 6 Hill, 340; 2 Pars. on Contr. 265.

In the present case, seven months passed between Stanley's first round of responses to I.R.S. bills, and the Notice of Deficiency.

**(ii.) The Uniform Commercial Code stands as a rule of decision in this case per 28 U.S.C. §1652**

The statutes of the states apply directly to the federal courts' decisions per 28 U.S.C. §1652, "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." The Commissioner has not cited a

Constitutional provision, treaty, or Act of Congress to supersede the U.C.C. in the present case.[3]

The Uniform Commercial Code formalized the common law and merchant law, in effect at the time of Cooke, facilitating consistent adoption by the states. The U.C.C. is a statute for the STATE OF MISSOURI[4] at Chapter 400. Citing Rev. Stat. MO §400.1-102. (2):

> Underlying purposes and policies of this chapter are
>
> (a) to simplify, clarify and modernize the law governing commercial transactions;
>
> (b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;
>
> (c) to make uniform the law among the various jurisdictions.

The legislative intent of these statutes is clear: to apply to all commercial transactions in their jurisdictions, and among the various jurisdictions. Absent contrary federal law, the U.C.C. governs private persons' commercial transactions with the I.R.S..

---

[3] Petitioner asked the I.R.S. to provide federal laws defining "commercially acceptable means" of payment cited by the Commissioner in a motion in the Tax Court. The I.R.S. seemingly replied by citing I.R.C. §§ 7121 and 7122 as "the exclusive procedures for settling federal tax claims". On review, §§ 7121 and 7122 regulate closing agreements and forms of compromise. Sections 7121 and 7122 do not define "commercially acceptable means" of payment.

[4] Petitioner's state of residence at the time of the transactions.

## CONCLUSION

This court should grant this petition for a writ of certiorari.

Respectfully submitted,

Harold R. Stanley
P.O. Box 399
Peculiar, Missouri 64078-0399
(816-210-5905)

*Petitioner, pro se*

March 20, 2013

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned attests that the following Petitioner's Reply to Respondent's Answer dated May 29, 2013 with referenced Exhibits has been filed electronically with the United States Tax Court on September 11, 2013.


HRS____________________________
Harold R. Stanley
Petitioner, *pro se*
P.O. Box 399
Peculiar, Missouri 64078-0399
Telephone: 816-210-5905
E-mail: hstanley@fairpoint.net