**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-HFS |
| Defendant | ) | |

---

# DEFENDANT'S OBJECTION TO COURT'S REPORT AND RECOMMENDATION CONCERNING MOTION TO DISMISS FOR FRAUD UPON THE COURT AND UPON THE GRAND JURY

1. Defendant respectfully objects to the Court's Report and Recommendation (Doc. 47) concerning the Motion to Dismiss for Fraud Upon the Court and Upon the Grand Jury (Doc. 25). Later discovery further proves the fraud upon the Grand Jury.

2. Defendant apologizes for the lack of exhibits in the underlying motion, believing that he could not provide a copy of the referenced Affidavit to the Court, without specific authorization. The top of each page of the index to the Plaintiff's discovery reads: "CAUTION: THIS PAGE CONTAINS SECRET

GRAND JURY INFORMATION. DESSIMINATE ONLY PURSUANT TO RULE 6(e), FED. R. CRIM. P." Defendant therefore limited the content of his motion and support to his specific concerns on the origin of Pages 003521-003530.

3. To meet the request of the Court to examine the referenced documents, Defendant requests authorization under Fed. R. Crim. P. Rule 6(e)(3)(E)(ii):

> **(e) Recording and Disclosing the Proceedings.**
>
> **(3) *Exceptions.***
>
> (E) The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
>
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

4. If disclosure is authorized, Defendant can file the documents under seal, and redact the content not specifically applicable to this motion to dismiss. If authorized, the exhibits provided to the Court for this deliberation will include as a minimum:

- Discovery Page 000008 - the index page asserting origin of Page 000592 in the Cass County Recorder's office.
- Discovery Page 003521 - the "Cass County" Affidavit of Truth

provided by the Plaintiff in initial discovery which prompted the Motion to Dismiss for Fraud Upon the Court and Upon the Grand Jury (Doc. 25).

- Discovery Pages 007490 and 007511 – Special Agent Littrell's cover memorandum and the version of the "Cass County" Affidavit of Truth provided by the Plaintiff in discovery dated February 2, 2016.[1]

5. The February 2 cover memorandum and attachments prove the fraud alleged in Defendant's motion. Index Page 000008 listed only **one** un-recorded document allegedly received from the Cass County Recorder, the Page 003521-003530 Affidavit. Special Agent Littrell's cover memorandum Page 007490 lists **three** documents allegedly maintained in the Cass County Recorder's office Miscellaneous file for STANLEY. If the Page 003521-003530 Affidavit came from the Recorder's Miscellaneous file as stated in the Index, the other two documents would have also been provided for initial discovery.

6. Further, the two versions in discovery did NOT originate from the same source document. The top third of Pages 003521-003530 were creased for some unknown reason; the crease stands clearly visible at a slight angle above the printed line "(SPACE ABOVE THIS LINE FOR RECORDER'S

---

[1] These later documents are beyond the Rule 6(e) secrecy protection, but will be submitted *in limine* for the Court's consideration.

USE ONLY)". Further, the preceding Cass County Recorder's office documents at Pages 003491-003520, and the subsequent Page 003531 contain no such crease. The Cass County Recorder's office did not provide a cover letter listing or certifying the documents contained in their transmittal. And lastly, the February 2, 2016 discovery Pages 007511-007520 contain no such paper edge or crease.

7. Neither Page 003521 nor Page 007511 contains any date stamp, seal, logo, or initials of the Cass County Recorder's office to show receipt by the office, filing by the office, or the date of receipt or filing by the office. Page 007510 lists "Attachment 3", but was apparently provided by Special Agent Littrell. It contains no date stamp, no seal, no logo, and no initials for the Cass County Recorder, contains no description of the pages that follow, and contains no certification statement from the Cass County Recorder. Special Agent Littrell's cover memorandum at Page 007490 concedes that "The Affidavits of Truth were unrecorded."[2]

8. Defendant presumes that Special Agent Littrell's November 2015 investigation was intended to validate Page 003521 provided to the Grand Jury. The clearly visible difference caused by the crease on the top third of

[2] This version was collected by Special Agent Littrell on November 6, 2015, after the Grand Jury indictment and therefore not subject to the secrecy requirements of Fed. R. Crim. P. Rule 6(e).

Page 003521, absent on Page 007510, proves Defendant's position that Page 003521 did not originate in the Cass County Recorder's office. Special Agent Littrell's November 2015 investigation confirmed Defendant's Doc. 25 assertion that the Page 003521 document was NOT filed into the public record of Cass County, as Index Page 000008 infers. This fraud in documents specially assembled for the Grand Jury poisoned the Grand Jury proceedings, the indictment, and the resultant criminal proceeding.

9. Specious discovery may not "shock the conscience of the court" when compared to the bloody hate-filled crimes that this District Court must also adjudicate on a daily basis. But this fraud by one or more Public Servants has caused tremendous and continuing damage to Defendant, a peaceful beneficiary of the Public Trust.

## CONCLUSION

Defendant believed disclosure of Pages 000008 and 003521 as exhibits to his motion to be barred by Rule 6(e). When disclosure is authorized, Defendant will redact the disclosed pages to contain only the information relevant to this question, and will submit under seal if so directed by the Court.

In light of the additional discovery February 2, 2016 (Page 007511 and related pages), Defendant hereby restates his demand to dismiss this case with prejudice for fraud upon the Court and upon the Grand Jury. The doctrines of *res judicata* and double jeopardy will further estop Plaintiff from repeated prosecution before another grand jury.

Defendant reserves his right to challenge the Court's Doc. 47 report and recommendations on appeal, if sustained in the Court's final order.

'fn3 Rule 103(d) allows us to "tak[e] notice of plain errors affecting substantial rights although they were not brought to the attention of the court." Fed. R. Evid. 103(d).' [3]

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

[3] *United States v. Wilson*, 118 F.3d 228 (4th Cir. 07/02/1997), ¶97 as downloaded from VerusLaw®.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 4, 2016 to the CM/ECF system of the United States District Court for the Western District of Missouri.


/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com