**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD STANLEY<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**MOTION FOR ORDER OF PROTECTION FOR USE OF PERSONALLY IDENTIFIABLE INFORMATION**

Comes now the undersigned attorneys and respectfully requests the issuance of a protective order restricting the display and use of Personally Identifiable Information during the course of the trial.

Rule 49.1 of the Federal Rules of Criminal Procedure generally requires a party to redact Personally Identifiable Information (PII) from a document prior to filing it when the filing will be publicly accessible on CM/ECF.

In this matter, the Government has approximately 100 exhibits. These exhibits concern tax information for the defendant spanning from 2005 through 2014. Additionally, some of the documents contain loan applications, and banking records. These documents contain a variety of PII to include Social Security numbers, dates of birth, financial account numbers, and addresses of the defendant and his spouse.

While trial exhibits are not subject to the general redaction requirements of Rule 49 (except to the extent that they are filed with the district court and publicly available as an electronically

filed document, or if/when a trial exhibit is filed as part of an appeal),[1] the Government is still concerned about the display or discussion of PII during the course of a criminal trial, and its possible further dissemination. Because of the volume of PII contained in this evidence– 100 exhibits each containing multiple pages - preemptive redaction would be unduly burdensome, and further, the Government cannot insure the necessary preemptive redaction would effectively cull all the PII in this matter. In addition, such redaction would not address the verbal use of PII during the course of the trial.

To that end, the Government would request a protective order under Fed R. Crim. P. 16(d) authorizing the Government and other parties to this action to display and discuss PII in open court as it relates to this trial. This order would prohibit the parties from any further public disclosure or dissemination of the PII contained in the trial exhibit.

In regard to this request, the Government would request that documents or exhibits containing potential PII be displayed in such a way as to limit their exposure to the parties, the Court and its personnel, witnesses, and the jurors. This may require the positioning of video screens in such a way that the display to persons behind the bar is limited, or of such a distance that PII is not readily discernable.

Further, the Government would request an admonishment by the Court to courtroom guests, visitors or spectators that the display of PII in the matter is limited to the trial presentation and further dissemination of PII by any party, visitor, guest, or spectator would be a violation of

---

[1] Rule 49.1 is designed "to protect sensitive materials docketed with the court and thus are accessible to the public, but not undocketed materials, which are more difficult to access." *United States v. Robinson*, 2012 WL 5386037 (N.D. Ohio Nov. 2, 2012) (permitting publication of bank account information on trial exhibits).

this Court's order, and could be the subject of either criminal or civil contempt action for violation of this Court's order pursuant to Fed. R. Crim. P. 42, 18 U.S.C. § 401, and/or 28 U.S.C. § 1826.

If a situation should arise where a member of the public submits a request to inspect or view an admitted trial exhibit, and the Court grants the request, the party sponsoring the admission of the trial exhibit will redact any PII before the trial exhibit is disclosed or disseminated to the requestor. *United States v. Dimora*, 862 F. Supp. 2d 697, 707 (N.D. Ohio 2012) (ordering redactions subsequent to trial and prior to making exhibits available for public inspection).

Therefore, the Government would request this Court to issue a protective order restricting the display and use of PII during the course of the trial.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By *[/s/ Paul S. Becker]*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on April 5, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney