**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO DEMAND TO DISMISS FOR LACK OF JURISDICTION**

The United States of America files this response in opposition to the defendant's Demand to Dismiss for Lack of Jurisdiction pursuant to Fed. R. Crim. P. 12(b)(2)[1]. (Doc. 58.) The defendant's motion contains 37 pages of tax defier/sovereign citizen claims that make little sense and put forth arguments that are frivolous. Nevertheless, the defendant's core claim is that the district court does not have jurisdiction to proceed in this criminal prosecution. This claim is without merit as it is long been held that a district court's "have original jurisdiction . . . of all offenses against the laws of United States", including tax offenses. 18 U.S.C. § 3231 and *United States v. Spurgeon*, 671 F.2d 1198, 1199 (8th Cir. 1982).

[1] The motion was filed on April 5, 2016, well beyond the time for filing pretrial motions. However, Rule 12(b)(2) provides:

> **(2) Motions That May be made At Any Time.** A motion that the Court lacks jurisdiction may be made at any time while the case is pending.

## I. The United States District Court has Original Jurisdiction Over Prosecutions of Defendant's for All Offenses Against the Laws of the United States

The defendant, citing: (1) Oath to the United States; (2) Trading with the Enemy Act as codified in 50 U.S.C.; (3) Federal Debt Collection Procedure as codified in Title 28 U.S.C., Chapter 176; and (4) Fed. R. Civ. P. 4 (j) under 28 U.S.C. § 1608, demands that the Court dismiss the case against him for lack of jurisdiction. The remaining 35 pages of the defendant's pleading makes little or no sense and puts forward frivolous arguments.

Title 18, United States Code, Section 3231 provides, in pertinent part, that: "the district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." Numerous cases have held that the district court has jurisdiction over the prosecutions of individuals for Title 26 tax offenses. *See Spurgeon*, 671 F.2d at 1199; *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993); *United States v. Rosnow*, 977 F.2d 399, 412 (8th Cir. 1992); *Salberg v. United States*, 969 F.2d 379, 384 (7th Cir. 1992); *United States v. Huguenin*, 950 F.2d 23, 25 n.2 (1st Cir. 1991); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("it defies credulity to argue that the district court lacked jurisdiction to adjudicate" 26 U.S.C. § 7201 action); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987); *United States v. Bressler*, 772 F.2d 287, 293 n.5 (7th Cir. 1985); *United States v. Isenhower*, 754 F.2d 489, 490 (3d Cir. 1985); *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984); *United States v. Eilertson*, 707 F.2d 108, 109 (4th Cir. 1983); *see also United States v. McMullen*, 755 F.2d 65, 67 (6th Cir. 1984); *See generally United States v. Daraio*, 445 F.3d 253, 259 (3d Cir. 2006).

Therefore, the Court should summarily deny the defendant's frivolous Demand to Dismiss for Lack of Jurisdiction.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By *[/s/ Paul S. Becker]*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on April 6, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

Harold R. Stanley
P.O. Box 1236
Oologah, Oklahoma 74053-1236

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney