IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00271-01-CR-W-HFS |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER CONTINUING TRIAL

On August 25, 2015, the Grand Jury returned a two count indictment against defendant Harold R. Stanley. Count One of the indictment charges that from on or about 2005, up to and including October 29, 2012, defendant Stanley willfully attempted to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2005 through 2009. Count Two charges that beginning on or about 2005, and continuing thereafter to and including 2013, defendant Stanley did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws.

A status conference was held before U.S. Magistrate Judge Sarah W. Hays on October 13, 2015, during which the Court found the defendant knowingly waived his right to counsel and will proceed pro se. The defendant then orally moved to continue and the case was set for trial on the joint criminal jury trial docket commencing January 4, 2016.

Pursuant to defendant's request, the case was again continued to the joint criminal jury trial docket commencing April 25, 2016.

On April 5, 2016, defendant Stanley filed a Motion for Continuance. The motion requests a continuance for ninety days or such other period as the Court may deem fit. The

defendant seeks a continuance to allow consideration of issues recently raised before the Court. The government opposes a continuance of ninety days.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding. See 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect the defendant to prepare this case adequately for trial prior to May 31, 2016, and that failure to grant a continuance would deny the defendant reasonable time necessary for effective preparation. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, it is

ORDERED that defendant Stanley's Motion for Continuance (doc #59) is granted. This case is removed from the joint criminal jury trial docket which commences April 25, 2016. It is further

ORDERED that this case is set for trial on the joint criminal jury trial docket which commences May 31, 2016. It is further

ORDERED that, pursuant to 18 U.S.C. section 3161(h), the time between the date of this

Order and June 10, 2016, the last day of the May 31, 2016 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE