**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00271-01-CR-W-HFS |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is currently before the Court on defendant Harold R. Stanley's pro se[1] Demand to Dismiss for Lack of Jurisdiction (doc #58). For the reasons set forth below, this motion is denied.

### I. THE INDICTMENT

On August 25, 2015, the Grand Jury returned a two-count indictment against Harold R. Stanley. The indictment charges:

**INTRODUCTION**

At all times material to this Indictment:

1. Harold R. Stanley was a resident of Peculiar, Missouri. Stanley was an independent contractor who was employed by companies as a consultant. The fees paid by the companies to Stanley were reflected on IRS Form 1099.

2. Harold R. Stanley failed to file any tax returns for 2005 and 2006. For tax years 2007 through 2009, Stanley filed substantially correct returns but left the tax line entry blank and failed to submit any payment. The tax loss for 2005 through 2009 tax years is $264,294.

**COUNT ONE**

[1] Defendant Stanley elected to proceed pro se on October 13, 2015.

3. Paragraphs 1 and 2 of this Indictment are re-alleged and incorporated by reference in this count as set out fully herein.

4. From on or about 2005, up to and including October 29, 2012, in the Western District of Missouri and elsewhere, Harold R. Stanley, a resident of Peculiar, Missouri, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2005 through 2009 by:

(a) submitting fake money orders for payment to the Internal Revenue Service;

(b) returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value;" and

(c) filling out payment vouchers with his name in all capital letters but not submitting payment.

All in violation of Title 26, United States Code, Section 7201.

## **COUNT TWO**

5. Paragraphs 1 and 2 of this Indictment are re-alleged and incorporated by reference in this count as set out fully herein.

6. Beginning on or about 2005, and continuing thereafter up to and including 2013, in the Western District of Missouri and elsewhere, Harold R. Stanley did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by:

(a) submitting fake money orders for payment to the Internal Revenue Service;

(b) returning documents to the Internal Revenue Service claiming that the tax assessments are satisfied because they were "Accepted for Value;"

(c) filling out payment vouchers with his name in all capital letters but not submitting payment; and

(d) submitting a false criminal referral to the Internal Revenue Service – Criminal Investigation Division in Fresno, California.

All in violation of Title 26, United States Code, Section 7212(a).

(Doc #1)

## II. DISCUSSION

Defendant Stanley requests that the Court dismiss this case with prejudice for lack of jurisdiction. Defendant provided the following summary of his argument:

1. Their oath of office to the UNITED STATES makes Public Officials foreign to We, the People, of the States united, and

2. The Judge of this Court serves as a debt collector for the International Monetary Fund, and

3. The Plaintiff and the Court do not enjoy immunity under "commerce," and

4. The Court operates under the War Powers Act under a declared "state of emergency" with jurisdiction only over enemies of the state, and

5. The Court has not clarified language critical to this action [the meaning of "United States of America"].

(Demand to Dismiss for Lack of Jurisdiction (doc #58) at 3)

The Court finds that defendant's jurisdictional argument is frivolous and lacks any merit. Under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. See 18 U.S.C. § 3231. Defendant Stanley has been charged with an attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201, and with attempts to interfere with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a), all laws of the United States. Thus, this Court has jurisdiction over defendant Stanley's case. See United States v. Trotter, 478 F.3d 918, 920 n.2 (8th Cir. 2007)("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss [for lack of jurisdiction] was properly denied."); United

States v. Spurgeon, 671 F.2d 1198, 1199 (8th Cir. 1982)(18 U.S.C. § 3231 provides that district courts have original jurisdiction of all offenses against laws of the United States, including tax offenses). Defendant Stanley's motion to dismiss the indictment for lack of jurisdiction must be denied.

## III. CONCLUSION

Given the foregoing, it is

ORDERED that defendant Stanley's Demand to Dismiss for Lack of Jurisdiction (doc #58) is denied. It is further

ORDERED that because several issues in this case need to be decided prior to trial by the judge who will actually try the case and because the undersigned no longer presides over criminal jury trials, the Clerk of the Court is directed to randomly assign this case to another United States District Judge for all further proceedings.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April 26, 2016
Kansas City, Missouri