**INSTRUCTION NO. _______**

Members of the Jury Panel, if you have a cell phone, PDA, Blackberry, smart phone, I-phone and any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras and any recording devices).

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, charges, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook,

MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others in any way, shape or form during this trial?

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 0.01

**INSTRUCTION NO. _______**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 0.02

**INSTRUCTION NO. _______**

Ladies and gentlemen: I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I shall give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a criminal case, brought against the defendant by the United States Government. The charges are set forth in what is called an indictment, which is summarized as follows:

Count One – felon in possession of a firearm, charges that on or about December 28, 2014, in the Western District of Missouri, MICHAEL ANTHONY GARRETT, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm.

Count Two – possession with intent to distribute marijuana, charges that on or about December 28, 2014, in the Western District of Missouri, MICHAEL ANTHONY GARRETT, did knowingly and intentionally possess with intent to distribute an amount of marijuana.

Count Three – possession of a firearm in furtherance of a drug trafficking crime, charges that on or about December 28, 2014, in the Western District of Missouri, MICHAEL ANTHONY GARRETT, in furtherance of a drug trafficking crime for which he may be prosecuted, as set out in Count Two, did knowingly and intentionally possess a firearm.

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not

guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from the facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.01

**INSTRUCTION NO. _______**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove beyond a reasonable doubt to make its case.

As to the crime of felon in possession of a firearm charged in Count One, the government must prove:

*One*, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

*Two*, the defendant thereafter knowingly possessed a firearm, that is a Glock, Model 30, .45 caliber pistol, bearing Serial Number WEY273; and

*Three*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

As to the crime of possession with intent to distribute marijuana, a Schedule I controlled substance, as charged in Count Two, the government must prove:

*One*, the defendant was in possession of some amount of marijuana;

*Two*, the defendant knew he was in possession of a controlled substance; and

*Three*, the defendant intended to distribute some or all of the marijuana to another person.

As to the crime of possession of a firearm in furtherance of a drug trafficking crime as charged in Count Three, the government must prove:

*One*, the defendant committed the crime of possession with intent to distribute marijuana;

*Two*, the defendant knowingly possessed a firearm in furtherance of that crime.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you final instruction on these matters. If there is any

difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.02

**INSTRUCTION NO. _______**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated – that is, formally agreed to by the parties, and any facts that have been judicially noticed – that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.03

**INSTRUCTION NO. _______**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.05

**INSTRUCTION NO. _______**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.06A

**INSTRUCTION NO. _______**

During the trial, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.07

**INSTRUCTION NO. _______**

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, when you are outside the courtroom do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to my clerk, Terri Moore, or me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether

there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. It is important for you to understand that this case must be decided by the evidence presented in the case and the instructions I give you.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not read from a dictionary or a text book or an encyclopedia or talk with a person you consider knowledgeable or go to the Internet for information about some issue in this case. In fairness, learn about the case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.08 (modified)

**INSTRUCTION NO. _______**

The trial will proceed in the following manner:

First, the government attorney will make an opening statement. Next the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine. Following the government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the government counsel may cross-examine them.

After presentation of the evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 1.09

**INSTRUCTION NO. _______**

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

SOURCE: Manuel of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 2.01