**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-RK |
| Defendant | ) | |

---

# DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXHIBITS AND LIMIT USE OF OTHER EXHIBITS

1. Defendant hereby moves *in limine* to exclude all exhibits that do not pertain directly to years 2005 through 2009 as charged in the indictment, to limit the use of exhibits that contain content both within and outside years 2005 through 2009, and to exclude exhibits irrelevant to the indictment or that do not meet the Federal Rules of Evidence.

2. Defendant first objected to Plaintiff's prospective evidence pool after receipt of initial discovery in Defendant's Motion to Suppress Evidence for Tax Years Outside the Indictment, to Suppress Irrelevant Evidence, and to Suppress Duplicate Evidence (Doc. 27). Defendant objected to including certain witnesses with whom Defendant had no working relationships during

the period of the indictment, in Defendant's Opposition to Government's Notice of Intention to Use Certain Certified Records of Regularly Conducted Business Activity (Doc. 71).

3. This instant motion supplements the previous motions, identifying specific items in Plaintiff's Amended List of Exhibits (Doc. 66). This motion:

- Lists the 50+ proposed exhibits that lie completely outside the period of the indictment,
- Lists the 20+ proposed exhibits that clearly contain a mixture of content within and outside the period of the indictment, and
- Lists a dozen-plus proposed exhibits that may contain content outside the period of the indictment, have other content irrelevant to the indictment, and/or are non-complaint with the Fed. R. Evid.

4. It should be noted that Plaintiff's exhibit list does not include the Bates numbering from discovery. Absent those numbers, Defendant could not clearly identify some of the listed documents, particularly due to the duplication of documents noted in Defendant's earlier motion (Doc. 27). Defendant objects and reserves the right to object at trial to the introduction of any evidence entry, whether or not identified in this motion.

***Exhibits Completely Outside Years 2005-2009***

5. Defendant moves to exclude the following items as numbered in Plaintiff's exhibit list (Doc. 66), as lying completely outside the period of the indictment. Where Plaintiff's exhibit description is unclear as to the years involved, and Defendant knows the years involved lie outside the indictment, Defendant has added bracketed notes [ ] listing the year(s) involved:

| | |
|---|---|
| 14 | IRS account transcripts 1990 through 2004 |
| 24 | Bio Pappel check and invoice – 10/14/2012 payment |
| 25 | Bio Pappel check and invoice – 12/20/2012 payment |
| 28 | Bio Pappel Form 1099 – tax year 2012 |
| 36 | Mid America Consultants Form 1099 – tax year 2010 |
| 37 | Mid America Consultants Form 1099 – tax year 2011 |
| 43 | Tri-State G&T invoices, checks, and documentation - 2010 |
| 44 | Tri-State G&T invoices, checks, and documentation – 2011 |
| 45 | Tri-State G&T invoices, checks, and documentation - 2012 |
| 46 | Tri-State G&T invoices, checks, and documentation – 2013 |
| 52 | Tri-State payment log – 2010 |
| 53 | Tri-State payment log – 2011 |
| 54 | Tri-State payment log – 2012 |
| 55 | Tri-State payment log – 2013 |
| 61 | Tri-State Form 1099 – 2010 |
| 62 | Tri-State Form 1099 – 2011 |
| 63 | Tri-State Form 1099 – 2012 |
| 64 | Tri-State Form 1099 - 2013 |
| 65 | Tri-State invoices, checks, and documentation – 2014 |
| 72 | Emerson Electric payment history [first work was in 2010] |
| 73 | Emerson Electric Form 1099 – 2010 |
| 74 | Emerson Electric Form 1099 – 2011 |
| 75 | Emerson Electric Form 1099 – 2012 |
| 76 | Emerson Electric Form 1099 - 2013 |
| 77 | Emerson Electric invoices submitted for payment |
| 86 | IBC Bank – signature card for account ending # 9840 [opened June 2010] |
| 87 | IBC statements for account ending #9840 from June 2010 through February 2014 |

96 Freedom Electric Form 1099 - Tax Year 2012
97 Freedom Electric Form 1099 - Tax Year 2013
100 Bank of Oklahoma - Mortgage loan information sheet [applied for in June 2010, for real property in Oklahoma]
101 Bank of Oklahoma - Uniform Residential Loan Application [applied for in June 2010, for real property in Oklahoma]
102 Bank of Oklahoma - HUD 1 Settlement Statement [July 2010, for real property in Oklahoma]
109 Grants State Bank account ending #1430 signature card [opened April 2010]
110 Grants State Bank account ending #1430 customer profile card [opened April 2010]
111 Grants State Bank account ending #1430 statements from April 2010 through October 2010
112 IBC Bank account ending #9840 credit and debit offsets [opened June 2010]
113 John Deere Financial accounts ending #6415 and #6661 account summary [opened August 2010]
114 John Deere Financial retail installment contract [opened August 2010]
115 P&K Equipment records [beginning August 2010]
116 P&K Equipment, John Deere revolving credit application [August 2010]
117 Rogers County, Oklahoma tax payments on accounts ending #7570, 0199, and 3817 [real property purchased July 2010]
119 Wells Fargo Bank account ending #6661 statements from March 2011 through August 2013
127 2010 Transcript of Account - Harold Stanley
128 2011 Transcript of Account - Harold Stanley
129 2012 Transcript of Account - Harold Stanley
130 2013 Transcript of Account - Harold Stanley
139 Notice of Deficiency - Tax Years 2010 and 2011 mailed to Missouri residence, December 7, 2012
140 Notice of Deficiency - Tax Years 2010 and 2011 mailed to Oklahoma residence, December 7, 2012
141 Decision Letter dated February 25, 2013
142 Letter from Appeals dated June 17, 2013 for tax years 2010 and 2011
143 Letter from Appeals dated January 8, 2014 for tax years 2010 and 2011

144 Letter to Harold Stanley regarding Tax Court Trial dated February 11, 2014, tax years 2010 and 2011
158 Account activity spreadsheet - Grants State Bank account #1430 [opened April 2010]
159 Account activity spreadsheet - IBC Bank account #9840 [opened June 2010]
165 Summary of John Deere Payments [opened August 2010]
169 Summary of payments to Ellen Lorane Stanley (private family barter issue, irrelevant to indictment)

### *Exhibits Containing Content both Within and Outside 2005-2009*

6. Defendant moves to limit the use of the following exhibits to the period of the indictment, as these exhibits contain content both within and clearly outside the period of the indictment:

30 Mid America Consultants payments from 2005 – 2013
31 Mid America Consultants invoices for payments made to Harold Stanley
88 The Hartford account #37WECBO9340 - Policy information page, schedule of operations, change in information, and complete policy
90 Ally Bank - Payment log for account ending # 340
91 Ally Bank - Checks received for account ending # 5340
93 Ally Bank - letter dated May 30, 2012 regarding paying off auto financing
94 Tri-State G&T Contracts
95 Payments from Freedom Electric, 2005 through 2013
98 Freedom Electric Invoices
105 Community Bank of Raymore account ending #2015 statements from May 2005 through January 2014
106 Community Bank of Raymore account ending #2015 offsets for 2005 through 2011
107 Community Bank of Raymore account ending #2015 additional offsets received
108 Fidelity Investments account ending #4387 account setup
121 Wells Fargo Bank account ending #6415 and 5702 statements

| | |
|---|---|
| | from February 2007 through December 2010 |
| 145 | Complete Account Transcript |
| 157 | Account activity spreadsheet - Community Bank of Raymore account #2015 |
| 164 | Summary of GMAC/Ally Payments |
| 166 | Summary of Compensation |
| 167 | Summary of Reimbursed Expenses |
| 168 | Summary of business expenses for criminal tax |
| 170 | Timeline of Events |

### ***Exhibits That May Contain Content Outside 2005-2009, or Content that is Otherwise Irrelevant to the Indictment***

7. The following proposed exhibits may contain content outside the indictment years: the lack of specificity and the absence of discovery Bates numbering in the description make them difficult for Defendant to identify in Plaintiff's discovery. Defendant specifically reserves the right to object when the content is made known at time of submittal for trial:

| | |
|---|---|
| 20 | IRS summary of changes |
| 21 | Summary of compensation and expenses |
| 162 | Summary of Mortgage Payments |

8. Defendant objects to the introduction of "Sample Notices" and "templates" as evidence. Such documents are not specific correspondence to Defendant, and Defendant has observed that at least one "template" has changed in the decade since used in correspondence with the Defendant. Defendant moves to exclude the following proposed exhibits:

| | |
|---|---|
| 146 | Sample Notice - CP11 Math Error, Balance Due of $5 or More |

| | |
|---|---|
| 147 | Sample Notice - CP59 First Notice-Return Delinquency |
| 148 | Sample Notice - CP071C Annual Balance Due Reminder |
| 149 | Sample Notice - CP21E - Examination Adjustment |
| 150 | Sample Notice - CP518 - Your Tax Return is Overdue |
| 151 | Sample Notice - CP22E |
| 152 | Sample Notice - CP504 - Notice of intent to seize your state tax refund or other property |
| 153 | Sample Notice - CP503 - Second Reminder: You have unpaid taxes |
| 155 | Frivolous Returns Program Input Form |
| 156 | Letter 3175C template |

9. Defendant cannot correlate proposed Exhibit 154 "Letter 3175C from HRS Discovery #0022" with Page 0022 or Witness 22 of Plaintiff's discovery. One "Letter 3175C" received by Defendant contained no tax year reference, did not identify a specific law allegedly violated, and referenced a correspondence date that Defendant could not correlate to any correspondence from Defendant. Defendant will object to any "Letter 3175C" that cannot be thus authenticated and that does not meet the Fed. R. Evid., specifically Rule 902. Rule 902 is not met by the "robo-signature" often found on computer-generated letters from the I.R.S..

## CONCLUSION

Defendant hereby moves *in limine* to exclude all exhibits that do not pertain directly to years 2005 through 2009 as charged in the indictment, to limit the use of exhibits that contain content both within and outside years

2005 through 2009, and to exclude exhibits irrelevant to the indictment or that do not meet the Federal Rules of Evidence.

‘fn3 Rule 103(d) allows us to "tak[e] notice of plain errors affecting substantial rights although they were not brought to the attention of the court." Fed. R. Evid. 103(d).’ [1]

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on May 9, 2016 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

---

[1] *United States v. Wilson*, 118 F.3d 228 (4th Cir. 07/02/1997), ¶97 as downloaded from VerusLaw®.