**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

**GOVERNMENT'S RESPONSE TO DEMAND**
**TO DISMISS FOR SELECTIVE OR VINDICTIVE PROSECUTION**

The United States of America files this response in opposition to the defendant's Demand to Dismiss for Selective or Vindictive Prosecution pursuant to Fed. R. Crim. P. 12(b)(3)(A)(iv). (Doc. 87, filed under seal.) The defendant's motion argues that the indictment should be dismissed because the judge who impaneled the grand jury was "impaired by the previous controversial cases with numerous appeals by the defendant." (Defendant's motion 3.)

The defendant has a fundamental lack of understanding of the independent role of the grand jury under the Constitution and Bill of Rights. In *United States v. Williams*, 504 U.S. 36, 47, 112 S. Ct. 1735, 1742, 118 L. Ed. 2d 352 (1992), the Court summarized the judicial relationship with the grand jury:

> "[R]ooted in long centuries of Anglo–American history," *Hannah v. Larche*, 363 U.S. 420, 490, 80 S.Ct. 1502, 1544, 4 L.Ed.2d 1307 (1960) (Frankfurter, J., concurring in result), the grand jury is mentioned in the Bill of Rights, but not in the body of the Constitution. It has not been textually assigned, therefore, to any of the branches described in the first three Articles. It " 'is a constitutional fixture in its own right.' " *United States v. Chanen*, 549 F.2d 1306, 1312 (CA9 1977) (quoting *Nixon v. Sirica*, 159 U.S.App.D.C. 58, 70, n. 54, 487 F.2d 700, 712, n. 54 (1973)), cert. denied, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). In fact the whole theory of its function is that it belongs to no branch of the institutional government, serving as a kind of buffer or referee between the

> Government and the people. *See* Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960); *Hale v. Henkel*, 201 U.S. 43, 61, 26 S.Ct. 370, 373, 50 L.Ed. 652 (1906); G. Edwards, The Grand Jury 28–32 (1906). Although the grand jury normally operates, of course, in the courthouse and under judicial auspices, its institutional relationship with the judicial branch has traditionally been, so to speak, at arm's length. Judges' direct involvement in the functioning of the grand jury has generally been confined to the constitutive one of calling the grand jurors together and administering their oaths of office. *See United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974); Fed.Rule Crim.Proc. 6(a).

In this case, the indictment was returned by a grand jury who had been impaneled by the district court judge who had presided over the defendant's previous cases. However, the district court judge's only role was the empanelment of this grand jury. The district court did not have any role whatsoever in the presentation of the evidence, the finding of probable cause by the grand jury nor the return of the indictment to the magistrate judge.

Once again, the defendant has made a "demand to dismiss" that is frivolous and wholly without merit.[1] Therefore, the Court should summarily deny the defendant's Demand to Dismiss for Selective or Vindictive Prosecution.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By *\/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

[1] Order denying Demand Dismiss for Lack of Jurisdiction, (Doc. 73.) ("The Court finds that defendant's jurisdictional argument is frivolous and lacks any merit.")

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 10, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri.

*/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney