**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **) Case No. 15-00271-01-CR-W-RK** |
| | **)** |
| **Plaintiff,** | **) Kansas City, Missouri** |
| | **) May 17, 2016** |
| **v.** | **)** |
| | **)** |
| **HAROLD R. STANLEY,** | **)** |
| | **)** |
| **Defendant.** | **)** |
| | **)** |

**TRANSCRIPT OF PRETRIAL CONFERENCE BEFORE THE HONORABLE SARAH W. HAYS CHIEF UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Paul S. Becker, Esq.<br>Assistant United States Attorney<br>400 E. Ninth St., Ste. 5510<br>Kansas City, MO 64106<br>(816) 426-3122 |
| For the Defendant: | Harold R. Stanley, Pro Se<br>P.O. Box 1236<br>Oologah, OK 74053-1236<br>(816) 210-5905 |
| Court Audio Operator: | Ms. Traci Chorny |
| Transcribed by: | Rapid Transcript<br>Lissa C. Whittaker<br>1001 West 65th Street<br>Kansas City, MO 64113<br>(816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Court in Session at 11:05 a.m.)

THE COURT: All right. Good morning.

MR. BECKER: Good morning, Judge.

MR. STANLEY: Good morning.

THE COURT: We're here on the case of *United States vs. Harold Stanley*, Case No. 15-271. If counsel would state their appearance for the record.

MR. BECKER: The United States by Paul S. Becker, Assistant U.S. Attorney.

MR. STANLEY: Harold Stanley representing myself.

THE COURT: All right. This case is set for trial on the May trial docket and we're here today to talk about some preliminary matters. I know that you all have a pretrial conference scheduled with Judge Ketchmark as well, but hopefully there will be some things we can narrow down for her prior to your conference with her. So, Mr. Becker, you'll be the trial counsel?

MR. BECKER: Yes.

THE COURT: Who will your case agent be?

MR. BECKER: Rich Littrell.

THE COURT: Okay.

MR. BECKER: And L-I-T-T-R-E-L-L. And also at counsel table will be paralegal Giovan Aloisio.

THE COURT: All right. And the special agent -- or what's his title exactly?

MR. BECKER: Special Agent, IRS Criminal Investigation.

THE COURT: Okay. All right. And, Mr. Stanley, you'll be representing yourself, correct?

MR. STANLEY: Yes, I am. I would like to have non-bar assistance if I can have a next friend.

THE COURT: Well, I mean, who are you seeking to have assist you?

MR. STANLEY: Carl Weston.

THE COURT: Well, I think he's also on your witness list, correct?

MR. STANLEY: Yes, he is.

THE COURT: All right. Okay. And is he a paralegal, or what do you believe his qualifications are to assist you at trial?

MR. STANLEY: Well, he's going to be here as a next friend to assist me.

THE COURT: Okay. Well, that will be up to Judge Ketchmark whether she feels it would be appropriate to have someone assisting you who is not -- is he a certified paralegal or have any legal training or anything of that nature?

MR. STANLEY: He's been working in the legal arena for about 20 years helping people with cases and handling his own cases similar to what I'm doing in this case.

THE COURT: All right. So, that will be the first issue or one of the issues that we will pass on to Judge Ketchmark. In

terms of the witnesses, how many witnesses do you plan to call, Mr. Becker?

MR. BECKER: The Government plans to call 11 witnesses. We do have 16 other witnesses listed as custodians of records. There is a motion pending to admit those records and hopefully that will be resolved on Thursday.

THE COURT: All right. Well, I notice that Mr. Stanley had filed, I believe it's Document Number 94, a reply to your witness list to accept certain business records. And then I was a little unclear. It indicated that, Mr. Stanley, that you've reviewed the business records and certificates during discovery and would accept these documents under Federal Rule of Evidence 902.11. And then you listed a number of witnesses. Before we get to your stipulation, let me just ask, Mr. Becker, are those all of the witnesses that you were going to call as business records custodians, or where there others as well?

MR. BECKER: Actually it's the opposite. Other than Emerson Electric, the five listed witnesses are going to testify. They are scheduled as witnesses. They are the employers of Mr. Stanley during the relevant years and will testify concerning his services, work performed for those companies. They are also record custodians. And certainly if the records come in by stipulation or pursuant to the Government's motion, that's fine. But those five -- other than Emerson Electric, the other five will be testifying and are not included in the record custodians

list.

THE COURT: All right. So when -- Mr. Stanley, when you indicate that you'll accept these kind of records, I take it they're records from other entities, Mr. Becker, that you've asked him to stipulate to?

MR. BECKER: There's never been a discussion of a stipulation. The Government filed its motion.

THE COURT: Right. I understand. But I just -- if he's willing to agree to some of this, then obviously rather than having the court rule on it, we can indicate there's a stipulation. But I'm just trying to make sure I understand which individuals or which records Mr. Stanley is agreeing to. I mean, have you seen his -- you've seen his motion to accept certain business records in?

MR. STANLEY: Yes, I've seen that.

THE COURT: All right. And that's what you were intending to reply to in Document 94?

MR. STANLEY: What I was suggesting was that the list of acceptable business records could be expanded to include the business records of these clients, if he so desired. If he didn't have some other reason for the clients to be present, why, I was willing to accept their business records. Most of their business records are my invoices to them anyway. So, it would be kind of silly for me to challenge those and not accept them, so. So, I was just saying that those people do not need to appear for

business record certification.

THE COURT: Okay. They may be appearing, you understand what he's telling you, --

MR. STANLEY: Yes.

THE COURT: -- for other reasons.

MR. STANLEY: Uh-huh.

THE COURT: But at least as to these witnesses you wouldn't make them lay a foundation for introduction of the records?

MR. STANLEY: Correct.

THE COURT: All right. And I don't know. Does that clarify then what he's willing to agree to, Mr. Becker?

MR. BECKER: Yes. I mean, certainly the pleading that was filed this morning, that's what I understood it to mean. But those witnesses were already going to testify and still will testify.

THE COURT: Right.

MR. BECKER: So, we have the other 16 records custodians that we need to deal with.

THE COURT: All right. What about those other records custodians? Mr. Stanley, what's your position on that?

MR. STANLEY: I only objected to one, and I believe plaintiff has decided not to introduce those records anyway. The Cass County Recorder's Office, some of the records from there looked suspicious to me, so, those I would require a witness

certification on, but the others I did not have a problem with.

THE COURT: All right. Well, you've listed someone from Cass County Records on your witness list. Are you planning on introducing records from Cass County?

MR. STANLEY: Since plaintiff is not planning to introduce records from Cass County, then I have no reason to. I have no ownership of real property in Cass County. I have no reason to. You know, other than if the plaintiff wanted to introduce records from Cass County, then I wanted to have the opportunity to examine the custodian of those records. I did not want to accept just business certification.

THE COURT: All right. And is plaintiff [sic] correct in assessing that you intend to offer records from Cass County?

MR. BECKER: Yes. The defendant is correct on that.

THE COURT: All right. So, that's basically that -- there is one issue that we can indicate to Judge Ketchmark has been resolved, any disputes about Cass County records since those aren't going to be introduced --

MR. BECKER: Correct.

THE COURT: -- by either side. All right. So, let me make sure that I understand. You intend to call 11 witnesses, Mr. Becker. Sixteen are listed as records custodians. And it sounds like Mr. Stanley only had an objection to one of those witnesses and that has been resolved. These other 15 witnesses that are going to be offering records then, do you have any

objection to the records that those witnesses are offering?

MR. STANLEY: The objections that I had to some of those were that the records were for business relationships that didn't even start until 2010. So, for instance, I had no property ownership in Rogers County, Oklahoma, until 2010. That's outside the period of the indictment, so I don't believe that those records are relevant. There were some others in the list.

MR. BECKER: And that somewhat overlaps, Judge, with the Defendant's Motion in Limine, Document 88, that sought to exclude exhibits that were outside the tax years 2004 through 2009. The Government has responded to that motion. Our response is Document 92. But that would be separate and apart from the foundational requirements that these witnesses -- so if perhaps we could get some agreement that the Government need not call these witnesses for foundational testimony on the records, but the defendant would reserve the right to object on any other grounds.

THE COURT: Including relevance if he believes that they're outside a time period that's relevant to the indictment. I mean, are you willing to make that agreement, Mr. Stanley?

MR. STANLEY: Yes, I am.

THE COURT: All right. And we're going to have a copy of our proceeding today here transcribed, so everybody will have this on the record. But then we'll indicate that to Judge Ketchmark that these 15 other witnesses then, Mr. Becker, you're

not going to need to call to just establish foundational requirements. But obviously, Mr. Stanley was reserving a right for relevancy or any other objections he might have. And will that then basically take you to 11 witnesses?

MR. BECKER: Yes.

THE COURT: All right. All right. Now, Mr. Stanley, how many witnesses do you intend to call?

MR. STANLEY: I, for sure, have scheduled two to be present for in-person testimony. And then there are the issue of whether some of the public domain testimony that's available is going to be admissible or not.

THE COURT: All right. And those are the YouTube videos where you've got witnesses' names and then you have a YouTube site under those.

MR. STANLEY: A VRL, yes.

THE COURT: All right.

MR. STANLEY: Yes, Your Honor.

THE COURT: And, for example, I mean, I did go through and look at those and I noted even one of the individuals that has statements in the public domain is deceased, so.

MR. STANLEY: Uh-huh.

THE COURT: All right. But that's up to Judge Ketchmark whether or not those witnesses are coming in. But if we're talking about live witnesses who can be called, what two witnesses are we talking about?

MR. STANLEY: I believe they're listed as the first two.

THE COURT: The first two.

MR. STANLEY: Mr. Weston and Mr. Class.

THE COURT: Okay. And I noticed there were other witnesses who don't really have things in the public domain such as I think a representative from -- well, I guess you've listed his public domain testimony as well. I think one of them was a House of Representatives Republican from California, Becerra. And then you've listed Secretary of the Treasury. But I take it you don't intend to call or attempt to call either of those individuals?

MR. STANLEY: Not at this moment in time.

THE COURT: All right. Turning to the exhibits then, how many exhibits do you intend to offer, Mr. Becker?

MR. BECKER: Approximately 200, Judge. We have filed an exhibit list that contains 170 at this point. There is perhaps another half dozen or so that may be added, but it would be between 170 and 200 exhibits.

THE COURT: Okay. Can the exhibits be categorized, I mean, by the types of documents that we're really talking about?

MR. BECKER: Yes. There will be tax records, that is, correspondence from the IRS to Mr. Stanley, correspondence and documents from Mr. Stanley to the IRS, employment records for Mr. Stanley, that is, the companies that employed him as he indicated, his invoices and their payments to Mr. Stanley. Then

personal financial records for Mr. Stanley. That would be the categories of documents and exhibits.

THE COURT: All right. And, Mr. Stanley, do you have objections to the records that are listed on Mr. Becker's list? Or what's your position with documents that are on his exhibit list?

MR. STANLEY: I filed a motion in limine against --

THE COURT: Okay.

MR. STANLEY: -- certain of those exhibits. And Mr. Becker replied and said that they would not be offering certain of those exhibits. So, his list of 177 is actually a little bit shorter, I believe. I didn't count how many he said he would not be introducing, but a few.

MR. BECKER: There's probably about 20 exhibits --

MR. STANLEY: Twenty would be my guess, yes.

MR. BECKER: -- that the Government agreed we would not be offering.

THE COURT: All right. But let me make this inquiry, Mr. Stanley. Those exhibits that you objected to were included in your motion in limine?

MR. STANLEY: Yes, they were.

THE COURT: All right. So, if you didn't raise an objection in your motion in limine, then we're assuming that, unless something changes at trial, you're not going to have an objection to any of the other documents?

MR. STANLEY: That's correct.

THE COURT: All right. Now, Mr. Becker, I know that the defendant filed both the -- recently, 5/17 -- a Second Proposed Exhibit List and a Third Proposed Exhibit List. And I really didn't ask you about objections, but are you going to have or be filing objections to either of those lists?

MR. BECKER: On the witness list, no, I believe the Government's Second Motion in Limine, Document 86, covered those persons. I think the only addition would be the Ron Paul, Number 15 on the new witness list.

THE COURT: Okay.

MR. BECKER: And I think I addressed that in a footnote, if I recall but.

THE COURT: All right. So, you believe that the earlier motion in limine addressed anyone on this new exhibit list or new witness list that you would have objections?

MR. BECKER: Correct.

THE COURT: All right. Likewise, what about the exhibit list? And I didn't have time to go back and compare them since this was just filed.

MR. BECKER: Right. What I see as exhibit -- proposed Exhibits #19 through #23, I'm going to have to look at what they are. Mr. Stanley did give us copies of those this morning. But it's -- it says his Social Security statement and then three statutes --

THE COURT: And the IRS handbook.

MR. BECKER: -- and the IRS handbook from 1982. I don't really -- at this point can't address it until I see them.

THE COURT: All right. And anything else? Have you filed prior objections to these other -- any of these other documents?

MR. BECKER: Yes.

THE COURT: All right. So, your prior objections would cover everything down to Document #19?

MR. BECKER: Yes. I think #18 was not previously on the exhibit list, but it was included in the discovery materials that Mr. Stanley provided. And so I think I addressed that in a footnote as well.

THE COURT: All right. Given what the parties know, and I know some of it may depend on how Judge Ketchmark rules on certain issues, both as to witnesses and exhibits, but how long do the parties anticipate that the case is going to take to try? I guess let me ask Mr. Becker first how long you think jury selection and presentation of your witnesses will take?

MR. BECKER: Judge, I believe that would be two days. That is, a half a day for the jury selection and then a day and a half for the Government's presentation of evidence.

THE COURT: All right. And when you say a day and a half are you figuring in some amount of time for cross-examination?

MR. BECKER: Yes. Yeah. I mean, the witnesses are fairly short.

THE COURT: All right. Mr. Stanley, I know that you don't have rulings yet on your issues involving public domain witnesses, but for the two witnesses that you want to call live, I mean, how long do you think your portion of the case would take?

MR. STANLEY: For those two witnesses I believe Judge Ketchmark was limiting examination and cross-examination to an hour each. Am I remembering that correctly? So, the limit would be four hours on those two witnesses.

THE COURT: All right.

MR. BECKER: And, Judge, we do intend at the hearing on Thursday to request permission for two of our witnesses, Roman Hernandez and Special Agent Littrell, to their testimony to be longer than one hour.

THE COURT: Okay. Right. You're referencing her rules of court, I assume, Mr. Stanley.

MR. STANLEY: Uh-huh. Yes.

THE COURT: But do you believe, obviously those are the general rules and if you have witnesses that anyone thinks will take longer, they can ask that those limits to be extended. Do you believe that your witnesses can be presented within the time allotted?

MR. STANLEY: Probably not. They probably would enjoy

more than one hour.

THE COURT: And let me just ask generally, I mean, what issues do you intend to offer these individuals on?

MR. STANLEY: We intend to discuss my understandings of law.

THE COURT: Are you offering them as expert witnesses?

MR. STANLEY: No, not as expert witnesses. I would have needed to file some additional paperwork four weeks ago, so I'm not offering them as expert witnesses, just as learned witnesses.

THE COURT: Well, do they have -- are they, I mean, do they intend to -- do they have relevant testimony concerning the facts of this case?

MR. STANLEY: Yes, I believe they do.

THE COURT: All right. Well, I probably didn't make that question clear. I mean, there are expert witnesses and then there are people that have been involved in the facts of a particular case. Do they have any involvement in your case?

MR. STANLEY: They've been involved in my case, yes.

THE COURT: Okay. And just generally in what way?

MR. STANLEY: Just general discussion of the case and reviewing the laws and applicable laws and so on and so forth, and the facts of the case. We've discussed the facts of the case.

THE COURT: Okay. In other words, what you're basically saying is they've acted as advisors to you. Is that a fair

assessment?

MR. STANLEY: They've acted as friendly advisors, yes.

THE COURT: And, I mean, are you calling them with an intent to have them testify as to what advice or information they've provided to you?

MR. STANLEY: Yes. They'll be talking about their understandings of laws relevant to the case.

THE COURT: All right.

MR. BECKER: Judge, on that issue, we have not received any *Jencks* material, any witness statements. I don't know if there's any in existence, but we have requested reciprocal discovery and --

THE COURT: And I'm sure that I ordered that at the very outset of the case. And have you provided witness statements to Mr. Stanley?

MR. BECKER: Yes.

THE COURT: All right. Mr. Stanley, do you have any witness statements of witnesses that you plan to call?

MR. STANLEY: Since I wasn't calling them expert witnesses I had not prepared a witness statement, no.

THE COURT: Well, it's not something that you prepare. But in other words, if you had a witness statement that a witness gave, I mean, I'm not asking you to go out and prepare anything between now and the time of trial. But if you have a -- I mean, you've seen what apparently Mr. Becker has provided to you in

terms of witness statements?

MR. STANLEY: Yes.

THE COURT: Do you have anything similar from your witnesses that you'd want to provide to Mr. Becker?

MR. STANLEY: No, I do not.

THE COURT: I mean, is there anything particular you want to inquire or some reason you think he might have witness statements?

MR. BECKER: I'm not surprised he doesn't have witness statements.

THE COURT: Okay. But just so you know, Mr. Stanley, if your witnesses have given some kind of statement to you that you have, then you'd have to turn it over to Mr. Becker.

MR. STANLEY: Okay.

THE COURT: All right. Any other questions that either side has about the either side's witnesses or exhibits?

MR. BECKER: Nothing from the Government, Judge.

MR. STANLEY: Nothing from the defendant.

THE COURT: All right. Now, there are a number of outstanding motions, and I know Judge Ketchmark's office will be going through those with you as well. Right now we show Document 27. It was entitled Motion to Suppress, but the Court really view it as a motion in limine, that's why we turned it over to Judge Ketchmark's office. I don't believe -- I think that is still outstanding, the parties can correct me if I'm wrong.

Document 52, which was a motion in limine by the United States as to Mr. Stanley. A second motion in limine filed by the Government, Document 86, and another motion in limine, Document Number 88. There was also a Notice of Filing of Government's Intent to Use Certified Records, Document 53. Are there any other motions that either side shows as outstanding?

MR. BECKER: Those are the ones I have outstanding, Judge.

THE COURT: And do you have anything, Mr. Stanley?

MR. STANLEY: I believe that matches my list also.

THE COURT: Okay. All of a sudden I've lost my docket sheet here. I did note that when you filed your motions to amend the exhibit and witness lists, you kind of included a request that you be allowed to do it, but you went ahead and filed it. So, in the Court's view, I didn't treat those as being outstanding motions. So, Mr. Becker, I'm just treating those, since they are actually filed, even though they each contain the sentence asking leave to file it, I'm just treating those as properly filed unless you have any objection to that.

MR. BECKER: No. No objection. I imagine that -- I'm certain in the next few days we'll be filing an amended exhibit list as well.

THE COURT: All right. And anything you know for sure will be on the amended exhibit list? I mean, will they all be documents that Mr. Stanley has seen?

MR. BECKER: Yes. We provided some additional materials this morning. Some of the witnesses from these businesses are providing us with photographs of the business --

THE COURT: Okay.

MR. BECKER: -- to display where Mr. Stanley works. So, as we receive them, we will give them to Mr. Stanley.

THE COURT: Okay. Mr. Stanley, any defenses other than just your general denial?

MR. STANLEY: No. That's -- that is --

THE COURT: I'm sorry, what?

MR. STANLEY: That is my defense, yes.

THE COURT: All right. Any possibility that this is going to be worked out short of trial?

MR. STANLEY: We haven't explored that yet. Mr. Becker just mentioned it to me this morning, so I need to think about it.

THE COURT: All right. And have you -- I mean, the Court obviously can't get involved in those discussions, but have you made any specific proposal to Mr. Stanley?

MR. BECKER: No, Judge.

THE COURT: All right. Well, obviously, Mr. Stanley, if you choose to, then you just need to get with Mr. Becker and talk about whether there's a way to resolve this short of trial. And if there is, then, you know, the parties need to let the Court know that they're engaged in those discussions. But otherwise, I

do intend to list this as being definitely for trial. The stipulations, we've already talked about in terms of the business records. Any other stipulations that you think would be helpful that you're proposing, Mr. Becker?

MR. BECKER: None that I know of, Judge.

THE COURT: All right. And any unusual -- well, let me ask you this. I guess I should have asked Mr. Stanley. Do you have any stipulations that you're proposing to Mr. Becker?

MR. STANLEY: No, I don't.

THE COURT: All right. Any unusual questions of law that we need to alert the District Judge to?

MR. BECKER: I think they're set forth in the motions in limine at this point, Judge.

THE COURT: Would you agree that --

MR. STANLEY: I would agree, yes.

THE COURT: All right. So, we've talked about the witness and exhibit lists are all on file except for any -- a few additions that either side needs to do between now and the time of trial just to make sure that anything they want to offer at trial is on those lists. The exhibit index, *voir dire* and jury instructions all need to be filed by noon on Wednesday, May 25th. That would be the Wednesday before this trial docket starts. The case is set on the May 31st docket. And I know there have been some issues about the timing of when it should be set. Mr. Becker, do you have witness issues where you're requesting a

particular week?

MR. BECKER: Yes, Judge. We're requesting the May 31 date because two of the witnesses were unavailable that second week of the docket. Those would have been the civilian witnesses from the companies where Mr. Stanley performed work.

THE COURT: Okay. And, Mr. Stanley, will that week, that first week -- our dockets run for two weeks -- but the first week starts on May 31st, does that week work for you?

MR. STANLEY: Well, I -- when I thought it was being delayed I made one personal commitment, but I will have to change that, so.

THE COURT: Okay. And you're able to do that?

MR. STANLEY: I'll do it.

THE COURT: All right. I know when you meet with Judge Ketchmark, she will let you know exactly what time she wants you there that morning. But she'll want you there at some point prior to the time the jury is summoned to appear to make sure there aren't any last-minute issues that have to be addressed. Do the parties believe then this can be tried in four days?

MR. BECKER: Yes.

MR. STANLEY: Yes.

THE COURT: All right. I know you're going to have a further conference with Judge Ketchmark. But what we wanted to do is try to narrow down the issues so she could really focus on some of the motions, specific issues that the parties have

raised.  Is there anything else that we need to discuss in this preliminary pretrial conference that would be helpful for Judge Ketchmark to know before she meets with you all?

MR. BECKER:  Nothing from the Government, Judge.

MR. STANLEY:  Nothing else, Your Honor.

THE COURT:  All right.  If there's nothing, then we'll be in recess.

(Court Adjourned at 11:36 a.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker — May 18, 2016

Signature of transcriber — Date