**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-00271-CR-W-RK |
| | ) | |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On May 19, 2016, this case came before the Court for a pretrial conference. The Court addressed numerous motions and filings made by the parties. The Court's rulings as set forth on the record are summarized as follows:

1. Defendant's motion titled "Motion to Suppress Evidence for Tax Years Outside the Indictment, to Suppress Irrelevant Evidence, and to Suppress Duplicate Evidence" (doc. 27) construed as a motion in limine is DENIED;
2. The ruling on Government's Motion in Limine to Exclude Certain Exhibits and Limit Certain Testimony (doc. 52) is DEFERRED;
3. The Government's Notice of Intention to Use Certified Records of Regularly Conducted Activity (doc. 53) is acknowledged and accepted;
4. The ruling on Government's Second Motion in Limine to Exclude Certain Exhibits and Limit Certain Testimony (doc. 86) is DEFERRED;
5. Defendant's Motion in Limine to Exclude Certain Exhibits and Limit Use of Other Exhibits (doc. 88) is DENIED;
6. Defendant's Entry of Appearance of Rodney Class (doc. 99) construed as a request for a nonlawyer to act as Defendant's assisting counsel is DENIED; and
7. Defendant's Entry of Appearance of Carl Weston (doc. 100) construed as a request for a nonlawyer to act as Defendant's assisting counsel is DENIED.

Addressing each filing in turn, the Court orders as follows:

**Defendant's motion in limine (doc. 27)**

1. For the reasons stated on the record, Defendant's motion titled "Motion to Suppress Evidence for Tax Years Outside the Indictment, to Suppress Irrelevant Evidence, and to Suppress Duplicate Evidence" (doc. 27) construed as a motion in limine is **DENIED**.

**The Government's motion in limine (doc. 52)**

2. The Court concludes that the Government's Motion in Limine to Exclude Certain Exhibits and Limit Certain Testimony (doc. 52) is premature at this point, but the Court advised the parties during the pretrial conference of certain parameters for trial. Defendant was advised that he will not be permitted to argue or present evidence as to what the law is, or was, or ought to be. Defendant was further advised that if he chooses to testify, he may testify as to his *beliefs* of the law and as to the basis for his beliefs. Defendant may mark as exhibits any items, such as books or videos, relied upon in forming the basis for his beliefs that have been provided to the Government for review and inspection. These exhibits may be identified and discussed during Defendant's testimony for the limited purpose of showing the items Defendant relied upon in forming the basis for his beliefs. However, these exhibits will not be admitted absent a showing of admissibility in accordance with the Federal Rules of Evidence.

In keeping these parameters for trial in mind, the Court **DEFERS** its ruling on Government's Motion in Limine to Exclude Certain Exhibits and Limit Certain Testimony. (Doc. 52.) It is further

ORDERED that Defendant shall make any such items he intends to mark as exhibits at trial available to the Government for review and inspection by no later than **5 p.m. on Wednesday, May 25, 2016**.

**The Government's Notice (doc. 53)**

3. The Court acknowledges and accepts the Government's Notice of Intention to Use Certified Records of Regularly Conducted Activity. (Doc. 53.)

**The Government's Second motion in limine (doc. 86)**

4. For the same reasons as discussed above regarding the Government's motion in limine (doc. 52), the Court **DEFERS** its ruling Government's Second Motion in Limine to Exclude Certain Exhibits and Limit Certain Testimony. (Doc. 86.)

**Defendant's motion in limine (doc. 88)**

5. For the reasons stated on the record, Defendant's Motion in Limine to Exclude Certain Exhibits and Limit Use of Other Exhibits (doc. 88) is **DENIED**.

**Entry of Appearance of Rodney Class (doc. 99)**

6. For the reasons stated on the record, Defendant's Entry of Appearance of Rodney Class (doc. 99) construed as a request for a nonlawyer to act as Defendant's assisting counsel is **DENIED**. Defendant was advised that he may have the assistance of a nonlawyer, who is not a witness in this case, during voir dire only. It is further

Ordered that Defendant shall notify the Court by **5 p.m. on Friday, May 20, 2016**, if he would like the Court to appoint standby advisory counsel pursuant to the Criminal Justice Act (CJA), which Defendant would fund at the current CJA appointment rate.[1]

**Entry of Appearance of Carl Weston (doc. 100)**

7. For the reasons stated on the record, Defendant's Entry of Appearance of Carl Weston (doc. 100) construed as a request for a nonlawyer to act as Defendant's assisting counsel is **DENIED**.

**SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 19, 2016

[1] The CJA appointment rate for an eight-hour trial day has been determined to be $1,000.00. Upon the appointment of standby advisory counsel, Defendant would be required to pay this rate each day prior to the time set for trial to begin.