**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-00271-CR-W-RK |
| | ) | |
| | ) | |
| HAROLD R. STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's motion for continuance of the May 31, 2016 trial setting (doc. 107) and Defendant's objection to the Court's appointment of standby counsel (doc. 108). The Government opposes Defendant's motion for continuance. (Doc. 109.) Defendant filed reply suggestions in support of his motion. (Doc. 113.) Upon review of these filings and the record in this case, Defendant's motion for continuance is DENIED and Defendant's objection to the Court's appointment of standby counsel is OVERRULED.

On August 25, 2015, the Grand Jury returned a two-count indictment charging Defendant Harold R. Stanley in Count One with tax evasion in violation of 26 U.S.C. § 7201 and in Count Two with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). Defendant was arrested in the Northern District of Oklahoma, and the Federal Public Defenders Office in that district was appointed to represent him. (*see* Doc. 12.)

On September 22, 2015, Defendant was arraigned on the indictment in this district before U.S. Magistrate Judge Sarah W. Hays. Pursuant to Defendant's request for counsel in the arresting district, the Federal Public Defenders Office was appointed to represent him in this district. (*See* Docs. 7, 12.) The Court, upon reviewing the pretrial report and affidavit of financial status filed in the Northern District of Oklahoma, became aware that Defendant had a significant monthly income. (*Id.*). The Court directed Defendant to attempt to hire counsel, and further advised Defendant that if he did not hire counsel, the Court would appoint counsel pursuant to the Criminal Justice Act (CJA) and require Defendant to make payments into the

CJA fund. (*Id.*) The case was set for trial on the joint criminal jury trial docket commencing on October 26, 2015.

In an order issued on October 9, 2015, the Court denied Defendants' Motion for Entry of Appearance (doc. 11) seeking permission for assistance in the case to be provided by a "Private Attorney General," Carl Weston. (Doc. 12.) In the October 9 Order, the Court indicated that Pretrial Services Office was advised that week that Defendant had retained counsel, however, based on the entry of appearance filed, it appeared Mr. Weston it not a licensed attorney. (*Id.*)

A status hearing was held the following week, on October 13, 2015, in which the Court encouraged Defendant to retain counsel. The Court advised Defendant that although he did not qualify for representation of the Federal Public Defender's Office, the Court would appoint an attorney from the CJA panel to represent Defendant for a fee based on Defendant's ability to pay. Upon further questioning by the Court, Defendant advised that he wanted to represent himself. The Court found that Defendant had knowingly waived his right to counsel. Defendant, thereafter, orally requested that the trial be continued from the October trial setting to January 4, 2016.

In an order issued on October 15, 2015, the Court granted Defendant's oral motion for continuance of the trial. (Doc. 19.) The trial setting was continued to January 4, 2016.

On November 3, 2015, Defendant filed a second request for a trial continuance (doc. 24), which was granted on November 23, 2015 (doc. 35). The order continued the trial setting to April 25, 2016.

On April 5, 2016, Defendant filed a third request for a trial continuance (doc. 59), which was granted on April 28, 2016 (doc. 64), over the Government's objection (doc. 61). The order continued the trial setting to May 31, 2016.

On May 18, 2016, an "Entery [sic] of appearance as a party of interest" was filed by Defendant. (Doc. 99.) This filing stated that Rodney Dale Class was appearing to provide "assist [sic] of counsel to Harold Stanley" and described Mr. Class in the signature block as "Private Attorney General." (*Id.*)

Also on May 18, 2016, an "Entry of Appearance as purported by Regulations 29 CFR 2200.22, 2200.23 and Fed. R. Civ. P. Rule 17(a)(1)(G) Private Attorney General 'Next Friend' Federal Rule 17" was filed by Defendant. (Doc. 100). This filing stated that Carl Weston was

appearing to provide "assistance of counsel for the Defendant as appointed by Harold R. Stanley" and described Mr. Weston in the signature block as "PAG, Next Friend." (*Id.*)

During a pretrial conference on May 19, 2016, the Court denied both entry of appearance filings (docs. 99, 100) which were construed by the Court as requests for a nonlawyer to act as Defendant's assisting counsel. (Doc. 103.) The Court advised Defendant that he could have the assistance of a nonattorney, who is not a witness in this case, during voir dire only. The Court directed Defendant to notify the Court by Friday, May 29, 2016, if he would like the Court to appoint standby advisory counsel pursuant to the CJA, which Defendant would fund at the current CJA appointment rate. The Court received no request for appointed counsel from Defendant. Rather, on the May 29 deadline, Defendant filed an entry of appearance for Mr. Class (doc. 105) identical to the filing (doc. 99) previously denied by the Court's oral ruling during the May 29 pretrial conference, which was memorialized in a written order issued later that same day (doc. 103).

On May 24, 2016, to ensure that the trial proceed in an efficient manner and even though Defendant had not requested appointed counsel, the Court appointed F.A. White, Jr. to represent Defendant as standby counsel to advise Defendant with respect to any procedural questions that arise during trial. (Doc. 106.) The Order further indicated that Defendant will not be required to fund this appointment. (*Id.*)

Defendant now requests this fourth continuance of the trial date to allow him to retain counsel six days prior to trial. Defendant also filed an objection to the Court's appointment of standby advisory counsel stating that "immediately after the May 19 pre-trial" he determined "it is no longer in his best interests for a fair trial to represent himself[.]" (Doc. 108.) In response to Defendant's fourth continuance request, the Government opposes the request "as merely an attempt by the defendant to delay the trial in this matter." (Doc. 109 at 2.) The Government also states that "[f]ive of its witnesses are scheduled to travel from out-of-state on May 31, 2016, to Kansas City, Missouri, for the trial." (*Id.* at 3.)

In his reply suggestions, Defendant contends that allowing a continuance would give the attorney of his choice the opportunity to enter an appearance. Defendant further asserts that because the Government is "assisted at counsel table by non-BAR special agent Littrel[,]" that "[e]quitable treatment of the parties therefore suggests that Defendant could be assisted at counsel table by non-BAR next friend(s)." (Doc. 110 at 4.)

Under the Sixth Amendment to the United States Constitution, a defendant has the right to the assistance of counsel, which includes the right of a competent defendant to represent himself. *Faretta v. California*, 422 U.S. 806 (1975). However, the right to assistance of counsel is not without limits. "The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). "It is well established that a criminal defendant has no constitutional right to have an unlicensed attorney or layman represent him." *States v. Young*, 578 F.2d 216, 217 (8th Cir. 1978). Further, a defendant does not have an absolute right to counsel of his own choosing. *See United States v. Whitehead*, 487 F.3d 1068, 1071 (8th Cir.2007); *see also United States v. Kelm*, 827 F.2d 1319 (9th Cir. 1987) (the court may deny an additional continuance for the purpose of allowing defendant to secure counsel when defendant repeatedly fails to secure counsel of his choice).

It is well-established that an investigative agent for the Government may remain at counsel table during trial when the agent is an "officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed. R. Evid. 615; *United States v. Shearer*, 606 F.2d 819, 821 (8th Cir. 1979). Allowing Mr. Weston's or Mr. Class's participation in the trial to act as Defendant's assisting counsel would violate the local rules of the Court, as well as the ethical code in Missouri law. *See, e.g.*, Mo. Rev. Stat. § 484.020 (Cumm. Supp. 1992) ("No person shall engage in the practice of law . . . unless he shall have been duly licensed therefor . . ."); Rules of the United States District Court for the Western District of Missouri, 83.6(m) ("Any person who, before admission, unless specially authorized by one of the judges, or during disbarment or suspension exercise any of the privileges of a member of this Bar, or who pretends to be entitled to so do, is guilty of contempt of court . . ."); Mo. Sup. Ct. R. 5.5 ("A lawyer shall not (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or (b) assist [an unlicensed person] in activity that constitutes the unauthorized practice of law."); *United States v. Rimell*, 21 F.3d 281, 285 n.3 (8th Cir. 1994).

However, the Court will reconsider allowing Defendant the assistance of a nonattorney at counsel table, who is not a witness. Whomsoever Defendant chooses to serve in this capacity must be available for the commencement of trial on Tuesday, May 31, 2016. Such nonattorney assistant shall be permitted to render administrative services as requested by Defendant.

However, the nonattorney assistant shall not have any speaking part during the trial and shall not be otherwise disruptive to the courtroom proceedings.

Based on the record, the Court concludes that a continuance is not warranted. It appears that Defendant is either vacillating on the issue of representation, or is using this late request for additional time to retain counsel as a dilatory tactic. This is particularly evident given the three previous continuance requests, as well as the numerous times in this case that the issue of Defendant's representation, including disallowing non-attorney assistance, have been addressed. Whether he is vacillating or attempting to delay the trial, either approach is grounds for denying Defendant's motion for continuance less than a week before trial. Importantly, the Court has appointed advisory standby counsel for Defendant.

IT IS ORDERED that the motion of Defendant Harold R. Stanley for continuance of the May 31, 2016 trial setting is DENIED. The trial in this case will commence on Tuesday, May 31, 2016, at 9:00 a.m. Defendant will have assistance from appointed advisory standby counsel F.A. White, Jr. At the outset of the May 31 trial, the Court will take up and reconsider allowing Defendant to have a nonattorney assistant at counsel table to render administrative services only.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 25, 2016