**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-RK |

**GOVERNMENT'S TRIAL BRIEF**

Comes now the United States of America, by and through its undersigned counsel, and submits the following as its trial brief.

## I. Facts Government Expects to Prove

The Indictment in this case charges Harold Stanley with tax evasion for years 2005 through 2009, and with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws. The evidence will establish that after decades of being an employee receiving wages subject to withholding (a W-2 employee), Stanley became a self-employed individual and a tax defier in December 2004. In 2005, Stanley worked as an electrical engineering consultant and was paid wages and business expenses subject to reporting to the Internal Revenue Service (IRS) by a Form 1099. Stanley failed to file any tax returns for tax years 2005 and 2006. The IRS prepared Substitute for Returns for those tax years. In 2007, 2008, and 2009, Stanley filed substantially correct returns but left the tax due line entirely blank and failed to submit any payment.

Stanley received an electrical engineering degree from the University of Missouri and was employed in 2005 through 2009 by several companies as a consultant. Those companies

included Mid-America Consultants located in Overland Park, Kansas; Industrial Project Management located in Prairie Village, Kansas; Freedom Electric located in Garden City, Kansas; Bio Pappel (formerly McKinley Paper Company) located in Albuquerque, New Mexico; and Tri-State G & T, located in Prewitt, New Mexico. In tax years 2005 through 2009, Stanley had taxable income of $686,829. The criminal tax loss for the 2005 through 2009 years is $259,900. The tax loss including relevant conduct for 2005 through 2011 is $674,131.60.

Stanley evaded payment for 2005 through 2009 tax years by (1) submitting fake money orders; (2) returning documents to the IRS claiming that the tax assessments are satisfied because they are "Accepted for Value\Returned for Value"; and (3) filling out payment vouchers with his name but not submitting payment. Stanley corruptly endeavored to obstruct the functioning of the IRS by virtue of the same conduct and by submitting a false criminal referral to the Criminal Investigation Division in Fresno, California.

## II. Crimes Charged and Elements

Count One of the Indictment charges Stanley with tax evasion in violation of 26 U.S.C. § 7201. As to the crime of tax evasion charged in Count One, the Government must prove:

> *One*, that there exists a substantial tax deficiency owed by the defendant to the IRS, as charged;
>
> *Two*, the defendant attempted to evade and defeat that additional tax; and
>
> *Three*, the defendant acted willfully.

*Eighth Circuit Jury Instruction 6.26.7201*(2015).

Count Two of the Indictment charges Stanley with corruptly endeavoring to instruct the functioning of the IRS in violation of 26 U.S.C. § 7212. The elements for the crime are as follows:

> *One*, that on or about the dates charged, the defendant did something in an effort to obstruct or impede the due administration of the Internal Revenue laws in the manner charged; and
>
> *Two*, that he did so corruptly.
>
> To act "corruptly" means to act with intent to secure an unlawful advantage or benefit or financial gain either for oneself or for another. The actions need not themselves be illegal.

## III. Stipulations/Business Records

The parties have not agreed to any stipulations and agreements. The Court granted the government's motion for the admission of business records pursuant to Fed. R. Evid. 902(11). (Doc. 53.) The records are primarily bank records for accounts in Mr. Stanley's name.

## IV. Evidentiary Issues

### A. Rule 1006 Summaries

The Government will offer charts which summarize some of the evidence presented at trial. Those charts will include summaries of Mr. Stanley's tax filing history and a summary of significant events in Mr. Stanley's dealings with the IRS. Such charts are admissible in the sound discretion of the trial court. *United States v. Preciado*, 336 F.3d 739, 745 (8th Cir. 2003).

Rule 1006 of the Federal Rules of Evidence governs the admissibility of summary charts, which states:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at [a]

> reasonable time and place. The court may order that they be produced in court.

Fed. R. Evid. 1006.

"Summary charts may be used when they help in understanding testimony already introduced and the preparing witness is subject to cross-examination with all the documents used to prepare the summary." *United Sates v. Wainwright*, 351 F.3d 816, 820-21 (8th Cir. 2003). Charts or summaries may include conclusions, but the conclusions must be based upon evidence in the record. *Id.* at 821. Likewise, bank records may be summarized and admitted at trial as evidence of the defendant's financial condition, which is relevant to a fraud scheme. *Id.*

**B. <u>Testimony of Expert Witnesses</u>**

The United States intends to offer the testimony of Wendell Thomas, Senior Examiner, Supervision Risk Management, Federal Reserve Bank of Kansas City. Mr. Thomas will testify concerning the fake money orders that were submitted by Stanley as "payment" to the IRS. Mr. Thomas will testify concerning the characteristics of what would qualify a money order as a negotiable instrument that would be processed in the United States' banking system.

Under Fed. R. Evid. 702, a qualified witness may testify as an expert, "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The expert's testimony is still admissible even if it "embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. Admission of expert testimony or lay opinion testimony is a matter within the broad discretion of the trial judge that will not be disturbed absent a clear abuse of discretion. *United States v. Daniels*, 723 F.2d 31, 33 (8th Cir. 1983); *see also United States v. Fleishman*, 684 F.2d 1329, 1335 (9th Cir. 1982), *cert. denied*, 103 S. Ct. 464 (1983); *United States v. Freeman*, 514 F.2d 1184, 1191 (10th Cir. 1975).

## V. Conclusion

The United States is unaware of any other issues that might arise during trial. Should there be other issues which unexpectedly arise during the course of trial, the United States will brief the issue as directed by the Court.

Respectfully submitted,
Tammy Dickinson
United States Attorney

By *<u>/s/ Paul S. Becker</u>*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 26, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney