# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Criminal Action No. |
| HAROLD R. STANLEY, | ) | 15-00271-01-CR-W-RK |
| Defendant | ) | |

---

## DEFENDANT'S DEMAND TO DISMISS FOR FRAUD FOR FAILURE TO PRODUCE AN INJURED PARTY

Count 2 of the indictment cites 26 U.S.C. §7212(a) as the basis for that count of the indictment. It reads in relevant part:

> Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title…The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

The intents of the article are clear:

- To deter persons from physically attacking officers or employees of the United States

- To deter persons using threats of force against officers or employees of the United States, or their families.

There is no affidavit from any first party or from any witness on the record alleging force or threats of force by Defendant against any officer or employee of the United States. For this count to be valid, the party or witness must be identified and presented to allow direct examination or cross-examination by the Defendant.[1]

[1] *Crawford v. Washington*, 124 S.Ct. 1354, 541 U.S. 36, 158 L.Ed.2d 177 (U.S. 03/08/2004).
(a) The Confrontation Clause's text does not alone resolve this case, so this Court turns to the Clause's historical background. That history supports two principles. First, the principal evil at which the Clause was directed was the civil-law mode of criminal procedure, particularly the use of ex parte examinations as evidence against the accused. **The Clause's primary object is testimonial hearsay, and interrogations by law enforcement officers fall squarely within that class.** Second, the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination. English authorities and early state cases indicate that this was the common law at the time of the founding. And the "right ... to be confronted with the witnesses against him," Amdt. 6, is most naturally read as a reference to the common-law right of confrontation, admitting only those exceptions established at the time of the founding. See Mattox v. United States, 156 U. S. 237, 243. Pp. 5-21.

(b) This Court's decisions have generally remained faithful to the Confrontation Clause's original meaning. See, e.g., Mattox, supra. Pp. 21-23.
[emphasis added]

This case should be dismissed for fraud upon the Court, for failure to produce an injured party for Count 2 of the indictment.

Respectfully submitted,

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on May 30, 2016 to the CM/ECF system of the United States District Court for the Western District of Missouri.

/s/ *Harold R. Stanley*

Harold R. Stanley, Defendant
P.O. Box 1236
Oologah, Oklahoma [74053-1236]
Telephone: 816-210-5905
E-mail: hstanley@totelcsi.com