**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | Case No. 15-00271-01-CR-W-HFS |

## GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION

The Government submits this supplemental jury instruction in response to the defendant's proposed good-faith instruction. This instruction is Eighth Circuit Pattern Jury Instruction No. 9.08B, and should be given if the defendant produces evidence that he acted in good faith.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By *`/s/ Paul S. Becker`*

Paul S. Becker
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 31, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney

**INSTRUCTION NO. _____**

**9.08B Good Faith (Tax Cases)**

One of the issues in this case is whether the defendant acted in "good faith." "Good faith" is a complete defense to the crime of attempting to evade and defeat any tax, if the defendant did not act willfully, which is an element of the charge. The essence of the good-faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring proof that the defendant acted willfully, that is, voluntarily and intentionally violating a known legal duty.

The phrase "good faith" includes, among other things, an opinion or belief honestly held, even if the opinion is in error or the belief is mistaken, and the intent to perform all lawful obligations. Proof of willfulness requires more than proof that a defendant only misunderstood the requirements of the law, made a mistake in judgment, or was careless. For example, if a person in good faith believes that an income tax return, as prepared by him, truthfully reports the taxable income and allowable deductions of the taxpayer under the Internal Revenue laws, that person cannot be guilty of willfully making and subscribing to a false tax return.

Mere disagreement with the law in and of itself, however, does not constitute a good-faith misunderstanding of the requirements of the law. That is because it is the duty of all persons to obey the law whether or not they agree with it. A person's belief that the tax laws violate his constitutional rights does not constitute a good-faith misunderstanding of the requirements of the law. Also, a person's disagreement with the Government's monetary system and policies does not constitute a good-faith misunderstanding of the requirements of the law.

It is for you to decide whether the defendant acted in good faith—that is, whether he sincerely misunderstood the requirements of the law—or whether the defendant knew the requirements of the law and chose not to comply with those requirements. The Government has

the burden of proving beyond a reasonable doubt that the defendant acted willfully. Evidence that the defendant acted in "good faith" may be considered by you, together with all the other evidence, in determining whether or not he acted willfully.

Plaintiff's Instruction No.
SOURCE: Model Crim. Jury Instr. 8th Cir. 9.08B (2014), Model Crim. Jury Instr. 8th Cir. 9.08B (2014).