UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| vs. | ) | Case No. 15-00271-01-CR-W-RK |
| HAROLD R. STANLEY, Defendant. | ) | |

TRANSCRIPT OF PRETRIAL CONFERENCE
BEFORE THE HONORABLE ROSEANN KETCHMARK
UNITED STATES DISTRICT JUDGE
MAY 19, 2016
KANSAS CITY, MISSOURI

FOR THE PLAINTIFF:
MR. PAUL S. BECKER
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Floor 5
Kansas City, Missouri 64106

FOR THE DEFENDANT:
PRO SE
MR. HAROLD R. STANLEY
P.O. Box 1236
Oologah, Oklahoma 74053

Proceedings recorded by mechanical stenography, transcript produced by computer

KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER
CHARLES EVANS WHITTAKER COURTHOUSE
400 EAST NINTH STREET
KANSAS CITY, MISSOURI 64106

MAY 19, 2016

THE COURT: Good morning.

This morning we're calling Case No. 15-00271, United States vs. Harold R. Stanley.

Will the parties please enter their appearances?

MR. BECKER: United States by Paul S. Becker, Assistant U.S. Attorney.

MR. STANLEY: Harold Stanley representing myself.

THE COURT: I have a list of several items that I want to go over today, and I did read the transcript of this Tuesday's pretrial conference with Judge Hays on May 17th, and I do note that the defendant, either yesterday evening, I believe, or this morning, filed entry of appearances, and on the -- at the hearing on Tuesday the defendant requested to have non-bar assistance, have a next friend, and I do note someone is sitting at counsel table with you, Mr. Stanley; is that correct?

MR. STANLEY: That's correct. Yes.

THE COURT: Who is that?

MR. STANLEY: That is Mr. Weston.

THE COURT: And my ruling regarding that is that since you are at this point appearing pro se, I will only allow you to have assistance at counsel table with you during voir dire, which is the jury selection, because that requires a lot of note-taking and I think that would assist you.

As in all pro se cases, there should be somewhat of a concern when a defendant charged with serious charges elects to proceed to trial without an attorney. I didn't see in the record specifically where this was addressed and you were given any advice or notice of proceeding pro se by a magistrate.

Have you had any discussions regarding your decision to proceed pro se with the magistrates in this case?

MR. STANLEY: There was a fairly long discussion at either the October 13th pretrial or at the September 22nd arraignment. I don't remember which of the two, but there was a fairly long discussion at that time.

THE COURT: And what -- if you could just repeat to me what concerns were given to you by -- was it the magistrate judge? Was it Judge Hays?

MR. STANLEY: Yes. It was Judge Hays, yes.

THE COURT: What -- in your memory what did she advise you or discuss with you regarding your decision to go pro se?

MR. STANLEY: Her main concern seemed to be that I knew that I could follow -- would follow all the rules, make myself familiar with rules of criminal procedure, rules of evidence, and would do my best to comply with all those, which I've attempted to do.

THE COURT: I note that at one point Assistant Federal Public Defender Ronna Holloman-Hughes was appointed to

represent you. Can you tell me about why basically you have elected to go pro se versus having Ronna Holloman-Hughes represent you?

I'm not asking for any attorney-client communications. I'm just wanting to make sure that you knowingly are proceeding in a manner that some may feel is a very dangerous path for a defendant to go on knowing that they'll be held to the same standard as someone who's trained to conduct a criminal jury trial.

MR. STANLEY: My past experiences in being represented by attorneys has been far less than acceptable, and I frankly felt like I was better off doing the best that I could on my own was the judgment call that I made.

THE COURT: And you have a right to proceed pro se, but I do want the trial to go smoothly. I don't want there to be any continuances or a mistrial for any reason.

I have asked -- called -- had my clerk call the Federal Public Defender's Office, and I note that Laine Cardarella is in the courtroom. I assume she came over because of the phone call.

My inclination is -- I can't force you to have an attorney. You don't get an attorney of your choosing unless you pay for that attorney, but I do think that it would be beneficial for you to have what's sometimes called standby or advisory counsel to have someone in the courtroom that is

trained in the law that if you do have, for example, a procedural question, that you could seek advice from a standby counsel in the courtroom, because I will not give you legal advice and the government should not give you legal advice.

What are your thoughts of having standby counsel in the gallery during the jury trial?

MR. STANLEY: So let me make sure that I understand what their role would be. Their role would be similar to what I envision as a next friend and say, At this point you need to do this, but they're not trying to speak for me? Is that an accurate assessment?

THE COURT: It would be someone that if you had a legal question, that you would be able to simply consult with. You would not have to follow their directives or suggestions. I do think that would be in your best interest to have some resource available.

MR. STANLEY: I don't have a problem with that.

THE COURT: And I don't know that -- it's my understanding that Ronna Holloman-Hughes is not available during that week, and I'll let Ms. Cardarella possibly address this issue, and I don't know that we would have anyone from the public defender's office as standby counsel or an adviser. We may have to go to CJA. I'll have to talk with the clerk about having someone in the courtroom.

Ms. Cardarella, can you come to the bar?

MS. LAINE CARDARELLA: Thank you, Judge.

Your Honor, Ms. Holloman-Hughes is out of town the week the case is tried. It is our national conference. I, in fact, will not be here. My concern -- and I was paying close attention to how you described the role that appointed counsel would play.

Sometimes the Court appoints us to be standby counsel ready to step in. If we were appointed in that capacity, then we would have to ask for a different trial setting. I don't think anybody could be ready to step in in just a couple weeks. If we were just, you know, to answer procedural questions, I think we could get somebody to do that; but, again, I think we're going to have a problem with that week. So if it's May 31st, if that's when this is going, I think I would ask you to appoint CJA counsel if it's just an advisory position, just procedural advice. If it's somebody ready to step in, then I don't think anybody could get ready, but I know nobody from my office would be able to get ready.

THE COURT: Thank you.

MS. LAINE CARDARELLA: Thank you, Judge.

THE COURT: Mr. Becker, what is your position regarding this issue?

MR. BECKER: Judge, first of all, Mr. Weston previously entered a motion for entry of appearance, Document 11, which was filed on October 6th of 2015, and the

magistrate judge issued an order on October 9th, 2015, Document 12, sort of addressing this issue of representation saying he had the resources to retain counsel, and then he attempted to have Mr. Weston enter his appearance. The magistrate judge ordered that the motion for entry of appearance is denied because Mr. Weston is not a licensed attorney.

I don't believe that Mr. Weston -- I mean, if the Court wants to allow him during voir dire, I would imagine that's fine; but, otherwise, I don't believe someone who is not a lawyer should not be present before the bar and present before the Court.

Similarly, if the other person who has entered an appearance, Rodney Dale Class, that's Document 99, Mr. Class is not a lawyer. Mr. Class is a convicted felon. He was convicted last year of unlawfully possessing firearms on the grounds of the United States Capitol, and I don't believe that he should be allowed to be present before the Court in any capacity.

I think Mr. Stanley reviewed this situation last fall and made a decision that's how he wants to go forward. I understand the Court's concerns, but I believe Mr. Stanley's made these decisions and has had plenty of opportunity to review them, and he's indicated all along he's ready to go forward until the filings late yesterday afternoon.

THE COURT: Do you have any objection to a -- if the Court is able to find an attorney who is able to sit in the courtroom during trial to serve as an adviser outside the hearing or sight of the jury?

MR. BECKER: No objection, Judge. The magistrate judge did make a finding that based upon the financial information the defendant provided at pretrial, he would not qualify for appointed counsel.

THE COURT: Okay. I missed that. I'm sorry. I was thinking that he did qualify. I apologize for that. That does change the dynamics, Mr. Becker. Thank you for pointing that out.

Mr. Stanley, since you do not qualify for appointed counsel -- I don't know why I thought at one point you were. Ronna Holloman-Hughes was representing you at some time. Did she represent you?

MR. STANLEY: She was present at the arraignment on the 22nd of September, and I believe she was present for a while on October 13th but was excused after our discussion.

I would like to ask one other question when it's acceptable to you.

THE COURT: Go ahead.

MR. STANLEY: I guess I'm -- excuse my failure to stand and address the Court.

I'm a little confused about the next friend

prohibition when plaintiff, the prosecuting attorney, is permitted to be assisted by non-attorneys at counsel table. That's a little confusing to me. And I understand he has 11,000 pages of discovery and probably needs people to help him keep the 11,000 pages straight, and so on, so forth. It doesn't seem completely equitable to me that I can't at least have a friend to look at and say, Am I hearing this correctly?

THE COURT: I think Judge Hays addressed that in her questioning of you whether you had someone who is a certified paralegal, someone with some legal certification, degree, and I think your comments were that neither Mr. Weston nor Mr. Class were attorneys licensed to practice in this court or certified paralegals; is that correct?

MR. STANLEY: Yes. That neither one carry one of those types of certifications. They each have spent about 20 years in the legal arena working with people representing themselves and helping other folks.

And just one other clarification on Mr. Class. That particular case is on appeal right now; and, again, it is a case -- it was a violation of the District of Columbia gun laws that have repeatedly been struck down in the Supreme Court as unconstitutional. So anything that he was arrested on, arraigned on, stood trial for was for a law that has repeatedly been ruled unconstitutional by the United States Supreme Court.

THE COURT: So let's take your filing, Document

No. 99, entry of appearance regarding Mr. Class will be denied. Your filing, Document 100, entry of appearance regarding Mr. Weston will be denied

And at this point I would ask Mr. Weston to take a seat back in the gallery and no longer sit at counsel table.

I do note that on October 9th, 2015, in Document 12 Judge Hays did order that defendant was advised if he did not hire a lawyer, the Court would appoint a lawyer pursuant to the Criminal Justice Act and require the defendant to make payment into the CJA fund. So my question is, if you would like standby counsel or an advisory counsel in the back of the courtroom, I can -- you would need to make payment to the CJA fund. I would continue Judge Hays' order of October 9th, 2015.

Do you know at this point what your decision is?

MR. STANLEY: Frankly, Your Honor, I hadn't contemplated that as being an issue this morning, so I apologize that I have not thought that through ahead of time.

THE COURT: Then let me give you time to think about that and by close of business tomorrow, Friday, at five o'clock, let's give you 24 hours to contemplate that, and if you do want the Court to appoint a lawyer, I will do that, but you will need to make payment to the CJA fund.

MR. STANLEY: All right. Thank you, Your Honor.

THE COURT: You would not -- I'll leave that at that.

Regarding assistance during voir dire, you can select anyone of your choosing. They do not need to be an attorney or certified paralegal. They cannot be a witness in the case. They also cannot approach the bench if we have a conference regarding any issues and they cannot speak.

Are there any other parameters, Mr. Becker, that the Court should discuss regarding having a next friend at counsel table during voir dire?

MR. BECKER: No, Judge. I believe the person should probably not wear the private attorney general logos. I don't know who is going to be at counsel table with the defendant.

THE COURT: That's a good point that they need to be dressed appropriately and with no logos or such.

I also noted in the pretrial conference before Judge Hays the issue was brought up that some of the witnesses may testify longer than the time allotment set forth in the general rules of trial, and the Court will be flexible as long as the witnesses are not repeating themselves and that the case is moving forward with relevant information. So those time allotments will be extended as need be.

Let's turn to the motions in limine, Document 27, defendant's motion in limine to suppress evidence, and I note that that was -- the main objection was documents outside the time period alleged in the indictment, and I've read government's response that it was preliminarily -- it was

prematurely filed, and the defendant then filed a second motion in limine, which, I believe, Document 88 that specifically addresses objections to specific exhibits listed by the government, and I have heard the government's response -- I have read the government's response to the motion in limine in which the government agrees to not offer 27 listed exhibits on page 2 of the government's filing, which is Document 92.

Regarding -- Mr. Stanley, regarding the government's response, Document 92, have you had sufficient time to review the government's response?

MR. STANLEY: Yes. That would be the government's response and felt like it was fairly reasonable.

THE COURT: So the parameters set forth in the government's response, you have no objections to those parameters as laid out in the government's response in that they will not offer the 27 exhibits and then gave the specific reasoning why the other exhibits were potentially relevant and admissible at this point?

MR. STANLEY: Yes. I believe at the previous hearing we still indicated -- I mean, it doesn't prejudice my right to raise objections at trial if needed.

THE COURT: Exactly. So for purposes of the record, the defendant's motion in limine, Docket 27, will be denied. Defendant's motion, Document 88, motion in limine, will be denied. And the defendant still retains all ability to make

specific objections during trial.

Anything else regarding those two motions, Mr. Becker?

MR. BECKER: Nothing from the government, Judge.

THE COURT: Let's move to government's motion in limine, Document 52, government's motion in limine to exclude certain exhibits and limit certain testimony. I can tell the parties that my basic parameters throughout this trial will be -- let me tell you what you will not be allowed to do, and let me tell you what you will be allowed to do, Mr. Stanley.

You will not be allowed to argue or present evidence regarding two things. No. 1, what the law is; and, No. 2, what the law ought to be. You will be allowed to testify, if you choose, as to what you believed the law to be and why you had such belief.

Items -- in conjunction with that, items that you reviewed or read or discussions with others that formed your belief, you will be allowed to let the jury know. I will also extend that if you have books that you relied on, videos, YouTube videos, you would be able to briefly explain, I watched videos and they advised me this.

I will allow those items to be admitted for the limited purpose of allowing you to, for example, show a book to the jury, I read this book. The book, however, would not be admitted into evidence to go back to the jury or for the jury

to peruse.

What you may have believed the law to be has relevance, but the materials that you relied on would be confusing, misleading, and they would not be allowed to be admitted. So those are the basic ground rules for the trial.

Mr. Becker, do you have any comment regarding those basic ground rules?

MR. BECKER: Judge, the government would like to have notice of any items that might be -- the defendant may cite in support of his beliefs. We do have a list of YouTube videos, but there's been no -- and there's some discussion in his pleadings that he would go back to the constitution and the laws, and so forth, to support his beliefs, but there's been no items specified by the defendant that he relied upon this book or this treatise or this newspaper story or anything as described by the Court. If any items were to be displayed to the jury, we'd like some prior notice of that so we would have an opportunity to investigate those things.

THE COURT: And I think I might be able to clarify. He can -- the defendant, I will allow him to perhaps show a book and maybe a title of the book. No videos will be played. No reading from the books will be admissible. No testimony regarding what -- if the UCC constitutes some interpretation of the law. He can interpret the law. He can explain what his belief of what the law is and why and no further than that.

Does that clarify your concern?

MR. BECKER: It does. I would like to be able to cross-examine if the defendant were to show a book and say, I relied on this book. I'd like to be able to have some prior notice of that, therefore, I could say, Well, that book has been shown to be nonsense and here's why to cross-examine the defendant or call a rebuttal witness.

THE COURT: That's fair. He would need to -- Mr. Stanley, if you have any exhibits, you must show those to the government so they can have cross-examination ability of those items.

MR. STANLEY: Just a clarification. Show them -- okay. They want a list of anything that I might hold up in front of a jury?

THE COURT: You need to show them the actual item. For example, if you have a book that you want to show the jury, the forward in that book may say, This book is not intended to be a statement of the law. That would be fair grounds for the government to cross-examine you, that you were specifically told that that is not to be used as an explanation of the law. I'm just giving an example. So they would need the ability to look and peruse that book and see what that book says, research that book, or what they may need to fairly do in preparation of their cross-examination.

MR. STANLEY: Okay. Thank you, Your Honor.

THE COURT: Does that answer your concern, Mr. Becker?

MR. BECKER: Yes. Just nothing on the defendant's exhibit list beyond, I guess, the Tommy Cryer memo would really match the description the Court's outlined. So if there is any further material -- I mean, the rest of the materials are the sort of materials that Mr. Stanley created; and so if there are any additional materials, we'd like to have notice of that as soon as possible.

THE COURT: Just so we're clear regarding exhibits, all exhibits must be shown to the government ahead of time. If you have any exhibits that the government hasn't seen, I will not allow you to utilize those in any way in the courtroom if you haven't brought that to their attention. If you plan to do that, you must come to the bench outside the hearing of the jury and advise us if there's some item that you want -- new item, it probably won't be allowed, but you need to bring that to the Court's attention so we can review that to see if there is any objection.

Regarding the government's motion in limine of self-serving hearsay, that will be granted regarding -- you're not allowed to create documents just to show the jury. I don't know if that's your intention or not. A lot of these items I am not able to make a ruling until we actually get into trial. The only information I have about this case is the filings that

the parties have made. So some of these are just too premature for me to make a ruling. So I'm only able to give parameters of categories at this point.

So I'm not able to rule on government's motion in limine, Document 52, at this point outside of the parameters that I've just advised.

Regarding government's motion in limine, Document 86, government's second motion in limine to exclude certain exhibits and limit certain testimony, the government specifically lists Carl Weston -- well, there were three witnesses; Weston, Class, and Agent Littrell. Let me take up Weston and Class first. I at this point don't see how their testimony would be relevant. You may testify as to how they advised you or what they advised you, but it is misleading and confusing to have them testify in duplicate beyond that. I would be -- I would allow you to make a proffer on Tuesday morning before we select the jury if you want to. If you think that that ruling is in error, you can make a proffer. Do you know what a proffer is, Mr. Stanley?

MR. STANLEY: I will have to admit I do not.

THE COURT: You can outside the hearing of the jury -- we could begin on Tuesday morning early. You could have those witnesses come in and you can put on the record what you expect their testimony to be so that we can -- I can confirm that my ruling is correct in denying them as witnesses.

So if I need to change my mind, I can do that. But at this point I don't see how their testimony would be admissible. Do you understand that?

MR. STANLEY: I believe I do, Your Honor.

THE COURT: Okay. So if you could have Mr. Weston and Mr. Class available or anything else that you want to proffer that I have at this preliminary point ruled that is not admissible, if you want to make any type of proffer for the record, please be prepared to do that on Tuesday morning.

Regarding Document 53, government's notice of intention to use certified records of regularly conducted activity pursuant to Federal Rules of Evidence 902.

MR. BECKER: Judge, I'm sorry. If I may just go back to the government's second motion in limine. The category of witnesses listed by the defendant as testimony from the public domain, is there a ruling on the defendant offering testimony by YouTube video?

THE COURT: As to showing YouTube videos, the government's motion is granted. I've already mentioned that you are not able to play videos unless you can establish foundation and relevancy, and at this point I don't see either.

Anything else, Mr. Becker?

MR. BECKER: Nothing, Judge. Thank you.

THE COURT: So back to Document 53, certified records of regularly conducted activity, I am assuming that Mr.

Becker has those documents in order with those certifications. And I'll have to rule on that as I see it, but I will anticipate those will be in order and those will be admissible and you will not have to call in witnesses as to the foundation of those.

MR. BECKER: Thank you, Judge.

I believe we made some progress on that at the pretrial conference the other day. Mr. Stanley agreed that the records custodians need not be called to lay the foundation but he would still be allowed to object based on what he considered to be relevance and other evidentiary issues.

THE COURT: Exactly. Do you want to be heard?

MR. STANLEY: Please. With one clarification that the Cass County recorder's documents, which at this time the government is not planning to offer evidence.

MR. BECKER: That's correct.

MR. STANLEY: That was the one exception.

THE COURT: But the government does have the -- can utilize the Federal Rules of Evidence in a mechanism that allows for Cass County records if they so choose and they have proper foundation. This is just for the admission of records pursuant to Federal Rules of Evidence 902(11) and 803(6). So it's just a little different. I don't know that you even need him to agree to that or not.

MR. BECKER: That's why I filed the motion.

THE COURT: You need to file a motion. You've done everything correctly. And you did need to file that motion, and that is granted pursuant to a showing that those records have the requisite certification.

That is the only filed motions in limine that I have noted. I do see that the defendant may have filed a revised exhibit list since the May 17 -- or just prior to the May 17th hearing in which Mr. Becker did not have an opportunity to review those exhibits to determine if he had any objections to them or not.

Mr. Becker, have you had a chance to review those at this point?

MR. BECKER: I have not, Judge. I apologize. I have not looked at those. I did look at the Social Security statement. There's some redactions from it I noted, and we'd like to look at the original document without redactions. I have not pulled up the statutes that Mr. Stanley quoted. They haven't been printed out yet. The IRS Handbook, Defendant's Exhibit 23, is several hundred pages of the handbook of 1982, and I imagine it's for use of cross-examination of the agent, and we'll, I guess, cross that bridge when we get to it.

THE COURT: Mr. Stanley, do you have any questions regarding today's rulings or do you have other issues that you want to take up today?

MR. STANLEY: I don't believe I have any other

issues today.

THE COURT: Let me ask you, I know that Judge Hays did mention or ask a question whether this case could be resolved short of trial and you possibly were going to speak to Mr. Becker about that. You're both here today in a trial posture. Am I correct that you did not reach a resolution short of trial?

MR. STANLEY: We haven't reached anything.

MR. BECKER: The government sent Mr. Stanley a letter outlining the possible dispositions, and there's no response at this point.

THE COURT: Without telling me the contents of that letter, did you receive that letter that he spoke of?

MR. STANLEY: Yes, I did receive the letter and reviewed it, but he is correct. I have not attempted to make any response to it yet.

THE COURT: Do you intend to?

MR. STANLEY: Well, I'll certainly give him the courtesy of saying, no, this is not something that I can work with. I will give him that courtesy. He set a deadline of, I believe, Tuesday, the 24th, for replying to it. So I will reply to him in some fashion before the 24th. I won't just leave it open.

THE COURT: Thank you, Mr. Stanley. And my only issue is that if this case were to be disposed of short of

trial, the earlier the better because bringing in all of the folks from the community is very expensive and a hardship on the community; and so if this is to be resolved, if you could make a decision and follow the parameters of that letter.

That is all that I had on my agenda for today.

Mr. Becker, do you have any other issues or concerns that we should discuss?

MR. BECKER: No, Judge, I believe that covers it.

THE COURT: Let's then talk about -- we will begin on Tuesday, May 31st, after a holiday weekend. What is your preference -- I'll ask both parties -- Mr. Becker, as to start time if there is to be a proffer before voir dire?

MR. BECKER: I'm available any time the Court wants to start on Tuesday morning. We're ready, the witnesses are prepped, so whatever time is convenient for the Court.

THE COURT: Mr. Stanley, do you at this point plan to take advantage of making a proffer on Tuesday morning?

MR. STANLEY: Yes, I'm sure I'll want to take advantage of that, and any time that's convenient for the Court is fine with me.

THE COURT: I would be inclined to at least allow you an hour, from eight to nine. Let me check with my clerk. Is anyone opposed to beginning at eight o'clock with the proffer?

MR. BECKER: No, Your Honor.

MR. STANLEY: That would be fine, Your Honor.

THE COURT: Okay. And allowing an hour with anticipating voir dire to begin at nine o'clock.

Ms. Moore, are there other housekeeping matters that we can advise, especially Mr. Stanley who may not be familiar with the procedures?

THE COURTROOM DEPUTY: Not at this time.

THE COURT: And will you have a seating chart available for him to utilize and two seating charts for Mr. Stanley?

THE COURTROOM DEPUTY: We will, yes.

THE COURT: And, Mr. Stanley, I don't know if you heard that the Court will on Tuesday morning have seating charts when we fill in the courtroom with the venirepersons so that you are able to take notes and your assistant can take notes.

Anything else, Mr. Becker?

MR. BECKER: Nothing from the government, Judge.

THE COURT: Anything, Mr. Stanley?

MR. STANLEY: Nothing else, Your Honor.

THE COURT: Very well. We'll be in recess.

(Adjournment)

CERTIFICATE OF OFFICIAL REPORTER

I, Katherine A. Calvert, Federal Official Court Reporter, in and for the United States District Court for the Western District of Missouri, do hereby certify that the foregoing is a true and correct transcript of the stenographically reported proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. HAROLD R. STANLEY, Defendant, No. 15-00271-01-CR-W-RK.

Dated this 23rd day of June, 2016.

_______________________________
KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER