IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD R. STANLEY,<br><br>Defendant. | No. 15-00271-01-CR-W-RK |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its undersigned counsel, files its sentencing memorandum in the above-described cause. This memorandum will review the charged conduct, tax years 2005 through 2009; relevant conduct in the defendant's tax evasion in tax years 2010 through 2015; the sentencing guideline calculations including the enhancement for obstruction of justice; and the factors under 18 U.S.C. § 3553(a) as applied to this case. The government recommends a sentence of 60-months imprisonment in order to deter the defendant from his ongoing tax evasion and to deter others who "believe" that they do not have to pay federal income taxes.

**Procedural Background**

On August 25, 2015, the grand jury returned an indictment charging Harold Stanley with attempting to evade payment of his income taxes and attempting to interfere with the administration of the internal revenue laws, in violation of 26 U.S.C. §§ 7201 and 7212(a). (DCD 1.)[1] On August 15, 2015, Stanley was arrested and made his first appearance in the

[1] "Crim. DCD" refers to the district court criminal docket.

Northern District of Oklahoma. (DCD 3, 4.) On June 2, 2016, Stanley was found guilty of both counts after a three-day jury trial. (DCD 130.) A sentencing hearing has been set for this case on November 16, 2016. (DCD 148.)

## I. Charged Conduct and Relevant Conduct by the Defendant

The Indictment charged Harold Stanley with tax evasion for years 2005 through 2009, and with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws. The evidence established that after decades of being an employee receiving wages subject to withholding (a W-2 employee), Stanley became a self-employed individual and a tax deifier in December 2004. In 2005, Stanley worked as an electrical engineering consultant and was paid wages and business expenses subject to reporting to the Internal Revenue Service (IRS) by a Form 1099. Stanley failed to file any tax returns for tax years 2005 and 2006. The IRS prepared Substitute for Returns for those tax years. In 2007, 2008, and 2009, Stanley filed substantially correct returns but left the tax due line entirely blank and failed to submit any payment. Thereafter, Stanley has not filed a tax return for tax years 2010 through 2015.

Stanley received an electrical engineering degree from the University of Missouri and was employed in 2005 through 2009 by several companies as a consultant. Those companies included Mid-America Consultants located in Overland Park, Kansas; Industrial Project Management located in Prairie Village, Kansas; Freedom Electric located in Garden City, Kansas; Bio Pappel (formerly McKinley Paper Company) located in Albuquerque, New Mexico; and Tri-State G & T, located in Prewitt, New Mexico.

In tax years 2005 through 2009, Stanley had taxable income of $686,829. The criminal tax loss for the 2005 through 2009 years is $259,900. The tax loss, including relevant conduct, for 2005 through 2015 is as follows:

| Year | Gross Income | Taxable Income | Tax Due & Owing per RAR[2] | Amount per IRS 10/25/16[3] | Amount Owed for Sentencing (greater of RAR or IRS) |
|---|---|---|---|---|---|
| 2005 | $90,909.96 | $ 69,575.00 | $25,431.00 | $75,353.96 | $75,353.96 |
| 2006 | $208,395.76 | $139,035.00 | $51,682.00 | $149,275.43 | $149,275.43 |
| 2007 | $152,533.59 | $97,862.00 | $37,049.00 | $76,944.35 | $76,944.35 |
| 2008 | $272,484.43 | $196,843.00 | $73,198.00 | $113,756.96 | $113,756.96 |
| 2009 | $247,280.87 | $193,514.00 | $72,540.00 | $143,264.95 | $143,264.95 |
| 2010 | $225,406.80 | $173,535.00 | $65,254.00 | $103,054.73 | $103,054.73 |
| 2011 | $170,950.58 | $124,652.00 | $44,854.00 | $73,312.73 | $73,312.73 |
| 2012 | $222,011.62 | $163,838.00 | $58,939.00 | $ - | $58,939.00 |
| 2013 | $166,030.63 | $133,994.00 | $50,825.00 | $ - | $50,825.00 |
| 2014 | $215,015.00 | $197,163.00 | $73,944.00 | $ - | $73,944.00 |
| 2015 | $184,614.00 | $162,249.00 | $61,354.00 | $ - | $61,354.00 |
| **Totals** | **$2,155,633.24** | **$1,652,260.00** | **$615,070.00** | **$734,963.11** | **$980,025.11** |

The evidence established that Stanley evaded payment for 2005 through 2009 tax years by (1) submitting fake money orders; (2) returning documents to the IRS claiming that the tax assessments are satisfied because they are "Accepted for Value\Returned for Value"; and (3) filling out payment vouchers with his name but not submitting payment. Stanley corruptly endeavored to obstruct the functioning of the IRS by virtue of the same conduct and by submitting a false criminal referral to the Criminal Investigation Division in Fresno, California.

## II. Sentencing Guideline Analysis

### A. Tax Loss Calculation

The offense level is determined by USSG § 2T.1.1, Tax Evasion. The base offense level is determined by the tax loss. "If the offense involved willful failure to pay tax, the tax loss is

[2] Revenue Agent Report, Trial Ex. 18 (2005-2009), and an exhibit containing the 2010-2015 tax recalculations to be introduced at the Sentencing Hearing.

[3] The amount from the IRS includes penalty and interest in addition to the tax loss.

the amount of tax that the taxpayer owed and did not pay." USSG § 2T1.1(c)(3). "The tax loss does not include interest or penalties, except in willful evasion of payment cases under 26 U.S.C. § 7201." USSG § 2T.1.1, comment. (n. 1). In this case, the defendant was convicted of willful evasion of payment under § 7201 and therefore the penalty and interest amounts are included in the loss calculation.

As set forth in the chart above, the defendant's tax due and owing including penalty and interest for the charged conduct, 2005 through 2009, is $556,595.65. Including the relevant conduct years of 2010 through 2015, the total amount of tax due and owing is $980,025.11. "Relevant conduct for sentencing is viewed broadly: 'in determining the total tax loss attributable to the offense . . ., all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated'". *United States v. Aldrich*, 561 F.3d 759, 767 (8th Cir. 2009) (quoting *United States v. Ervasti*, 201 F.3d 1029, 1042 (8th Cir. 2000).

"The Government has the burden at sentencing to prove fact-intensive issues such as tax loss by a preponderance of the evidence." *United States v. Tucker*, 217 F.3d 960, 961 (8th Cir. 2000). At the sentencing hearing, IRS Revenue Agent Janice Willard will testify concerning the tax calculations for tax years 2010 through 2015. Based upon a tax loss of $980,025.11, the offense level is level 20. USSG § 2T4.1(H).

B. Obstruction of Justice

The PSR assessed a 2 level enhancement because the defendant willfully obstructed or impeded the administration of justice. (PSR 24.) USSG § 3C1.1 provides, in pertinent part, that:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct . . ., increase the offense by 2 levels.

The government must prove the obstruction by a preponderance of the evidence. *United States v. Keeble*, 2016 WL 4056059 (8th Cir. July 29, 2016) "Obstructive conduct can vary widely in nature, degree of planning, and seriousness." USSG § 3C1.1, comment. (n. 3).

In this case, after his arrest, the defendant filed a civil suit against the Commissioner of Internal Revenue, an employee of the IRS, and the Assistant United States Attorney. On July 22, 2016, the District Court dismissed the case with prejudice[4]. The court wrote that "by filing his complaint in this court, Mr. Stanley attempted to throw a wrench into his criminal proceedings in the Western District of Missouri and re-present the same arguments that he had previously and unsuccessfully litigated in other federal courts including the United States Tax Court, the Western District of Missouri, and the Eighth Circuit Court of Appeals." (Order at 17-18.)

On June 9, 2016, after the verdict in this case, a claim for damages was filed on behalf of the defendant alleging that "Chief Magistrate Judge Sarah W. Hayes, Judge Roseann A. Ketchmark & District Attorney Paul Becker trying to collect an IRS debt in violation of 18 USC section 8 and when the 26 CFR states its voluntary and a civil action not criminal." The claim for damages alleges personal injury in the amount of $55,000,000.

These actions by the defendant were a willful attempt to obstruct the administration of justice in this case. Additionally, the defendant was convicted of attempting to interfere with the administration of the internal revenue laws by filing fabricated documents as purported payment

[4] A copy of the opinion and order of the District Court for the Northern District of Oklahoma is attached as Ex. A.

for his outstanding tax obligations. Therefore, the presentence report properly assessed a two-level enhancement for obstruction of justice.

## III. Sentencing Analysis

As this Court is aware, 18 U.S.C. § 3553(a) sets forth the factors to be considered in determining an appropriate sentence. This statute provides:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed—
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the defendant; and
>
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
>
> **(4)** the kinds of sentence and the sentencing range established for--
>
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>
> **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet

to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

In evaluating the appropriate sentence for this defendant, the United States would note the following:

**Nature of the offense**: The defendant was convicted of attempting to evade payment of federal income tax, in violation of 26 U.S.C. § 7201; and Count Two – attempting to interfere with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). In this case, it is the tax loss and the relevant conduct, which determines the sentencing guideline range. The total tax loss is approximately $1,000,000. The evidence established that the defendant had a substantial income but deliberately and willfully refused to pay any federal income tax.

**The history and characteristics of the defendant:** As set forth in the PSR, the defendant has no criminal history and, aside from his tax evasion, has been a productive and law-abiding citizen.

**Seriousness of the offense, Deterrence, Protection and Rehabilitation:** Beyond doubt these are serious offenses as detailed above and there is a need to deter others from committing these offenses. The defendant has participated in groups that believe that the Federal income tax system is voluntary and that they do not have to pay their fair share. It is important that the defendant's sentence act as a deterrence to those who are so-called "sovereign citizens" or tax deifiers.

**Sentencing:**

As noted by the Court in *United States v. Anderson*, 664 F.3d 758, 764 -765 (8th Cir. 2012), the analysis for reviewing the reasonableness of a sentence is well-settled:

> We review substantive reasonableness for an abuse of discretion, "'tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L.Ed.2d 445 (2007)). If a sentence is outside of the Guidelines range, "we 'may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* at 461–62 (quoting *Gall*, 552 U.S. at 51, 128 S. Ct. 586). "Just because we 'might reasonably have concluded that a different

> sentence was appropriate is insufficient to justify reversal of the district court.'" *Id.* at 462 (quoting *Gall*, 552 U.S. at 51, 128 S. Ct. 586). "'[I]t will be the unusual case when we reverse a district court sentence ... as substantively unreasonable.'" *Id* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

As noted by Judge Colloton in his concurrence in *United States v. Burman*, 666 F.3d 1113, 1120 (8th Cir. 2012) *citing*, *Gall v. United States*, 552 U.S. 38, 50-51, 128 S. Ct. 586 (2007), the "proper measure of reasonableness under § 3553(a) is not whether the *variance* from an advisory guideline range is reasonable, but whether the *ultimate sentence* is reasonable in light of the § 3553(a) factors taken as a whole."

The issue presented to the Court then is what sentence is reasonable given the defendant's history of tax ongoing defiance, and the need to deter others who would engage in such conduct. The United States suggests that a reasonable sentence would be 60 months, above the applicable guideline range of 41 to 51 months.

Clearly, the decades long actions by the IRS have not impressed upon the defendant the seriousness of his conduct or convinced him to stop his ongoing tax evasion. The United States suggests that a 60 month sentence as recommended would deter the defendant and send a message to others that this tax defiance is unlawful and will be dealt with seriously by the United States District Court.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By: */s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 1, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to the defendant and all counsel of record.

Harold R. Stanley
3705 Big Sky Lane
Talala, Oklahoma 74080

*/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney